**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

(619) 557-5620                                                                FAX: (619) 557-5536

FILED

08 FEB 20 PM 2:47

**TRANSMITTAL OF BANKRUPTCY MATTERS**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____   DEPUTY

| | |
|---|---|
| [ x ] | CASE NO. 01-10222-M7 |
| [ x ] | ADV. NO. 06-90433 |
| [ x ] | USDC NO. 08cv256 LAB-AJB |

TO:    CLERK, UNITED STATES DISTRICT COURT

The attached is forwarded for your disposition as indicated below:

[  ]   A.  For Assignment of Judge (no judge previously assigned):
    [  ]   Motion for Stay Pending Appeal
    [  ]   Motion for Leave to Appeal
    [  ]   Motion for Withdrawal of Reference of Bankruptcy case
    [  ]   Motion/Certificate of Contempt
    [  ]   Motion for Abstention and Remand

[  ]   B.  For Assignment of Judge and Case Number by Clerk's Office:
    [  ]   Transmittal of Withdrawal of Reference of Adversary Proceedings (Complaints)

[  ]   C.  For Transmittal to Judge _____
    Matter previously assigned to a related matter.  Your Case Number _____

[ X ]   D.  For Filing:
    [  ]   Matter previously assigned.  Your Case Number 08CV256 LAB-AJB
    [  ]   Transmittal of Record on Appeal
    [  ]   Transmittal of Unperfected Appeal
    [ X ]   Transmittal of Appellee's Index and Additional Items of Record on Appeal
    [  ]   Other:

Please return a copy of this transmittal sheet to the Bankruptcy Court indicating the Judge assigned and Case Number, if any assigned.

JUDGE N/A _____    CIV. NO. N/A _____

Thank you.

DATED:2/20/08

                          Barry K. Lander, Clerk

                          By: _____, Deputy Clerk

ORIGINAL

CSD 1259

1  William P. Fennell, Esq. (#164210)
   Tracy L. Schimelfenig, Esq. (#243714)
2  Law Office of William P.Fennell, APLC
   1111 Sixth Avenue, Suite 404
3  San Diego, CA 92101
   Telephone (619) 325-1560
4  Facsimile (619) 325-1558

5  Attorneys for James L. Kennedy, Chapter 7 Trustee, Appellee

ENTERED _____
FILED
FEB 19 2008
CLERK U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

6

7

8            UNITED STATES BANKRUPTCY COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re                              ) Case No. 02-10222-M7

12  ROLAND PAUL DAIGLE (SSN-3341),     ) Adversary No. 06-90433-JM

13          Debtor.                    ) Bk Appeal No. 1
    _____ ) INDEX OF APPELLEE'S
14  ROLAND PAUL DAIGLE, an individual;  ) DESIGNATION OF ADDITIONAL
    AUDREY A. DAIGLE, an individual and ) ITEMS ON APPEAL
15  as Trustee of REAL ESTATE TRUST     )
                                        )
16                                      )
               Appellants,             )
17                                      )
    v.                                  )
18                                      )
19  JAMES L. KENNEDY, Chapter 7 Trustee, )
                                        )
20                                      )
               Appellee.               )
21  _____ )

| No. | Description |
|-----|-------------|
| 1.  | Attachment: # 1 Memorandum of Points and Authorities in Support of Motion for Leave to File Amended Complaint |
| 2.  | Attachment: # 2 Declaration of William P. Fennell in Support of Motion for Leave to File First Amended Complaint |
| 3.  | Attachment: # 3 Declaration of James L. Kennedy, Chapter 7 Trustee, in Support of Motion for Leave to File First Amended Complaint |

| 4. | Notice of Motion and Hearing with Certificate of Service Re Motion for Summary Judgment or Alternatively Summary Adjudication filed by William P. Fennell of Law Office of William P. Fennell, APLC on behalf of James L. Kennedy. |
|---|---|
| 5. | Trustee's Evidentiary Objections in Support of Motion for Summary Judgment, or Alternatively Summary Adjudication |

1

2

3

4   William P. Fennell, Esq. (#164210)
    Tracy L. Schimelfenig, Esq. (#243714)
5   Law Office of William P. Fennell, APLC
    600 W Broadway, Suite 930
6   San Diego, CA 92101
    Telephone (619) 325-1560
7   Facsimile (619) 325-1559

8   Attorneys for James L. Kennedy, Chapter 7 Trustee

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **SOUTHERN DISTRICT OF CALIFORNIA**

12
    In re                               )Case No. 02-10222-M7
13                                       )
    ROLAND PAUL DAIGLE (SSN-3341),       )Adversary No. 06-90433-JM
14                                       )
                    Debtor.              )
15   _____     )**MEMORANDUM OF POINTS AND**
                                         )**AUTHORITIES IN SUPPORT OF**
16   JAMES L. KENNEDY, Chapter 7 Trustee,)**MOTION FOR LEAVE TO FILE**
                                         )**AMENDED COMPLAINT**
17                                       )
                    Plaintiff,           )Date: June 22, 2007
18   v.                                  )Time: 10:30 a.m.
                                         )Dept: One (1)
19   ROLAND PAUL DAIGLE, an individual;  )Judge: Hon. James W. Meyers
    AUDREY A. DAIGLE, an individual and  )
20   as Trustee of REAL ESTATE TRUST;    )
    ROBERT M. CARUSO, an individual; and )
21   NAYDIA E. CARUSO, an individual;    )
                                         )
22                  Defendants.          )
                                         )
23   _____     )

