DANIEL J. WINFREE
Attorney at Law #98890
1010 Second Ave., Ste. 1015
San Diego, CA 92101
Phn: (619) 235-6060
Fax: (619) 234-8620

Attorney for Appellants, Roland Paul Daigle and Audrey Daigle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: <br><br> ROLAND PAUL DAIGLE, <br><br> Debtor. <br><br> ROLAND PAUL DAIGLE, AUDREY DAIGLE <br><br> Appellants, <br><br> vs. <br><br> JAMES KENNEDY, <br><br> Appellee. | Case No.: 08CV0256-LAB (AJB) <br><br> Bankruptcy No. 02-10222-M7 <br><br> **APPELLANTS OPENING BRIEF** <br><br> Time: 11:30 a.m. <br><br> Date: June 30, 2008 <br><br> Room: 9 |

## INTRODUCTION

Appellant's Roland and Audrey Daigle take issue with the decision of the Bankruptcy Court granting Summary Judgment to Plaintiff James Kennedy that both avoided a transfer of property inter-spousal at a time prior to the filing of the bankruptcy and ordered that both Roland Daigle's and Audrey Daigle's interest in said property be divested in favor of James Kennedy, Trustee. Said order was entered on January 16, 2008; Notice of Appeal was filed on January 25, 2008.

The Bankruptcy's Court order asserts that it is voiding a transfer of property pursuant to 11 U.S.C. §549, which requires that the transfer of property had occurred after the commencement of a

-1-

bankruptcy case, and that the transfer be of property which is "Property of the Estate" Section 549 also limits the actions to avoid a transfer to the earlier of either two years after the date of the transfer sought to be avoided or the time the case is closed or dismissed.

It is the contention of this Appeal that the above referenced requirements and limitations were not established so as to support the judgment on the Motion for Summary Judgment. It is also the position of this Appeal that in order to arrive at the point of judgment the court made an implied finding on the credibility of the Defendants and based his decision on that implied finding. This Appeal asserts that that is a erroneous basis for decision in a Summary Judgment Proceeding.

## **FACTS**

The following facts seem not to be in dispute and comprise an approximate timeline of the events which are critical to the legal analysis associated with this case.

1. May 21, 2001 was the date on a Quit Claim Deed which transferred the interest of Roland Daigle to his wife Audrey Daigle in the property which is of issue within the Bankruptcy.

2. The Deed bears a notary stamp indicating acknowledgement on October 14, 2002.

3. That same Deed was recorded on October 22, 2002.

4. October 18, 2002, approximately 6 days before the recording date Roland Daigle had filed a Chapter 7 Bankruptcy.

The facts which continue to be in dispute are:

1. Whether Roland Daigle signed that Deed on May 18, 2001 or on October 14, 2002, and

2. Whether said deed was supported by consideration, and

3. Whether that title transfer was discussed at the 341(a) hearing, and

4. Whether Debtor was required to report that transfer on his Bankruptcy Schedules and or Statement of Financial Affairs.

Within the Bankruptcy Courts hearing on the Motion for Summary Judgment those facts were not discussed except for the following exchange that occurred between the Court and Counsel for Plaintiff at P. 12 lines 14-25, P13, lines 1-9.

THE COURT:   SO IT'S YOUR CLIENT'S POSITION THAT YOU'RE NOT CHALLENGING AT THIS POINT IN TIME, FOR THE SAKE OF ARGUMENT, AT THIS POINT IN TIME, YOU'RE NOT CHALLENGING THE THOUGHT THAT THIS WAS SIGNED IN 2001, NOTARIZED OCTOBER 14TH, 2002, AND RECORDED OCTOBER 22, 2002. YOUR ARGUMENT -- YOUR CLIENT'S ARGUMENT -- IS GIVEN THOSE THREE ESTABLISHED FACTS, JUST FOR THE SAKE OF ARGUMENT ON THE FIRST ONE, THEN YOU'RE ENTITLED TO A SUMMARY JUDGMENT.

MR. FENNELL:   THEY PROVED THE POST-PETITION TRANSFER OF THE PROPERTY FROM THE DEBTOR TO HIS WIFE AND THE TRUST, YES.