24          Plaintiff, James L. Kennedy, ("Plaintiff") Chapter 7 Trustee brings this Motion for

25   Leave to File an Amended Complaint as follows:

26                      **I. STATEMENT OF FACTS**

27          On or about October 18, 2002, debtor, Roland Paul Daigle ("Debtor") filed for relief

28   pursuant to the provisions of Chapter 7 of Title 11, of the United States Bankruptcy Code,

    20070525 DAIG Ps & As re mot for leave to file amended Cmpt.wpd

1  Southern District of California. On or about that same date, Plaintiff was appointed, and is

2  the duly authorized representative of the Bankruptcy Estate pursuant to section 704 of the

3  Bankruptcy Code.

4       On or about October 27, 2006, Plaintiff filed a complaint ("Complaint") for

5  declaratory relief; post-petition transfer; accounting; and turnover against Debtor, Debtor's

6  wife Audrey A. Daigle, ("A. Daigle"), individually and as trustee of the Real Estate Trust

7  (the "Trust"), and co-owners of the real property that is the subject of Trustee's claims,

8  Robert M. Caruso ("R. Caruso") and Naydia E. Caruso ("N. Caruso"). R. Caruso and N.

9  Caruso are collectively referred to herein as the "Carusos". Debtor and A. Daigle,

10 individually and as trustee of the Trust, are collectively referred to herein as the "Daigles".

11 The Daigles filed an answer to the Complaint on December 7, 2006. The Carusos filed an

12 answer to the Complaint on January 4, 2007. The Plaintiff seeks leave to file an amended

13 complaint to add two additional causes of action, i.e., avoidance of fraudulent transfer[1];, as

14 against the Daigles and a claim pursuant to 11 U.S.C. § 363(h) for authority to sell real

15 property.

16                          **II. ARGUMENT**

17 **A.    Leave to Amend is Freely Granted**

18       Federal Rule of Civil Procedure, Rule 15, applicable to the bankruptcy court pursuant

19 to Federal Rule of Bankruptcy Procedure, Rule 7015 states that a party may amend its

20 pleadings by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a).

21 "Leave shall be freely given when justice so requires" and refusal should be placed on some

22 valid ground. Fed. R. Civ. P. 15(a); *Forman v. Davis*, 371 U.S. 178 (1962); *In re Gunn*, 111

23 B.R. 291, 292 (Bankr. 9th Cir. 1990), citing, *In re Zupancic*, 38 B.R.754, 761 (9th Cir. BAP

24 1984); 4 Collier on Bankruptcy para. 727.14[4], at 727-98 (15th ed. 1989). The allowance

25

26

27

---

28       [1] Trustee is adding three **alternative claims** for fraudulent transfer, one based upon 11 USC § 548, and two others based on the fraudulent transfer laws of California and Connecticut. Trustee contends that judgment will be based upon only one fraudulent transfer claim for relief.

1   or denial of amendments of pleadings under Bankruptcy Rule 7015 and Federal Rule of

2   Civil Procedure 15 lies generally in the discretion of the trial court.

3         In deciding whether to grant a motion to amend, the court must consider the

4   following:   bad faith, undue delay, prejudice to the opposing party, futility of the

5   amendment, and whether the party has previously amended his pleadings. *McCrary v.*

6   *Barrack (In re Barrack),* 217 B.R. 598, 608 (Bankr. 9th Cir. 1998), citing, *Western Shoshone*

7   *Nat'l Council v. Molini,* 951 F.2d 200, 204 (9th Cir. 1991), *cert. denied,* 506 U.S. 822

8   (1992). Here, weighing these factors, warrants allowing Plaintiff to amend the Complaint.

9   Therefore, this court should grant the Trustee's motion and allow him to file the amended

10   complaint.

11        In the present case, justice requires that this Court grant Plaintiff leave to amend for

12   several reasons. By granting Plaintiff's motion for leave to amend, this Court will be

13   deciding this case on a more complete record of the merits of the Plaintiff's position, thereby

14   furthering the goals of justice and efficiency. Plaintiff has not previously filed an

15   amendment.  There has been no bad faith or undue delay on the part of the Plaintiff in the

16   preparation of filing the amended complaint and this motion is specifically brought at this

17   time to avoid this argument by any of the Defendants at a later date. There has not been and

18   there will not be any delay by allowing the proposed amendment to add additional causes,

19   which arise out of the same set of facts.

20        Additionally, the timing of Plaintiff's motion is appropriate.  In fact as of the date

21   of this motion, the Defendants have not propounded formal discovery.  Trustee has

22   propounded discovery on the Daigles and understands from the Carusos that they are

23   preparing to provide Trustee with accounting documents on an informal discovery basis.

24   Further, the Trustee does not intend to conduct vigorous discovery or other action to

25   vigorously litigate claims under section 363(h) against the Carusos until such time as there

26   has been a judicial determination of the estate's/Trustee's interest in the Real Property as

27   to the Daigles. However, the Trustee believes that the motion for leave to amend to add the

28   claim under section 363(h) at this time is proper so that all of the parties to the matter

3                                       20070525 DAIG Ps & As re mot for leave to file amended Cmpt.wpd

1   understand the Trustee's claims and intentions with regard to ultimate disposition of the

2   Real Property.  Either by order of the court or agreement of the parties claims against the

3   Daigles can be resolved first and those claims against the Carusos can later be resolved.

4   There will be no prejudice in the discovery process by granting the motion in its entirety at

5   this time.