IF WE NEED TO ARGUE TODAY THE FRADUENT TRANSFER CLAIM, WE THINK THERE'S FACTS SUFFICIENT TO ARGUE THAT.

BUT I THINK JUST ON THE MOTION FOR SUMMARY JUDGMENT AS PRESENTED WITH REGARD TO POST-PETITION TRANSFER, THERE'S NO ISSUE OF TRIABLE FACTS ON THOSE THREE DATES. AND THE RELEVANT DATE IS OCTOBER 22ND. AND THE COURT CAN FIND BASED ON THE LAW THAT THAT WAS A VOIDABLE POST-PETITION TRANSFER. THAT'S RIGHT.

If the exchange between the court and counsel for Plaintiff is reflective of the current state of that fact then the issue as to when the deed was signed is no longer a disputed fact. But the others facts still remain in dispute and are material to the outcome of this particular proceeding.

## THE COURTS DECISION

In advising as to its judgment the Bankruptcy Court made the following finding on the motion:

THE COURT: WELL, I THINK FROM THE COURT'S POINT OF VIEW, THAT WHAT THE DEBTOR AND SPOUSE DID IS A CLEAR EXAMPLE OF SOMEONE DELIBERATELY TRYING TO KEEP INTEREST, POTENTIALLY VALUABLE INTEREST, OUT OF THE HANDS OF THE BANKRUPTCY ESTATE. AND I THINK THAT ON THIS RECORD, THE COURT SHOULD GRANT SUMMARY JUDGMENT. AND THAT GETS BACKT TO THE OTHER SIDE OF THE QUESTION, WHICH IS THE CO-OWNERS AND THEIR CONCERNS, WHICH HAVE TO BE ADDRESSED. (Court Transcript P.18 Ln. 21-25, P.19 Ln. 1-4.

Because of the statement of disputed facts and the exclusive rationale of the Court in granting the Motion for Summary Judgment this Appeal was filed. It is the contention of Appellant that:

1. The decision necessarily implies a finding on the credibility of the witness which is an improper basis for decision in a Summary Judgment Motion.

2. There's absolutely no finding as to the Community Property aspects of the real estate interest.

3. The finding of the Court ignores the inherent limitation on actions contained in the statute under which relief was granted.

4. Affirming all of the facts presented does not establish the necessary elements for this statute under which relief is granted.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Courts order in relation to Appellant is a final decision although the case remains open in relation to other Defendants in the case. The issues affecting Appellants are fully determined as of this point thus as to them a final decision has been rendered. *Catlin v. United States 324 U.S. 229, 233 (1945).* This Court has Jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158 (a). The standard of review for cases decided by Summary Judgment is "De Novo".

-4-

## **THE CREDIBILITY ISSUE**

Because of the contest over material facts whether the Deed was executed on May 18, 2001 or October 14, 2002 , whether there was a requirement for Appellant to put reference to the transfer on the bankruptcy papers, and the consideration and motivation for the transfer,  The Court in addressing its rationale for its decision was clearly making a determination on the credibly of the Appellant Roland Daigle. Mr. Daigle had filed a Declaration in opposition to the Motion for Summary Judgment, which basically delineated all of the disputed facts with the exception of the inclusion of the transfer on the bankruptcy statements. Interestingly enough the alternative propositions to the facts for signature and consideration presented by Plaintiff were founded exclusively on speculation i.e. if this is so then that must be so. Thus, the Bankruptcy Courts seemingly adopted the speculative position of facts in favor of the cognitive facts presented by Defendants. The Court in its finding did not rule on any of the legal issues i.e. the issues discussed supra that a transfer actually did occur on the 22nd of October by the recording of the deed but basically stated that the conduct of Defendants in this matter was calculated towards a wrongful end i.e. the removing of an asset from the reach of a Bankruptcy Trustee. This author does not perceive any other way based upon the record before the Bankruptcy Court that the Court could have came to the conclusions it came to without drawing an opinion and acting upon an opinion of the credibility of Appellant. This is especially true in light of the 9th Circuits proscription that a moving party is entitled to Summary Judgment only when it is met its burden of proof and the opposing party has not,  or where no rational trier of fact would believe the opposing parties evidence. *General American Life Insurance Company v. Castonguay* (9th Circuit 1993) 984 F 2nd 1518, 1520.