6       It would be unjust to bar Plaintiff from presenting the evidence supporting his

7   additional causes of action at this time by not permitting him to amend the pleadings.  The

8   amendment is needed so that all the claims of the parties are before the court and can be

9   considered at one time.  The portions of the Complaint to which the Defendants have

10  already responded to will remain unchanged. The Trustee seeks to add two causes of action,

11  one for avoidance of fraudulent conveyance and one for authority to sell real property

12  pursuant to 11 U.S.C. §363(h).  The Trustee has determined that these additional claims are

13  necessary in light of defenses advanced by the Defendants during informal discovery

14  conducted to date.  None of the factors which could weigh against the allowance of this

15  motion are present in this case, on the contrary to deny the motion at this time would be

16  prejudicial to all.  Therefore, leave to amend should be granted.

17  **B.    Defendants Refused to Stipulate to the filing of Plaintiff's Amended**
         **Complaint**

18

19      Plaintiff's counsel has conferred with defendants' counsel in a good faith effort to

20  have each of the Defendants stipulate to the filing of Plaintiff's Amended Complaint.  By

21  letter dated May 3, 2007 addressed to all defendants' counsel, Mr. Fennell attempted to

22  resolve the issues raised by this motion.  (See Declaration of William P. Fennell filed

23  concurrently herewith).  In a subsequent telephone conference with the Carusos' attorney,

24  Debra Riley, Esq., Ms. Riley stated that the Carusos would not stipulate to the filing of the

25  amended complaint.  *Id.*  There was no response from the Daigles or their counsel.  By a

26  second letter dated  May 11, 2007 addressed to the Daigles' counsel, Mr. Fennell again

27  attempted to resolve this motion.  *Id.*  However, the May 18, 2007, deadline in that letter

28  / / /

4                                  20070525 DAIG Ps & As re mot for leave to file amended Cmpt.wpd

1   came and went and Mr. Winfree has not responded.  Therefore, it is presumed that the

2   Daigles would also not stipulate to the amendment.  *Id.*

3   **III. CONCLUSION**

4   For the reasons stated above, Plaintiff respectfully requests that the court grant the

5   Plaintiff's motion for leave to file an amended complaint in substantially the form

6   attached to the accompanying Declaration of James L. Kennedy, Chapter 7 Trustee.

7   Respectfully Submitted,

8   LAW OFFICE OF WILLIAM P. FENNELL, APLC

9

10  Dated: May 25, 2007                    By: /s/William P. Fennell
                                               William P. Fennell, Esq.
11                                             Attorneys for James L. Kennedy, Chapter 7 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

1

2

3

4   William P. Fennell, Esq. (#164210)
    Tracy L. Schimelfenig, Esq. (#243714)
5   Law Office of William P.Fennell, APLC
    600 W Broadway, Suite 930
6   San Diego, CA  92101
    Telephone (619) 325-1560
7   Facsimile (619) 325-1559

8   Attorneys for James L. Kennedy, Chapter 7 Trustee

9

10              **UNITED STATES BANKRUPTCY COURT**

11              **SOUTHERN DISTRICT OF CALIFORNIA**

12
    In re                               )Case No. 02-10222-M7
13                                      )
    ROLAND PAUL DAIGLE (SSN-3341),      )Adversary No.  06-90433-JM
14                                      )
                    Debtor.             )
15  _____  )**DECLARATION OF WILLIAM P.**
                                        )**FENNELL IN SUPPORT OF MOTION**
16  JAMES L. KENNEDY, Chapter 7 Trustee,)**FOR LEAVE TO FILE FIRST**
                                        )**AMENDED COMPLAINT**
17                                      )
                    Plaintiff,          )Date:  June 22, 2007
18  v.                                  )Time:  10:30 a.m.
                                        )Dept:  One (1)
19  ROLAND PAUL DAIGLE, an individual;  )Judge: Hon. James W. Meyers
    AUDREY A. DAIGLE, an individual and )
20  as Trustee of REAL ESTATE TRUST;    )
    ROBERT M. CARUSO, an individual; and)
21  NAYDIA E. CARUSO, an individual;    )
                                        )
22                  Defendants.         )
                                        )
23  _____  )

24          I, WILLIAM P. FENNELL, hereby declare as follows:

25          1.      I am an attorney duly licensed and admitted to practice law in all the courts

26  of the State of California. I am the attorney of record for the James L. Kennedy, Chapter 7

27  Trustee and plaintiff ("Plaintiff") in this matter.  I have personal knowledge of the facts

28  contained in this declaration and could and would competently testify thereto if called upon

1  to do so.

2    2.    Plaintiff seeks leave to file an Amended Complaint to plead additional claims

3  for relief against the presently named defendants.  A true and correct copy of the proposed

4  First Amended Complaint is attached as Exhibit "A" to the accompanying Declaration of

5  James L. Kennedy, Chapter 7 Trustee.

6    3.    I conferred with opposing counsel in a good faith effort to have the defendants

7  stipulate to leave for the filing of the First Amended Complaint.  By letter dated May 3,

8  2007 addressed to all defendants' counsel, I attempted to resolve the issued raised by this

9  motion.

10    4.    In a subsequent telephone conference with the Caruso's attorney, Debra Riley,

11  Ms. Riley indicated to me that the Carusos would not stipulate to the filing of the amended

12  complaint.  I got no response written or otherwise from the Daigles or their counsel.

13    5.    By a second letter dated  May 11, 2007 addressed to the Daigle's counsel, I

14  again attempted to resolve this motion.  However, Mr. Winfree has not responded and

15  therefore it is presumed that the Daigles would also not stipulate to the amendment.