Appellants raised the issue of the credibility issue in their opposition to the Motion for Summary Judgment. *Harris v. Itzhaki* (1983) F 3rd 1043, 1051 (9th Circuit 1999) and *SEC v. Kora Corp. Industries*, 575 F2nd 692, 699 (9th Circuit 1978). It is the view of this paper in order to decide on the Summary issues it would require a finding of fact in favor of Plaintiff on both the date of signature on the deed as well as the removal of the legal limitation of action found in section 549 thus, resolving

-5-

those issues in favor of Plaintiff or dismissing them as essential to the outcome of the merits between the parties. And it was based upon an inappropriate foundation i.e. the credibility of the Appellant.

## THE COMMUNITY PROPERTY ISSUE

The judgment of the Bankruptcy Court swept, without comment, the independent interests of Audrey Daigle into the judgment of the Court. There was absolutely no evidence whatsoever presented on the issue of the separate interest, and in fact the matter was not even discussed within the pleadings before the Court. There is clear and undisputed evidence in the record that establishes that any interest Ms. Daigle had in the property independent of that acquired from Mr. Daigle was acquired prior to the filing of the bankruptcy and prior to the time that Mr. Daigle Quit Claimed his interest to her in May of 2001. There was no legal position offered that would establish it as Community Property and even had it been established as Community Property the Community Property interest of a non filing spouse is subject further to the limitations imposed by 11 U.S.C § 541(a)(2). Thus the sweeping of Audrey Daigle's interest into the judgment of this court was without any legal or factual foundation, and the rationale of the court cited Supra does not necessarily bootstrap that interest into the bankruptcy estate.

## THE LIMITATION OF ACTION ISSUE

In 11 USC § 549, the Provision of the Code specifically identifies that such an action brought under it should be commenced no later than the earlier of:

1.    2 years after the date of the transfer sought to be avoided; or
2.    The time the case is closed or dismissed.

The argument raised by Plaintiff at the Summary Judgment proceeding was that these particular statutes were equitably tolled, citing specifically the 9th circuit Court of Appeals in its decision of *In Re Olson* 36 F3rd 71 (9th Circuit 1994). The *Olson* Court identified that its finding was based upon the specific facts of its case and found that it was an appropriate basis for equitable tolling the statue of limitation of Section 549. No findings in this case were established as to why this case fits within the

proper circumstance umbrella enunciated by the *Olson* Court. If the transfer of property had occurred back upon execution of the deed in May of 2001 the asset was not such as was to be included on the debtor's schedules and thus would not have triggered a Trustees "duty to collect" as identified by the *Olson* Court. In Olson they found that the assets in question were part of the estate that had been scheduled and that subsequent to that time the asset had been transferred. Thus the *Olson* case is distinguishable from the facts of this case in some significant respects.

The decision of the bankruptcy court in this matter did not establish that it was a proper circumstance for equitable tolling and by failing to establish what in its view was the date of transfer, left open some rather material facts that could have affected the outcome of that particular issue.

## **THE NECCESARY ELEMENTS OF 11 USC § 549**

Inherent in the courts decision was:

1. That the property was property of the bankruptcy estate and
2. That it was transferred post-petition.

The conclusion of this court in deciding this matter under § 549 is impliedly that the October 22, 2002 recording of the deed created a transfer of property and Plaintiff's entire argument on this issue was based upon a continuum of argument maintaining that title was transferred on October 22, 2002, which was the date after the filing of the bankruptcy case. However, the position is some what compromised by the facts as represented by the Defendant i.e. that the deed was executed and delivered on May 18, 2001 and by the Trustee's own assertions that the deed was executed on October 14, 2002. Both dates preceed the filing of the bankruptcy petition, and if Appellants statement is found to be true, preceded the bankruptcy filing by almost 17 months.