16    I declare under penalty of perjury under the laws of the State of California and the

17  United States of America that the foregoing is true and correct.  Executed this 25th day of

18  May 2007, at San Diego, California.

19

20    /s/William P. Fennell
     WILLIAM P. FENNELL

21

22

23

24

25

26

27

28

William P. Fennell, Esq. (#164210)
Tracy L. Schimelfenig, Esq. (#243714)
Law Office of William P.Fennell, APLC
600 W Broadway, Suite 930
San Diego, CA 92101
Telephone (619) 325-1560
Facsimile (619) 325-1559

Attorneys for James L. Kennedy, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No. 02-10222-M7 |
| ROLAND PAUL DAIGLE (SSN-3341), | ) Adversary No. 06-90433-JM |
| Debtor. | ) |
| ——————————————— | ) **DECLARATION OF JAMES L.** |
| | ) **KENNEDY, CHAPTER 7 TRUSTEE, IN** |
| JAMES L. KENNEDY, Chapter 7 Trustee, | ) **SUPPORT OF MOTION FOR LEAVE** |
| | ) **TO FILE FIRST AMENDED** |
| Plaintiff, | ) **COMPLAINT** |
| v. | ) Date: June 22, 2007 |
| | ) Time: 10:30 a.m. |
| ROLAND PAUL DAIGLE, an individual; | ) Dept: One (1) |
| AUDREY A. DAIGLE, an individual and | ) Judge: Hon. James W. Meyers |
| as Trustee of REAL ESTATE TRUST; | ) |
| ROBERT M. CARUSO, an individual; and | ) |
| NAYDIA E. CARUSO, an individual; | ) |
| Defendants. | ) |
| ——————————————— | ) |

I, JAMES L. KENNEDY, hereby declare as follows:

1.    I am the Chapter 7 Trustee of this bankruptcy estate. I have personal knowledge of the facts set forth in this declaration and, if called and sworn as a witness, I would be competent to testify to such facts.

2.    I have reviewed the Motion for Leave to File First Amended Complaint and

1  seek leave to file an Amended Complaint to plead additional claims for relief against the

2  presently named defendants.  A true and correct copy of the proposed First Amended

3  Complaint is attached hereto as Exhibit "A."

4      I declare under penalty of perjury under the laws of the State of California and the

5  United States of America that the foregoing is true and correct.  Executed this 25th day of

6  May 2007, at San Diego, California.

7

8                            /s/James L. Kennedy

9                            JAMES L. KENNEDY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4    William P. Fennell, Esq. (#164210)
     Tracy L. Schimelfenig, Esq. (#243714)
5    Law Office of William P.Fennell, APLC
     600 W Broadway, Suite 930
6    San Diego, CA  92101
     Telephone (619) 325-1560
7    Facsimile (619) 325-1559

8    Attorneys for James L. Kennedy, Chapter 7 Trustee

9

10            **UNITED STATES BANKRUPTCY COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12
     In re                              )Case No. 02-10222-M7
13                                       )
     ROLAND PAUL DAIGLE (SSN-3341),      )Adversary No.  06-90433-JM
14                                       )
                     Debtor.             )
15   _____   )**FIRST AMENDED COMPLAINT FOR**
                                         )**DECLARATORY RELIEF; POST-**
16   JAMES L. KENNEDY, Chapter 7 Trustee,)**PETITION TRANSFER;**
                                         )**ACCOUNTING; TURNOVER;**
17                                       )**FRAUDULENT TRANSFER; AND FOR**
                     Plaintiff,          )**AUTHORITY TO SELL REAL**
18   v.                                  )**PROPERTY PURSUANT TO 11 U. S. C.**
                                         )**§363(h)**
19   ROLAND PAUL DAIGLE, an individual;  )
     AUDREY A. DAIGLE, an individual and )
20   as Trustee of REAL ESTATE TRUST;    )
     ROBERT M. CARUSO, an individual; and)
21   NAYDIA E. CARUSO, an individual;    )

22                   Defendants.         )
                                         )
23   _____   )

24        COMES NOW, James L. Kennedy, Chapter 7 Trustee, alleges as follows:

25                              **PARTIES**

26        1.      Plaintiff is the Trustee of the bankruptcy estate of Roland Paul Daigle

27   ("Debtor").  On or about October 18, 2002 ("Petition Date"), the Debtor filed for relief

28   pursuant to the provisions of Chapter 7 of Title 11, of the United States Bankruptcy Code,

**Exhibit "A"**           - 1 -        20070525 DAIG First Amended Complaint 8 Claims.wpd

1    Southern District of California. On or about that same date, the trustee was appointed, and

2    is the duly authorized representative of the Bankruptcy Estate pursuant to section 704 of the

3    Bankruptcy Code.

4        2.     Based on information and belief, defendant, Audrey A. Daigle, ("A. Daigle"),

5    is an individual, residing in Oceanside, California. She is the wife of Debtor and therefore

6    an insider of the Debtor as "insider" is defined by 11 U.S.C. § 101(31).

7        3.     Based on information and belief, Audrey A. Daigle is the trustee of the Real

8    Estate Trust, a trust of unknown legal basis.

9        4.     Based on information and belief, defendant, Robert M. Caruso ("R. Caruso")

10   is an individual residing in Simsbury, Connecticut.

11       5.     Based on information and belief, defendant, Naydia E. Caruso ("N. Caruso")

12   is an individual residing in Simsbury, Connecticut. The parties identified in paragraphs 2,

13   3, 4 and 5 are collectively referred to herein as "Defendants".

14                        **JURISDICTION/VENUE**

15       4.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(E) (H),

16   and (O) and 11 U.S.C. §§ 547 and 548. This Court has jurisdiction over the subject matter

17   of this adversary proceeding based on 28 U.S.C. §§ 157(a) and 1334(b) and general order

18   312-D of the United States District Court, Southern District of California.

19       5.     Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding is related

20   to the Debtor's bankruptcy case, which is still pending.