The position that Plaintiff maintains in relation to a transfer occurring by the recording of the document is based upon a bankruptcy case, which was deciding facts distinguishable and legal issues distinguishable from that which was presented to this particular Court. In fact, Plaintiff relied

-7-

exclusively upon *In Re Brooks-Hamilton* 348 BR 512 (Bankruptcy Northern District of California 2006).

*In Re Brooks* stated a proposition of law which was applicable to the facts of that individual case i.e. that at the time of a post-petition recording of a deed that there was an interest of the bankruptcy estate that was being transferred. Quoting from that decision at 522 "As discussed above the Court has concluded that for the most part the beneficial interest in the warehouse was property of the Debtors bankruptcy estate. The recordation of the Grant Deeds caused to transfer this beneficial interest although the transfer was insufficient to prevent the warehouse from becoming property of the bankruptcy estate…[because] the Debtor was unauthorized to record these documents by either the Bankruptcy Code or the Bankruptcy Court."

At footnote 16 in that same case the Court acknowledges that in California the conveyance of an interest in real property occurs when a deed is executed and delivered to the buyer regardless of whether it is in fact recorded (citing 9th Circuit and California Authority). In the *Brooks-Hamilton* Case the issue that was retained by the bankruptcy estate was a beneficial interest in a trust and when the recording of the Grant Deeds occurred post bankruptcy, it was the transfer of those beneficial interests that would have required the permission of the Bankruptcy Court. (As specifically required pursuit to Section 529 ). Footnote 16 goes on to state however that a second transfer occurs when the deed is recorded citing California Civil Code § 1213 and the 9th Circuit Decision of *In Re Gulino* 779 F2nd 546, 551 (9th Circuit 1985). In *Re Gulino* however, was a preference case contending with the issue of when a transfer was perfected and specifically concluded that perfection can occur in a manner other than recording. In fact, *Gulino* states at 550 that "determining what is necessary to perfect the transfer of an interest in real property depends entirely upon state law" (Collier on Bankruptcy § 547.48 at 547-150).

Neither Civil Code §1213 nor California Authority supports the proposition that the recording of a deed causes a transfer of an interest. § 1213 of the California Civil Code specifically identifies that the

-8-

recording of the deed is merely notice of that which had occurred previously, thus not creating a new transfer. As stated in *Lawler v. Gleason* 130 Cal. App. 2nd 390, 395-6 (1955) "recordation is a device to establish priority but has nothing to do with the conveying of title." *Haye v. United States* 461 F. Supp. 1168, 1172 (USDC C.D Cal. 1978) . Thus, the position under California law would not have supported *Brooks-Hamiltons* Supra in the event that there had been nothing to convey. Thus *Brooks-Hamilton* is inapposite to the facts of this particular case.

California law is the required source of authority for determining the rights of the party under state law. *Gulino* Supra and *Butner v. United States et al.*(440 U.S. 48, 54 1978). ("Congress has generally left the determination of property rights in the assets of a bankruptcy state to State Law") And California law would place the transfer to have occurred at the time of signature and delivery. And that fact seems to be in dispute.

April 14, 2008

                                                  /s/ Daniel J. Winfree
                                                    Daniel J. Winfree
                                                 Attorney for Appellant

c:\Bank\Appellate.Not

DANIEL J. WINFREE, SBN: 98890  
1010 Second Avenue, Suite 1010  
San Diego, CA  92101  
Telephone (619) 235-6060  
Facsimile (619) 234-8620  

Case No.: 08CV0256-LAB (AJB)

# PROOF OF SERVICE

I AM A CITIZEN OF THE United States. My business address for this proof of service is 1010 Second Avenue, Suite 1015, San Diego, California 92101. I work in the county of San Diego where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with the normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the forgoing document(s) described as:

APPELLANTS OPENING BRIEF

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY FEDEX-NEXT DAY DELIVERY) requested at San Diego, California addressed to

William P. Fennell                              Debra A. Riley  
1111 Sixth Avenue, Suite 404             501 West Broadway, 15th Floor  
San Diego, CA 92101                         San Diego, CA 92101  

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on  April 14, 2008 in San Diego, California.

                        /s/ Daniel J. Winfree  
                          Daniel J. Winfree