21       6.     This Complaint initiates an adversary proceeding within the meaning of

22   Federal Rule of Bankruptcy Procedure 7001(1).

23                        **GENERAL ALLEGATIONS**

24       7.     Debtor received a discharge on March 3, 2003.

25       8.     By order dated October 24, 2006 the court approved the Trustee's motion to

26   reopen Debtor's bankruptcy case.

27       9.     At the time of the filing of the Chapter 7 petition, Debtor did not list any

28   interest in real property on Schedule A.

10.    At the time of the filing of the Chapter 7 petition, Debtor did not list any transfers in response to number 10 on his Statement of Financial Affairs.

11.    Plaintiff alleges that at the time Debtor filed bankruptcy, Debtor had a fee interest in real property and improvements thereon, an 8 unit apartment condominium complex, located at 531-545 Boswell Avenue, Norwich, Connecticut (collectively "Real Property").

12.    On or about January 31, 1984, Debtor and R. Caruso purchased the Real Property.

13.    By Quitclaim Deed dated August 26, 1985, R. Caruso transferred his interest in the Real Property to himself and N. Caruso.

14.    By Quitclaim Deed dated August 26, 1985, Debtor transferred his interest in the Real Property to himself and A. Daigle.

15.    By Quitclaim Deed dated May 18, 2001, Debtor contends he transferred the Real Property to "Real Estate Trust, Audrey A. Daigle, Trustee". The Deed was not signed until October 14, 2002 based upon the date of the notary acknowledgment.

16.    The Quitclaim Deed was not recorded until October 22, 2002, four days after Debtor's bankruptcy filing.

17.    On or about January 9, 2006 Audrey A. Daigle, Trustee of the Real Estate Trust transferred the Real Property to Debtor and Audrey A. Daigle as joint tenants by Quitclaim Deed.

## FIRST CLAIM FOR RELIEF
### (28 U.S.C. § 2201- Claim For Declaratory Relief)

18.    Plaintiff realleges and incorporates by reference paragraph 1 through 17 of this Complaint as though fully set forth herein.

19.    An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective right, title and interest in the Real Property, including but not limited to, Debtor's ownership interest in the Real Property and the value that was held by the estate on the date of Debtor's petition.

Exhibit "A"              - 3 -         20070525 DAIG First Amended Complaint 8 Claims.wpd

20.   A judicial declaration is necessary and appropriate at this time in order that Plaintiff may ascertain what interest Defendants have in the Real Property and what interest Plaintiff has in the Real Property.

## SECOND CLAIM FOR RELIEF
### (Avoidance of Post-petition Transfers - 11 U.S.C. § 549)

21.   Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this complaint as though fully set forth herein.

22.   Plaintiff alleges on information and belief that Debtor transferred the Real Property post-petition and pursuant to 11 U.S.C. §549 and are avoidable by Plaintiff because each transfer:

(a)   occurred after the commencement of the case; and

(b)   was not authorized under Title 11 or by this court.

23.   Plaintiff is authorized to avoid the transfers and may recover for the benefit of the estate the property transferred post-petition.

## THIRD CLAIM FOR RELIEF
### (Accounting)

24.   Plaintiff realleges and incorporates by reference paragraphs 1 through 23 of this complaint as though fully set forth herein.

25.   Plaintiff requests that Defendants provide an accounting for any and all income generated from any source, including but not limited to rents, profits, sale or any other use or transfer of the Real Property.

26.   Plaintiff requests that Defendants provide an accounting of the value of the equity in the Real Property.

27.   The Trustee requires such an accounting in order to properly administer assets of the bankruptcy estate.  It is proper for the court to require Defendants to provide such an accounting forthwith.

/ / /

/ / /

**Exhibit "A"**          – 4 –          20070525 DAIG First Amended Complaint 8 Claims.wpd

**FOURTH CLAIM FOR RELIEF**
**(Turnover of Property of the Estate - 11 U.S.C. §542)**

28.    Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of this complaint as though fully set forth herein.

29.    Plaintiff alleges on information and belief that the A. Daigle and/or the Trust have received property from Debtor in an amount according to proof at trial.

30.    Plaintiff is entitled to recover Debtor's interest in the Real Property or the value thereof, including any and all increase in value/equity for the benefit of the estate.

**FIFTH CLAIM FOR RELIEF**
**(Avoidance of Fraudulent Conveyance - 11 U.S.C. § 548)**

31.    Plaintiff realleges and incorporates by reference paragraphs 1 through 30 of this complaint as though fully set forth herein.

32.    Plaintiff alleges on information and belief that the transfer identified in paragraphs 15-16 herein, was within one year before the date of the bankruptcy filing and the Debtor voluntarily:

(1)        made such transfer or incurred such obligation with the actual intent to hinder, delay, or defraud any entity to which was or became, on or after the date such transfer was made or such obligation was incurred, indebted; or

(2)(A)     received less than a reasonably equivalent value in exchange for such transfer or obligation;

(B)(I)     was insolvent on the date such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligations;

(ii)       was engaged in business or transaction, or was about to engage in business or transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii)      intended to incur or believed that the debtor would incur debts that would be beyond the debtor's ability to pay as such debts matured.

33.    Pursuant to 11 USC § 550, Plaintiff is authorized to avoid the transfer(s) identified herein in paragraphs 15-16 and may recover for the benefit of the Estate the property transferred or, if the court so orders, the value of such property from (1) the initial

1  transferee of such transfer or the entity for whose benefit such transfer was made; or (2) any

2  immediate or mediate transferee of such initial transferee.

3  ### SIXTH CLAIM FOR RELIEF
   **(Avoidance of Fraudulent Conveyance- California Civil Code
   §§ 3439.04 and 3439.05)**

4

5  34.    Plaintiff realleges and incorporates by reference paragraphs 1 through 33 of

6  this complaint as though fully set forth herein.

7  35.    Plaintiff is a hypothetical lien creditor pursuant to §544(b) of Title 11 of the

8  United States Code.

9  36.    Within four years of the Chapter 7 bankruptcy filing the Debtor transferred

10  the property referenced herein in paragraphs 15-16 in an amount subject to proof at time of

11  trial.

12  37.    Plaintiff alleges on information and belief that the transfer(s), as alleged herein

13  in paragraphs 15-16, were made by the Debtor (a) with actual intent to hinder, delay, or

14  defraud any creditor of the Debtor; (b) without receiving a reasonably equivalent value in

15  exchange for the transfer or obligation, and the Debtor: (1) was engaged or was about to

16  engage in a business or a transaction for which the remaining assets of the Debtor were

17  unreasonably small in relation to the business or transaction; or (2) intended to incur, or

18  believed or reasonably should have believed that she would incur, debts beyond her ability

19  to pay as they became due.

20  38.    Plaintiff alleges on information and belief that the transfer(s) alleged herein

21  in paragraphs 15-16 were made without the Debtor receiving reasonably equivalent value

22  in exchange for the transfer and the Debtor was insolvent at the time, or the Debtor became

23  insolvent as a result of the transfer.

24  39.    The transfer(s) is/are avoidable by the Trustee pursuant to California Civil

25  Code §§ 3439.04, 3439.05 and 3439.07(a)(1).  As a result, the Trustee may recover the

26  value of the asset transferred from (1) the first transferee of the asset or the person for whose

27  benefit the transfer was made; or (2) any subsequent transferee, other than a good faith

28  transferee who took for value or from any subsequent transferee.

**Exhibit "A"**          – 6 –          20070525 DAIG First Amended Complaint 8 Claims.wpd

## SEVENTH CLAIM FOR RELIEF
### (Avoidance of Fraudulent Conveyance- Connecticut
### Fraudulent Transfer Act §§ 52-552 a to 52-552 l)

40.    Plaintiff realleges and incorporates by reference paragraphs 1 through 39 of this complaint as though fully set forth herein.

41.    Plaintiff alleges:

a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, if the creditor's claim arose before the transfer was made or the obligation was incurred and if the debtor made the transfer or incurred the obligation:

(1) With actual intent to hinder, delay or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor

(A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or

(B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

Connecticut Acts UFTA, § 52-552e(a).

42.    Plaintiff alleges:

(b) In determining actual intent under subdivision

(1) of subsection (a) of this section, consideration may be given, among other factors, to whether:

(1) The transfer or obligation was to an insider,

(2) the debtor retained possession or control of the property transferred after the transfer,

(3) the transfer or obligation was disclosed or concealed,

(4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit,

(5) the transfer was of substantially all the debtor's assets,

(6) the debtor absconded,

(7) the debtor removed or concealed assets,

(8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred,

(9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred,

(10) the transfer occurred shortly before or shortly after a substantial debt was incurred, and

(11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*Id.* at subsection (b).

43.    Plaintiff alleges:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent.

Sec. 52-552f.

44.    Plaintiff alleges:

(1) A transfer is made:

(A) With respect to an asset that is real property other than a fixture, but including the interest of a seller or purchaser under a contract for the sale of the asset, when the transfer is so far perfected that a good-faith purchaser of the asset from the debtor against whom applicable law permits the transfer to be perfected cannot acquire an interest in the asset that is superior to the interest of the transferee; ...

Sec. 52-552g.

45.    Plaintiff alleges:

(a) In an action for relief against a transfer or obligation under sections 52-552a to 52-552l, inclusive, a creditor, subject to the limitations in section 52-552i, may obtain:

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

**Exhibit "A"**                    - 8 -              20070525 DAIG First Amended Complaint 8 Claims.wpd

(2) an attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by chapter 903a;

(3) subject to applicable principles of equity and in accordance with applicable rules of civil procedure

(A) an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property,

(B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee, or

(C) any other relief the circumstances may require.

Sec. 52-552h.

46.    The transfer(s) is/are avoidable by the Trustee pursuant to Connecticut Fraudulent Transfer Act §§52-552 a, et seq.  As a result, the Trustee may recover the value of the asset transferred from (1) the first transferee of the asset or the person for whose benefit the transfer was made; or (2) any subsequent transferee, other than a good faith transferee who took for value or from any subsequent transferee.

**EIGHTH CLAIM FOR RELIEF**
**(Approval for Sale of Estate and Co-owner Interest in Real Property - 11 U.S.C. § 363(h))**

47.    Plaintiff realleges and herein incorporates by reference all of the allegations set forth in paragraphs 1 through 46 of this complaint as though fully set forth herein.

48.    Plaintiff alleges on information and belief that on the Petition Date, Debtor and Defendants were co-owners of the Real Property.  Plaintiff seeks approval under 11 U.S.C. § 363(h) for the sale of the interest of the estate in the Real Property as the co-owner.

49.    Section 363(h) provides:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if- -

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the

1        interests of such co-owners;

2        (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such

3        co-owners; and

4        (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas

5        for heat, light, or power.

6        50.    Plaintiff is informed, believes and thereon alleges that at the time of the

7  Petition Date, Debtor held a joint interests in the Real Property with Defendants and

8  therefore the Real Property is subject to the Plaintiff's right to sell as authorized by 11 USC

9  §363(h). Accordingly Plaintiff is authorized to sell the Real Property and distribute the net

10  sale proceeds consistent with 11 U.S.C. § 363(j).

11        WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

12                  **FIRST CLAIM FOR RELIEF**

13        1.    That the court make a finding that Plaintiff has an interest in the Real

14  Property.

15        2.    For such other relief as the Court deems necessary and proper.

16        3.    If appropriate, attorney's fees and costs to Plaintiff.

17                **SECOND CLAIM FOR RELIEF**

18        1.    That the transfer(s) to A. Daigle individually and as Trustee, be avoided as a

19  Post-petition Transfer pursuant to 11 U.S.C. § 549, in an amount according to proof at trial.

20        2.    For such other relief as the Court deems necessary and proper.

21        3.    If appropriate, attorney's fees and costs to Plaintiff.

22                **THIRD CLAIM FOR RELIEF**

23        1.    Plaintiff requests that Defendant provide an accounting for any and all income

24  generated form any source, including but not limited to rents, profits, sale or any other use

25  or transfer of the Real Property;

26        2.    For an accounting by Defendant of the value of the equity in the Real

27  Property;

28        3.    For such other relief as the Court deems necessary and proper;

4.     If appropriate, attorney's fees and costs to Plaintiff.

**FOURTH CLAIM FOR RELIEF**

1.     For turnover of Debtor's interest in the Real Property or the value thereof, including any and all increase in value/equity for the benefit of the estate;

2.     For such other relief as the Court deems necessary and proper;

3.     If appropriate, attorney's fees and costs to Plaintiff.

**FIFTH CLAIM FOR RELIEF**

1.     That the transfer(s) as identified in paragraphs 15-16 be avoided as a fraudulent transfer pursuant to 11 U.S.C.§ 548, in an amount according to proof at trial.

2.     That Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

3.     For such other relief to Plaintiff as the Court deems necessary and proper.

4.     If appropriate, attorney's fees and costs to Plaintiff.

**SIXTH CLAIM FOR RELIEF**

1     That the transfer(s) as identified in paragraphs 15-16 be avoided as a fraudulent transfer pursuant to California Civil Code §§ 3439.04 and 3439.05, in an amount according to proof at trial.

2.     That Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

3.     For such other relief to Plaintiff as the Court deem s necessary and proper.

4.     If appropriate, attorney's fees and costs to Plaintiff.

**SEVENTH CLAIM FOR RELIEF**

1     That the transfer(s) as identified in paragraphs 15-16 be avoided as a fraudulent transfer pursuant to Connecticut Fraudulent Transfer Act §§ 52-552 a to 52-552

1   1, in an amount according to proof at trial.

2        2.      That Plaintiff may recover for the benefit of the Estate, the property

3   transferred, or if the Court so orders the value of such property from (a) the initial transferee

4   of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate

5   or mediate transferee of such initial transferee.

6        3.      For such other relief to Plaintiff as the Court deems necessary and proper.

7        4.      If appropriate, attorney's fees and costs to Plaintiff.

8                        **EIGHTH CLAIM FOR RELIEF**

9        1.      For judgment authorizing the Trustee to sell the Real Property including the

10  co-ownership interest of Defendants and distribute the net sale proceeds consistent with 11

11  U.S.C. § 363(h).

12       2.      For such other relief as the Court deems necessary and proper.

13       3.      If appropriate, attorney's fees and costs to plaintiff.

14

15                           LAW OFFICE OF WILLIAM P. FENNELL, APLC

16

17  Dated: May ___, 2007          By: _____
                                      William P. Fennell, Esq.
18                                    Attorneys for James L. Kennedy, Chapter 7 Trustee

19

20

21

22

23

24

25

26

27

28

**Exhibit "A"**              – 12 –        20070525 DAIG First Amended Complaint 8 Claims.wpd

1   William P. Fennell, Esq. (#164210)
    Tracy L. Schimelfenig, Esq. (#243714)
2   Law Office of William P.Fennell, APLC
    2368 Second Ave.
3   San Diego, CA 92101
    Telephone (619) 325-1560
4   Facsimile (619) 325-1558

5   Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  In re                                    ) Case No. 02-10222-M7
                                             )
    ROLAND PAUL DAIGLE (SSN-3341),           ) Adversary No. 06-90433-JM
12                                           )
                    Debtor.                  )
13                                           ) **NOTICE OF MOTION AND MOTION**
    _____ ) **FOR SUMMARY JUDGMENT, OR**
14  JAMES L. KENNEDY, Chapter 7 Trustee,     ) **ALTERNATIVELY SUMMARY**
                                             ) **ADJUDICATION**
15                                           )
                    Plaintiff,               )
16  v.                                       ) Hearing Date:      December 19, 2007
                                             ) Hearing Time:      2:00 p.m.
17  ROLAND PAUL DAIGLE, an individual;       ) Dept.:             One (1)
    AUDREY A. DAIGLE, an individual and      )
18  as Trustee of REAL ESTATE TRUST;         )
    ROBERT M. CARUSO, an individual; and     )
19  NAYDIA E. CARUSO, an individual;         )
                                             )
20                  Defendants.              )
                                             )
21  _____ )

22  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23          NOTICE IS HEREBY GIVEN that on December 19, 2007, at 2:00 p.m., in

24  Department One (1) of the United States Bankruptcy Court, Southern District of California,

25  325 West "F" Street, San Diego, California, located at 325 West F Street, San Diego,

26  California 92101, a hearing on Chapter 7 Trustee, James L. Kennedy's ("Trustee") Motion

27  for Summary Judgment or Alternatively Summary Adjudication ("Motion") will be held

28  before the Honorable James W. Meyers, Bankruptcy Judge, presiding.

                                                 20071109 DAIG Not of Mot and MSJ.wpd

The motion is brought pursuant to Federal Rule of Civil Procedure 56(c), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056. The purpose of this motion is for the court to decide issues relating to Debtor's ownership interests in the real property and improvements thereon, in an 8 unit apartment condominium complex, located at 531-545 Boswell Avenue, Norwich, Connecticut (collectively "Real Property") on the date he filed bankruptcy and the timing of when Debtor transferred the Real Property. Additionally, the Trustee seeks summary judgment on his claim to sell the bankruptcy estate and co-owners interest in the Real Property pursuant to 11 U.S.C. 363(h).    This motion is supported by this Notice of Motion and Motion, the accompanying Declaration of William P. Fennell, the Separate Statement of Undisputed Material Facts, the Request for Judicial Notice and the Memorandum of Points and Authorities in Support, together with all pleadings on file in this case.

Any opposition must be filed and served no later than seventeen (17) days after the date this notice of motion was served. The moving papers are available for review and copying at the Clerk's Office of the United States Bankruptcy Court, Southern District of California, 325 West "F" Street, San Diego, California, during its normal business hours. Additionally, any party desirous of obtaining a copy may make a written request on the undersigned and a copy will be provided.

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: November 21, 2007        By: /s/William P. Fennell
                                                      William P. Fennell, Esq.
                                                      Attorneys for James L. Kennedy, Chapter 7 Trustee

20071109 DAIG Not of Mot and MSJ.wpd

1   William P. Fennell, Esq. (#164210)
    Tracy L. Schimelfenig, Esq. (#243714)
2   Law Office of William P.Fennell, APLC
    1111 Sixth Ave., Suite 404
3   San Diego, CA 92101
    Telephone (619) 325-1560
4   Facsimile (619) 325-1558

5   Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7                    **UNITED STATES BANKRUPTCY COURT**

8                     **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  In re                                    )Case No. 02-10222-M7
                                             )
11  ROLAND PAUL DAIGLE (SSN-3341),           )Adversary No.  06-90433-JM
                                             )
12             Debtor.                       )
                                             )
13  _____ )**TRUSTEE'S  EVIDENTIARY**
                                             )**OBJECTIONS IN SUPPORT OF MOTION**
14  JAMES L. KENNEDY, Chapter 7 Trustee,     )**FOR   SUMMARY   JUDGMENT,   OR**
                                             )**ALTERNATIVELY   SUMMARY**
15             Plaintiff,                    )**ADJUDICATION**
                                             )
16  v.                                       )
                                             )Hearing Date:      December 19, 2007
17  ROLAND PAUL DAIGLE, an individual;       )Hearing Time:      2:00 p.m.
    AUDREY A. DAIGLE, an individual and as   )Dept.:             One (1)
18  Trustee  of  REAL  ESTATE  TRUST;        )
    ROBERT M. CARUSO, an individual; and     )
19  NAYDIA E. CARUSO, an individual;         )
                                             )
20             Defendants.                   )
                                             )
21  _____ )

22          Pursuant to the Federal Rules of Evidence ("FRE"), plaintiff, James L. Kennedy,

23  Chapter 7 Trustee ("Trustee"), respectfully submits the following evidentiary objections to

24  the Declaration of Roland P. Daigle in support of Opposition to Chapter 7 Trustee's Motion

25  for Summary Judgment or Alternatively Summary Adjudication ("Dec."):

26  ///

27  ///

28  ///

20071212 DAIG Evid Objs re MSJ.wpd

| PARAGRAPHS/EXHIBITS | OBJECTIONS |
|---|---|
| 1.  Dec., Pg. 2, lines 14-17. | FRE 802.  Hearsay.  These are out of courts statements made by Mr. Daigle regarding what the deed states and are inadmissible.<br><br>FRE 1002.  Best Evidence Rule.  The best evidence of what the document states is by review of the original document. |
| 2.  Dec., Pg. 3, lines 7-17; and Exh.C. | FRE 401- 404.  Relevance.  Mr. Daigle's statements are not relevant to the this case.  Additionally, the attached deed is not relevant and cannot be used for the purpose Mr. Daigle purports to use it. |
| 3.  Dec., Pg. 3, lines 19-24. | FRE 602.  Lack of Personal Knowledge; Lack of foundation.  Mr. Daigle cannot testify as to what the Carusos or Mrs. Daigle has done.  Mr. Daigle does not demonstrate that he has personal knowledge of these statements.<br><br>FRE 802.  Hearsay.  The statements regarding what the Carusos said to Mrs. Daigle, what Mrs. Daigle said to the Norwich city clerk and what the city clerk may have said to Mrs. Daigle are out of courts statements made by Mr. Daigle which are being offered for the truth of those matters and are inadmissible. |
| 4.  Dec., Pg. 3, lines 27-28. | FRE 602.  Lack of foundation. Lack of Personal Knowledge.  Mr. Daigle uses the word "apparently" which demonstrates his lack of personal knowledge of the matter.<br><br>FRE 1002. Best Evidence Rule.  The best evidence of what the document states is by review of the original document. |
| 5. Dec., Pg. 4, lines 1-7. | FRE 401- 403.  Relevance.  Mr. Daigle's statements are not relevant to the this case.  They do not have the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. |

20071212 DAIG Evid Objs re MSJ.wpd

| | |
|---|---|
| 6. Dec., Pg. 4, lines13-16. | FRE 602. Lack of foundation. Lack of Personal Knowledge. Mr. Daigle uses the word "recollection" which demonstrates his lack of personal knowledge of the matter. Additionally, Mr. Daigle does not lay the proper foundation to show knowledge of these facts. |
| | |

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: December 14, 2007

By:/s/ William P. Fennell
WILLIAM P. FENNELL, ESQ.
Attorneys for James L. Kennedy, Chapter 7 Trustee