1  William P. Fennell, Esq. (#164210)
   Tracy L. Schimelfenig, Esq. (#243714)
2  Law Office of William P. Fennell, APLC
   1111 Sixth Ave., Suite 404
3  San Diego, CA  92101
   Telephone (619) 325-1560
4  Facsimile (619) 325-1558

5  Attorneys for Appellee,
   James L. Kennedy, Chapter 7 Trustee
6

7

8                  **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10
    In re                              )Case No.  08CV0256-LAB(AJB)
11                                     )
    ROLAND PAUL DAIGLE (SSN-3341),     )
12                                     )Bk. Case No. 02-10222-M7
                            Debtor.    )Bk. Adv. No.  06-90433-JM
13                                     )
                                       )
14  _____)**APPELLEE'S BRIEF**
    ROLAND PAUL DAIGLE, and AUDREY )
15  A. DAIGLE,                         )
                                       )Oral Argument:    June 30, 2008
16              Appellants,            )Hearing Time:     11:30 a.m.
                                       )Room:             Nine (9)
17  v.                                 )
                                       )
18  JAMES L. KENNEDY, Chapter 7 Trustee )
                                       )
19              Appellee.              )
                                       )
20                                     )
                                       )
21  _____)

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

20080512 Daigle Final Appeal Brief.wpd

TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

II. STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

III.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1 -

IV.    STATEMENT OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 3 -

V.    SUMMARY OF ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 4 -

VI.    ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

        A.    The Bankruptcy Court Correctly Ruled that the Unauthorized Post-Petition
              Recording of the Quitclaim  Deed was Avoidable by the Trustee Pursuant to
              11 U.S.C. § 549. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

        B.    The Bankruptcy Court Correctly Decided that the Statute of Limitations for
              a Claim Pursuant to 11 U.S.C. § 549 was Equitably Tolled. . . . . . . . . . - 9 -

        C.    The Bankruptcy Court's decision was Based on the Record and Not On an
              Implied Finding of Credibility.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

        D.    The Debtor's Twenty-Five Percent Interest in the Real Property as Held
              Pursuant to the August 26, 1985 Quitclaim Deed is Property of
              the Estate.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 13 -

1                       TABLE OF AUTHORITIES

2    **Cases**                                                    **Page No.**

3    *Anderson v. Liberty Lobby, Inc.*
     477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -
4
     *Celotex Corp. v. Catrett*
5    477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

6    *Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.)*
     165 F.3d 1243 (9th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -
7
     *Diamond v. City of Taft*
8    215 F.3d 1052 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

9    *Enlow v. Salem-Keizer Yellow Cab Co.*
     371 F.3d 645 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -, - 9 -
10
     *Ford v. Baroff (In re Baroff)*
11   105 F.3d 439 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 1-2 -

12   *Gardenhire v. U.S. Internal Rev. Serv. (In re Gardenhire)*
     209 F.3d 1145 (9th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -
13
     *Gudelj v. Gudelj*
14   41 Cal.2d 202 (1953) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2, 12 -

15   *Gurney v. Arizona Dept. of Revenue (In re Gurney)*
     192 B.R. 529 (9th Cir. BAP 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -
16
     *In re Brooks-Hamilton*
17   348 B.R. 512 (Bankr. N.D. Cal 2006) . . . . . . . . . . . . . . . . . . . . - 6 -, - 7 -

18   *In re Garner*
     348 B.R. 512 208 B.R. 698 (Bankr. N.D. Cal. 1997) . . . . . . . . . . . . . . . . . . . - 8 -
19
     *In re Gulino,*
20   779 F.2d 546 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

21   *In re Hanson*
     172 B.R. 67 (9th Cir. BAP 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -
22
     *In re Hayes*
23   327 B.R. 453 (Bankr. C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

24   *In re Jacobs*
     48 B.R. 570, 572 (Bankr. S.D. Cal. 1985) . . . . . . . . . . . . . . . . . . - 2 -, - 11-12
25
     *In re Marriage of Lucas*
26   27 Cal.3d 808 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11-12 -

27   *In re Marriage of Mahone*
     123 Cal.App.3d 17 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -
28

20080512 Daigle Final Appeal Brief.wpd

*In re Pizza of Hawaii, Inc.*
761 F.2d 1374 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

*In re Roosevelt*
87 F.3d 311 (9th Cir.), amended by 98 F.3d 1169 (9th Cir. 1996) . . . . . . - 2 -, - 6 -, - 8 -

*In re Summers*
332 F.3d 1240 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11-12 -

*In re Williams*
124 B.R. 311 (Bankr. C.D. Cal.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

*In re Yarbrow*
150 B.R. 233 (9th Cir. BAP 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

*Irwin v. Department of Veterans Affairs*
498 U.S. 89 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

*Locke v. Schafer (In re Schafer)*
294 B.R. 126 (Bankr. N.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -

*Matter of National Safe Northeast, Inc.*
76 B.R. 896 (Bankr. D. Conn. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . - 6 -, - 7 -

*Murray v. Bammer (In re Bammer)*
131 F.3d 788 (9th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

*Olsen v. Zerbetz (In re Olsen)*
36 F.3d 71 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -, - 9 -, 10 -

*Pepper v. Litton*
308 U.S. 295 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

*Seattle Audubon Soc. v. Robertson*
931 F.2d 590 (9th Cir.1991), *rev'd on other grounds,* 503 U.S. 429 (1992) . . . . . . . . - 9 -

*United States v. Shabani*
513 U.S. 10 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

*Universal Serv. Admin. Co. v. Post-Confirmation Comm. ( In re Incomnet, Inc.)*
463 F.3d 1064 (9th Cir.2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -

*Young v. U.S.*
535 U.S. 43 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 9 -

## **Federal Statutes**

11 U.S.C. § 544(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -, - 14 -

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 7 -

11 U.S.C. § 549 . . . . . . . . . . . . . . . . . . . . . . - 1 -, - 2 -, - 4 -, - 6 -, - 7 -, - 9 -, - 15 -

20080512 Daigle Final Appeal Brief.wpd

1

**Federal Rules**

2  Fed. R. Bankr. P. 8013 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 10 -

3  Fed. R. Civ. P. 56   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 2 -, - 6 -

4

5

**State Statutes**

6  California Civil Code §1213 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

7  California Civil Code §1214 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

8  California Civil Code §1217 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 8 -

9  California Family Code §760 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 --

10  Connecticut General Statutes § 46b-81 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . - 11 -

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20080512 Daigle Final Appeal Brief.wpd

## I. INTRODUCTION

Debtor, Roland P. Daigle ("Debtor") recorded a deed transferring his interest in certain real property to his wife, Audrey Daigle ("A. Daigle") post-petition. The recording of the post-petition deed was not authorized by law or the court. These facts are undisputed. The law is clear that a post-petition recording of a grant deed by a debtor can be set aside under the Trustee's avoidance powers as an unauthorized post-petition transfer pursuant to 11 U.S.C. § 549. The bankruptcy court correctly granted summary judgment in favor of the Trustee, holding that the Trustee could avoid the Debtor's post-petition recording of the grant deed and that the Debtor's interest in the property transferred is property of the estate. This decision should be affirmed.

## II. STATEMENT OF ISSUES

1.    Did the bankruptcy court correctly rule that the Trustee was entitled to summary judgment on the 11 U.S.C. § 549 claim based on the bankruptcy court's findings that the Trust Deed transferring the Debtor's interest in the real property was recorded post-petition on October 22, 2002?

2.    Whether the bankruptcy court properly decided that the statute of limitations period for a claim pursuant to 11 U.S.C. § 549 was equitably tolled, where it was undisputed that the Trustee acted with reasonable due diligence during the Debtor's bankruptcy?

3.    Whether the bankruptcy court was correct in basing its decision on the record and not an implied finding of credibility, where there was no evidence before the court that the Debtor disclosed his interest in the Real Property or transfer thereof?

4.    Whether the bankruptcy court was correct in ruling that the bankruptcy estate is entitled to the Daigles' fifty percent (50%) interest in the Real Property or whether the bankruptcy estate is entitled to only the Debtor's twenty-five percent (25%) interest in the Real Property?

## III. STANDARD OF REVIEW

The district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions. *See Ford v. Baroff*

1  *(In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). Thus, the district court reviews the

2  bankruptcy court's factual findings for clear error and its conclusions of law de novo. *See*

3  *Diamant v. Kasparian (In re Southern Cal. Plastics, Inc.)*, 165 F.3d 1243, 1245 (9th

4  Cir.1999); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1377 (9th Cir. 1985); *Olsen v.*

5  *Zerbetz (In re Olsen)*, 36 F.3d 71, 73 (9th Cir.1994).

6  　　Because a grant of summary judgment is a conclusion of law, it is reviewed de novo.

7  *Universal Serv. Admin. Co. v. Post-Confirmation Comm. ( In re Incomnet, Inc.)*, 463 F.3d

8  1064 (9th Cir.2006). "The reviewing court will affirm a grant of summary judgment only

9  if it appears from the record, after viewing all evidence and factual inferences in the light

10  most favorable to the nonmoving party, that there are no genuine issues of material fact and

11  that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); *In*

12  *re Yarbrow*, 150 B.R. 233, 236 (9th Cir. BAP 1993).  An order granting summary judgment

13  may be affirmed on any ground supported by the record. *In re Olsen,* 36 F.3d at 73; *Enlow*

14  *v. Salem-Keizer Yellow Cab Co.,* 371 F.3d 645, 649 (9th Cir. 2004).

15  　　When a transfer occurs within the meaning of the Bankruptcy Code is a question of

16  law reviewed de novo.  *In re Roosevelt,* 87 F.3d 311, 315 (9th Cir.), amended by 98 F.3d

17  1169 (9th Cir. 1996).

18  　　Equitable tolling presents a mixed question of law and fact, which are reviewed de

19  novo. *Murray v. Bammer (In re Bammer),* 131 F.3d 788, 792 (9th Cir.1997).  A mixed

20  question of law and fact exists when there is no dispute as to the facts, the rule of law is

21  undisputed, and the question is whether the facts satisfy the legal rule. *Id.; Diamond v. City*

22  *of Taft,* 215 F.3d 1052, 1055 (9th Cir. 2000).

23  　　Whether property held in joint tenancy is community property is a question of fact.

24  *In re Jacobs,* 48 B.R. 570, 572 (Bankr. S.D. Cal. 1985); *Gudelj v. Gudelj,* 41 Cal.2d 202,

25  212 (1953); *In re Marriage of Mahone,* 123 Cal.App.3d 17, 23 (1981).

26  ///

27  ///

28  ///

## IV.  STATEMENT OF THE CASE

This appeal is from a January 16, 2008 order from the bankruptcy court, the Honorable James W. Meyers presiding, which granted the Trustee's Motion for Summary Judgment against appellants, the Debtor and A. Daigle (collectively, the "Daigles"). (Ex. J). The court granted the Trustee summary judgment on a claim under 11 U.S.C. §549, the court holding that the post-petition recording of a deed transferring the real property and improvements thereon is an avoidable transfer and that the Debtor's interest in that real property is property of the bankruptcy estate. (Ex. J). The subject real property, is an 8 unit apartment condominium complex, located at 531-545 Boswell Avenue, Norwich, Connecticut (collectively "Real Property"). (Ex. J). The court ruled that the Daigle's fifty percent (50%) interest in the Real Property was property of the bankruptcy estate. (Ex. J).

Debtor filed a Chapter 7 bankruptcy on October 18, 2002. (Ex. B ¶1; Ex. E ¶1; Ex. F ¶1). Debtor received his discharge in March 2003 (Ex. B ¶; Ex. E ¶2; Ex. F ¶2), but the case was reopened by the court in October 2006. (Ex. B ¶3; Ex. E ¶3; Ex. F ¶3)

At the time of the filing of his Chapter 7 petition, Debtor did not list any interest in real property on Schedule A. (Ex. B ¶4; Ex. C ¶1; Ex. F ¶4). At the time of the filing of the Chapter 7 petition, Debtor did not list any transfers in response to Statement of Financial Affairs number 10. (Ex. B ¶5; Ex. C ¶2; Ex. F ¶5).

On or about January 31, 1984, Debtor and Robert M. Caruso purchased the Real Property. (Ex. B ¶7; Ex. C ¶3; Ex. F ¶7). By Quitclaim Deed dated August 26, 1985, Debtor transferred his interest in the Real Property to himself and his wife, A. Daigle, as joint tenants (Ex. B ¶9; Ex. C ¶5; Ex. F ¶9).

Years later, Debtor is purported to have signed a Quitclaim Deed for the Real Property dated May 18, 2001 to "Transfer to Real Estate Trust, Audrey A. Daigle, Trustee" ("Quitclaim Deed") (Ex. B ¶10; Ex. C ¶6; Ex. F ¶10). The Quitclaim Deed was notarized on October 14, 2002 (Ex. C ¶6 ). However, the Quitclaim Deed was not recorded until October 22, 2002, four days after Debtor's bankruptcy filing. (Ex. B ¶12; Ex. C ¶6, 8-9; Ex. F ¶12; Ex. H 2:19-22 and 3:1-13). This last fact is undisputed, as the Daigles concede the

1    deed was recorded post-petition (Ex. F ¶12).  On January 9, 2006, the Daigle Trust quit

2    claimed the Real Property back to Debtor and his wife Audrey as joint tenants.  (Ex. C ¶7).

3        The Trustee was contacted in 2006 by a Connecticut attorney who was negotiating

4    the purchase of the Real Property on behalf of his client. (Ex. B ¶14; Ex. C ¶2).  This is

5    when the Trustee became aware of the existence of Debtor's interest in the Real Property.

6    (Ex. B ¶14; Ex. C ¶2).  It is an undisputed fact that the Trustee conducted proper due

7    diligence regarding the Debtor's estate. (Ex. B ¶17; Ex. D ¶2-4; Ex. F ¶17).

8        A hearing on the Trustee's motion for summary judgment was held on December 19,

9    2007. (Ex. I, J).  The bankruptcy court ruled in the Trustee's favor and against the Daigles,

10    granting summary judgment on the avoidance of unauthorized post-petition transfer of the

11    Real Property, per 11 U. S. C. § 549.  (Ex. J).  The Daigles have appealed the order granting

12    summary judgment.

13                        **V.  SUMMARY OF ARGUMENT**

14        The Daigles have not demonstrated that there is a genuine issue of material fact that

15    would warrant reversing the bankruptcy court's grant of summary judgment.  It is clear that

16    the Debtor recorded a deed transferring his interest in the Real Property post-petition

17    without court authorization.  The Daigles argue that the issue is the date Debtor allegedly

18    signed the Quitclaim Deed.  However, the Trustee argues, as he did below to Judge Meyers,

19    that the date that the Quitclaim Deed was signed is irrelevant to a claim under 11 U.S.C. §

20    549.  Instead the relevant date is the date of recording.  The legal question the bankruptcy

21    court examined and made a determination of, was the effect of recording of the Quitclaim

22    Deed on October 22, 2002.  Judge Meyers ruled that the recording was a post-petition

23    transfer that can be set aside by the Trustee. (Ex J.)

24        Additionally, the bankruptcy court correctly held that the statute of limitations was

25    equitably tolled.  In determining whether the limitations period can be tolled, the court must

26    review whether the Trustee acted with reasonable due diligence.   It is undisputed that the

27    Trustee exercised proper due diligence in handling the Debtor's bankruptcy case.  Therefore,

28    there was and is no issue of material fact that would preclude summary judgment on this

                                - 4 -        20080512 Daigle Final Appeal Brief.wpd

1    issue.

2        The Daigles attempt to argue that the bankruptcy court granted summary judgment

3    entirely on a finding that the Debtor lacked credibility.  However, this is not the case, as the

4    bankruptcy court explicitly stated at the time it granted summary judgment.  Judgment was

5    made on the legal question of the effect of recording the Quitclaim Deed on a date after the

6    Debtor filed his chapter 7 petition.

7        The record demonstrates that the Daigles did not put forth competent evidence to

8    show that the Debtor had previously disclosed his interest in the Real Property or transfer

9    of the Real Property.  Thus, there was no issue of material fact to prevent granting summary

10   judgment in favor of the Trustee and against the Daigles.  The judgment of the Bankruptcy

11   Court should be affirmed.

12       Lastly, the Trustee concedes that the bankruptcy estate is only entitled to the

13   Debtor's twenty-five percent (25%) interest in the Real Property and not the Daigles' fifty

14   percent (50%) interest.  A. Daigle has a separate property interest in the Real Property,

15   which is not community property and therefore property of her husband's bankruptcy estate.

16   The record demonstrates and it is undisputed that the Daigles held the Real Property as joint

17   tenants per the Quitclaim Deed dated August 26, 1985.  (Ex. B ¶9; Ex. C ¶5; Ex. F ¶9).

18   Debtor transferred his interest in the Real Property to himself and his wife, A. Daigle, as

19   joint tenants creating a presumption under California law that the Daigles held their

20   respective interests in the Real Property as their own separate property.  As this court is

21   reviewing the bankruptcy court's grant of summary judgment de novo, this court should rule

22   on the correct percentage of the Debtor's interest in the Real Property as of the date of the

23   petition and restore that interest to the Trustee/estate.  Trustee contends that the estate is

24   entitled to Debtor's 25% percent in the Real Property.

25   ///

26   ///

27   ///

28   ///

1

## VI. ARGUMENT

2  **A.   The Bankruptcy Court Correctly Ruled that the Unauthorized Post-Petition**
   **Recording of the Quitclaim Deed was Avoidable by the Trustee Pursuant to 11**
3  **U.S.C. § 549.**

4          Summary judgment is proper if there is no genuine issue as to any material fact. Fed.

5  R. Civ. P. 56(c); *Locke v. Schafer (In re Schafer),* 294 B.R. 126, 129-130 (Bankr. N.D. Cal.

6  2003).   While, the moving party bears the initial burden of demonstrating the absence of a

7  genuine issue of material fact, *Id.* at 130; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323

8  (1986), the opposing party must present admissible evidence, designating *specific* facts

9  showing that there is a genuine issue for trial. FRCP 56(e); *Anderson v. Liberty Lobby, Inc.,*

10  477 U.S. 242, 248 (1986)(*emphasis added*).  Here, the Daigles did not provide specific facts

11  to show that there was a genuine issue of material fact before the court.  While the Daigles

12  did disagree with some of the facts presented by the Trustee (see generally Ex. F), they were

13  not material to the bankruptcy court's decision.   (Ex. I 4:22-24; 13:14-22; 18:8-12).

14          The Daigles did not provide any evidence to contradict the fact that the Quitclaim

15  Deed transferring the Real Property to "Real Estate Trust, Audrey A. Daigle, Trustee" was

16  recorded post-petition on October 22, 2002. (Ex. B ¶12; Ex. C ¶6, 8-9; Ex. F ¶12; Ex. H

17  2:19-22 and 3:1-13).   The question of when a transfer occurs within the meaning of the

18  Bankruptcy Code is a question of law reviewed de novo.  *In re Roosevelt,* 87 F.3d at 315.

19  The Bankruptcy Court found as a matter of law that a transfer occurred post-petition.

20  Section 549 of the Bankruptcy Code provides that a trustee may avoid a post-petition

21  transfer of property of the estate that is not authorized by either the Bankruptcy Code or the

22  bankruptcy court.11 U.S.C. § 549; *In re Brooks-Hamilton*, 348 B.R. 512, 522 (Bankr. N.D.

23  Cal 2006); *Matter of National Safe Northeast, Inc.,* 76 B.R. 896, 906 (Bankr. D. Conn.

24  1987).  Debtor transferred the Real Property post-petition, and pursuant to 11 U.S.C. § 549

25  it is avoidable by Plaintiff because the transfer: (a) occurred after the commencement of the

26  case; and (b) was not authorized under Title 11 or by the Bankruptcy Court. 11 U.S.C. §

27  549.

28          The Daigles focused the majority of their opposition to the motion for summary

- 6 -

1    judgment and their appeal arguing that the operative date of the transfer by Quitclaim Deed

2    is the date it was signed by the Debtor. (Ex. ¶G 4:13-15 and 18-20; Appellant's Brief 2:22-

3    24). However, this fact is irrelevant as to the Trustee's claim under 11 U.S.C. § 549. The

4    date the Quitclaim Deed was signed and delivered, is only relevant to the Trustee's

5    alternative claim for avoidance of a fraudulent transfer under 11 U.S.C. § 548, which was

6    not decided by the bankruptcy court. (Ex. I, 4:22-24, 13:14-22. 14:1-9). Summary

7    judgment is proper because the unauthorized post-petition *recording* of the Quitclaim Deed

8    is avoidable as an unauthorized post-petition transfer of property of the estate. The Daigles

9    cite no law that contradicts or refutes the Trustee's contention that a post-petition recording

10   of a deed is an avoidable transfer. The law is clear on this point and supports the Trustee's

11   position. *In re Brooks-Hamilton*, 348 B.R. at 522; *Matter of National Safe Northeast, Inc.,*

12   76 B.R. at 906.

13       *Brooks-Hamilton* is directly on point with the law and facts of this case and holds that

14   **a post-petition recording of a grant deed by a debtor can be set aside as an**

15   **unauthorized post-petition transfer**. *Id.* at 522. The recording of the deed constitutes a

16   transfer. *Id.* As in, *Brooks-Hamilton,* here, Debtor was not authorized to record the deed

17   post-petition by either the Bankruptcy Code or the Bankruptcy Court. *See Id.* at 522-23.

18   Therefore, Judge Meyers held that the transfer was properly was avoidable by the Trustee.

19       The Daigles are incorrect in their analysis of *Brooks-Hamilton*, as the case does not

20   make any distinction between transfers of real property from a trust as opposed to an

21   individual. Defendants did not and have not provided the court with any specific facts to

22   create a genuine issue of material fact as to the date of recording of the Quitclaim Deed.

23   *Brooks-Hamilton* instructs that the transfer was not effective as to the Trustee (or other

24   creditors) until October 22, 2002, the date of recording. (Ex. B ¶12; Ex. C ¶6, 8-9; Ex. F

25   ¶12; Ex. H 2:19-22 and 3:1-13).

26       While California law states that a transfer of an interest in real property occurs when

27   a deed is executed and delivered to the buyer, regardless of when it is recorded, *See Id.* at

28   523, fn. 16, this transfer is *only* effective between the parties to the transaction and others

with notice of it, not as to the Trustee (or any other creditor without knowledge of the transfer). *Id.* The Daigles appear to ignore this point, as they have not addressed it in their briefs. (See generally, Ex. G and Appellant's Brief). Additionally, a grantee's unperfected interest in property is subject to avoidance by the trustee in exercise of his strong-arm powers as a hypothetical bona fide purchaser. 11 U.S.C. § 544(a)(3); *Id.* at 523. Under California law, an unrecorded transfer of real property is void as against a bona fide purchaser that has perfected his interest in the real property. *Id.*; Cal. Civ. Code §1214. As a result of the avoidance of the recording of the deed (pursuant to 11 U.S.C. § 549), the transfer represented by the execution of the post-petition deed is rendered unperfected and thus subject to avoidance under 11 U.S.C. § 544(a)(3). Debtor recorded the deed after the petition date, and therefore the transfer of the Real Property is avoidable by the Trustee. *Id.* The judgment of the bankruptcy court should be affirmed.

Section 549 of the Bankruptcy Code permits a trustee to avoid an unauthorized post-petition transfer. It is well established that, under bankruptcy law, perfection of an interest in property is considered a transfer separate and apart from the transfer of title. *In re Garner,* 208 B.R. 698, 699 (Bankr. N.D. Cal. 1997); *In re Williams,* 124 B.R. 311, 315 (Bankr. C.D. Cal.1991). The court in *In re Brooks* noted that while a transfer of an interest in real property occurs when a deed is executed and delivered to the buyer, the transfer is only effective as to the parties to the transaction and others with notice. *In re Brooks,* 348 B.R. at 523, fn. 16, citing *In re Roosevelt,* 87 F.3d at 316-18; Cal. Civ. Code §1217. A second transfer occurs when the deed is recorded which gives constructive notice to the world of the transfer. *In re Brooks,* 348 B.R. at 523, fn. 16, citing Cal. Civ. Code §1213; *In re Gulino,* 779 F.2d 546, 551, n. 3 (9th Cir. 1985).

Defendants have not provided the court with any specific facts to create a genuine issue of material fact to dispute the fact that an avoidable post-petition transfer occurred. Therefore, Plaintiff respectfully requests that the court affirm the bankruptcy court's decision granting the motion for summary judgment in favor of the Trustee and against the Daigles.

20080512 Daigle Final Appeal Brief.wpd

1

**B.    The Bankruptcy Court Correctly Decided that the Statute of Limitations for a
2        Claim Pursuant to 11 U.S.C. § 549 was Equitably Tolled.**

3          The Daigles argues that the bankruptcy court ignored the applicable statute of

4    limitations for a claim under 11 U.S.C. § 549. (Appellant's Brief 4:17-19).  This is incorrect.

5    The Trustee's brief contained a discussion of equitable tolling and why the limitations

6    period should be tolled.  (Ex. A, 6:4-28, 5:1-5).  It can be presumed that the court accepted

7    these arguments, as they are part of the record. (Ex. I, 19:25 and 20:1).  An order granting

8    summary judgment may be affirmed on any ground supported by the record. *In re Olsen,* 36

9    F.3d at 73; *Enlow v. Salem-Keizer Yellow Cab Co.,* 371 F.3d at 649.  The Daigles ignore the

10   undisputed fact that the Trustee conducted proper due diligence regarding the Debtor's

11   estate (Ex. B ¶17; Ex. D ¶2-4; Ex. F ¶17), when they incorrectly argue that no findings in

12   this case were established as to why the case is within the circumstances of *In re Olsen.*

13   (Appellant's brief, 6:28; 7:1, 8-9).  Therefore, the bankruptcy court correctly held that the

14   limitations period should be tolled.

15        It is hornbook law that limitations periods are "customarily subject to equitable

16   tolling," *Young v. U.S.,* 535 U.S. 43, 49 (2002), *citing, Irwin v. Department of Veterans*

17   *Affairs,* 498 U.S. 89, 95 (1990). Congress must be presumed to draft limitations periods in

18   light of this background principle. *Young,* 535 U.S. at 49-50; *United States v. Shabani,* 513

19   U.S. 10, 13 (1994). That is doubly true when it is enacting limitations periods to be applied

20   by bankruptcy courts, which are courts of equity.  *Young,* 535 U.S. at 50; *Pepper v. Litton,*

21   308 U.S. 295, 304 (1939).

22        Equitable tolling is applied under federal law in two types of situations: (1) where

23   defendant's wrongful conduct prevented plaintiff from timely asserting his claim, and (2)

24   where extraordinary circumstances outside plaintiff's control make it impossible for plaintiff

25   to timely assert his claim. *In re Hayes*, 327 B.R. 459 (Bankr. C.D. Cal. 2005); *Seattle*

26   *Audubon Soc. v. Robertson,* 931 F.2d 590, 595 (9th Cir.1991), *rev'd on other grounds,* 503

27   U.S. 429 (1992).  Equitable tolling is permitted when it would effectuate: (1) the policies

28   underlying the statute, and (2) the purposes of the limitations period. *In re Hayes,* 327 B.R.

                                                    - 9 -

1  at 459; *Gurney v. Arizona Dept. of Revenue (In re Gurney)*, 192 B.R. 529, 538 (9th Cir.

2  BAP 1996).

3      The principle of equitable tolling applies to § 549(d), as stated by the Ninth Circuit

4  in *In re Olsen* 36 F.3d 71 (9th Cir.1994). The court found that the statute was equitably

5  tolled until the date the trustee discovered the debtors' conveyances. *Id.*

6      To be entitled to equitable tolling, a party must establish that it acted with reasonable

7  diligence in pursuing its claim. *In re Hayes,* 327 B.R. at 459, *citing Gardenhire v. U.S.*

8  *Internal Rev. Serv. (In re Gardenhire)*, 209 F.3d 1145, 1151 (9th Cir.2000), 209 F.3d at

9  1151. It was an undisputed fact that the Trustee acted with reasonable due diligence (Ex.

10 B ¶17; Ex. D ¶2-4; Ex. F ¶17). The Daigles cannot now argue that there was no basis for

11 the Bankruptcy Court's decision when they agreed that the Trustee acted properly and

12 therefore that the statute of limitations could be equitably tolled. *Id.*

13     The bankruptcy court's finding that the statute of limitations was equitably tolled is

14 sound. Debtor failed to disclose any interest in the Real Property or transfer thereof on the

15 date of his petition. (Ex. B ¶4-5; Ex. C ¶1-2; Ex. F ¶4-5). In fact, the Trustee only learned

16 of the transfer of the Real Property after being contacted by an attorney in Connecticut. (Ex.

17 B ¶14; Ex. C ¶2). In addition, Debtor never updated or amended his Schedules or Statement

18 of Financial Affairs to reflect his post-petition recording of the Trust Deed transferring the

19 Real Property.

20     Therefore, the bankruptcy court was correct in ruling that equitable tolling applied,

21 and the statute of limitations began to run when the Trustee discovered the existence of the

22 Real Property. Accordingly, the Trustee's complaint was timely filed and the bankruptcy

23 court decision should be affirmed as to equitable tolling.

24
**C.    The Bankruptcy Court's decision was Based on the Record and Not On an
25      Implied Finding of Credibility.**

26     On appeal, the reviewing court shall give "due regard ... to the opportunity of the

27 bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. Bankr.

28 R. 8013 provides that a bankruptcy court's "findings of fact shall not be set aside unless

20080512 Daigle Final Appeal Brief.wpd

1   clearly erroneous, and [that] due regard shall be given to the opportunity of the bankruptcy

2   court to judge the credibility of the witnesses." *In re Hanson,* 172 B.R. 67,69 (9th Cir. BAP

3   1994).

4          The bankruptcy court based its decision to grant summary judgment in favor of the

5   Trustee on the record before it.  (Ex. I, 19:25 and 20:1).  The record was clear that the

6   Debtor recorded the Quitclaim Deed post-petition without court authority.  He recorded the

7   Quitclaim Deed only four days after he filed bankruptcy.  The Debtor never informed the

8   Trustee of the recording of the Deed. (Ex. B ¶17; Ex. D ¶2-4; Ex. F ¶17).  As was noted in

9   the record, if there were something disclosed at the time of the bankruptcy petition filing or

10  341(a) meeting of creditors, the Daigles would have presented such evidence in opposition

11  to the motion for summary judgment.  Debtor did not present any credible evidence of

12  disclosure in 2002.  Instead, the Trustee's counsel informed the Bankruptcy Court that the

13  § 341(a) transcript demonstrated that the Debtor did not give notice of the transfer of the

14  Real Property. (Ex. I, 18:8-12). Further the Debtor's Schedules and Statement of Financial

15  Affairs omitted any reference to the  Quitclaim Deed, whether it was signed in May 2001,

16  or in October 2002, when it was notarized . (Ex. C  ¶¶ 1 & 2).   Based on this information,

17  there was no issue of material fact left in dispute regarding the disclosure of the Debtor's

18  interest in the Real Property, and the court properly granted summary judgment in favor of

19  the Trustee.  Accordingly, the bankruptcy court's decision should be affirmed.

20

**D.    The Debtor's Twenty-Five Percent Interest in the Real Property as Held**
21  **Pursuant to the August 26, 1985 Quitclaim Deed is Property of the Estate.**

22         State law determines the characterization of a residence as joint tenancy or

23  community property. *In re Jacobs,* 48 B.R. 570, 573 (Bankr. S.D. Cal. 1985); *In re*

24  *Summers,* 332 F.3d 1240, 1242 (9th Cir. 2003).  Under California law, property acquired

25  during marriage is presumed to be community property. *Id.;* Cal. Fam. Code § 760 (West

26  2008); *In re Marriage of Lucas,* 27 Cal.3d 808, 814 (1980).   However, the general

27  community property presumption is rebutted by the affirmative act of specifying joint

28  tenancy title in the deed. *In re Jacobs,* 48 B.R. at 573*; In re Summers,* 332 F.3d at 1243;

1    *Lucas,* 27 Cal.3d at 814-15.  Property taken in joint tenancy title is presumed to be held as

2    joint tenancy property, with each spouse owning an undivided one-half interest. *Id.*  This

3    form of title presumption is not conclusive. *Id.; Gudelj,* 41 Cal.2d at 212.

4         The party opposing the presumption must prove that the property is not held in joint

5    tenancy but as community property. *In re Jacobs,* 48 B.R. at 573.  The joint tenancy

6    presumption may be rebutted by showing, by a preponderance of the evidence, an agreement

7    or understanding of the husband and wife to hold the property in some other form of title;

8    such as community property. *Id.; Lucas,* 27 Cal.3d at 815.  Here, the Trustee must establish

9    the existence of a question of fact as to whether the form of title presumption has been

10   rebutted with evidence of an agreement between the Daigles to hold the Real Property as

11   community property. *Id.*  There has been no evidence presented to rebut the presumption

12   that the Daigles intended to hold their respective interests as their own separate property.

13   Therefore, the estate is only entitled to the Debtor's interest in the Real Property, 25% of the

14   whole.

15        The California case law states that when a married couple acquires real property and

16   the instrument of conveyance expressly states that the spouses are acquiring the property as

17   joint tenants, the California community property presumption is rebutted, and the spouses

18   are presumed to hold the property as joint tenants. *Id.*  Thus, only the spouse's separate

19   property joint interest becomes property of the bankruptcy estate upon the filing of a petition

20   for relief under the Bankruptcy Code.  Accordingly, only the Debtor's interest, and not A.

21   Daigle's separate property interest in the Real Property is property of the bankruptcy estate.

22   The record demonstrates and it is undisputed fact that the Daigles held the Real Property as

23   joint tenants per the Quitclaim Deed dated August 26, 1985. (Ex. B ¶9; Ex. C ¶5; Ex. F ¶9).

24   Debtor held a twenty-five percent interest in the Real Property pursuant to that deed, which

25   he attempted to transfer post-petition.  The Trustee is entitled to avoid the Debtor's transfer

26   of his twenty-five (25%) interest in the Real Property pursuant to 11 U.S.C. §549 as

27   explained above.  Accordingly, the bankruptcy court's decision avoiding the interest should

28   be affirmed.  However, the correct interest to be avoided is twenty-five percent (25%).

- 12 -

# VII. CONCLUSION.

For the reasons stated above, Appellee respectfully requests that:

1)    The Court affirm the Bankruptcy Court's granting of summary judgment in favor of the Trustee and against the Daigles and that the Quitclaim Deed, Instrument No. 2002007100, recorded October 22, 2002, with the Norwich Town Clerk is void and of no force or affect;

2)    The Court affirm the Bankruptcy Court's granting of summary judgment holding that the statute of limitations period for a claim pursuant to 11 U.S.C. Code §549 was equitably tolled, as the Trustee acted with reasonable due diligence; and

3)    The Court find that the bankruptcy estate is entitled to recover the Debtor's twenty-five percent (25%) interest in the Real Property as property of the bankruptcy estate.

Respectfully submitted,

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: May 12, 2008        By: /s/William P. Fennell
                           William P. Fennell, Esq.
                           Attorneys for Appellee,
                           James L. Kennedy, Chapter 7 Trustee

- 13 -

20080512 Daigle Final Appeal Brief.wpd

# EXHIBIT "A"

1 | William P. Fennell, Esq. (#164210)
Tracy L. Schimelfenig, Esq. (#243714)
2 | Law Office of William P. Fennell, APLC
2368 Second Ave.
3 | San Diego, CA  92101
Telephone (619) 325-1560
4 | Facsimile (619) 325-1558

5 | Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **SOUTHERN DISTRICT OF CALIFORNIA**

9

10

11 | In re                                          )Case No. 02-10222-M7
                                                   )
12 | ROLAND PAUL DAIGLE (SSN-3341),                 )Adversary No.  06-90433-JM
                                                   )
13 |                          Debtor.               )
    | _____       )**MEMORANDUM OF POINTS AND**
14 |                                                 )**AUTHORITIES IN SUPPORT OF**
    | JAMES L. KENNEDY, Chapter 7 Trustee,           )**MOTION FOR SUMMARY**
15 |                                                 )**JUDGMENT OR ALTERNATIVELY**
                                                   )**SUMMARY ADJUDICATION**
16 |                          Plaintiff,            )
    | v.                                            )
17 |                                                 )Hearing Date:        December 19, 2007
    | ROLAND PAUL DAIGLE, an individual;            )Hearing Time:        2:00 p.m.
18 | AUDREY A. DAIGLE, an individual and           )Dept.:               One (1)
    | as Trustee of REAL ESTATE TRUST;             )
19 | ROBERT M. CARUSO, an individual; and )
    | NAYDIA E. CARUSO, an individual;              )
20 |                                                 )
    |                          Defendants.          )
21 | _____       )

22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

EXHIBIT     -B

**TABLE OF CONTENTS**

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

II. STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

III. LAW GOVERNING SUMMARY JUDGMENT MOTIONS . . . . . . . . . . . . . . .  3

IV. ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

V. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

    A.    The Recording of the Deed Post-Petition is
           Avoidable and Therefore Debtor's Interest
           in the Real Property is Property of the Estate. . . . . . . . . . . . . . . . . . . . . .  4

          1.    Debtor Transferred the Real Property
                  Post Petition Without Authorization. . . . . . . . . . . . . . . . . . . . . . .  4

          2.    The Statute of Limitations for a Claim
                  Under 11 U.S.C. § 549 is Tolled. . . . . . . . . . . . . . . . . . . . . . . . . .  6

    B.    The Trustee is Entitled to Declaratory Relief
           Because There are No Triable Issues of Fact. . . . . . . . . . . . . . . . . . . . . .  7

    C.    Plaintiff is Entitled to Sell the Estate and
           Co-owners' Interests in the Real Property
           Pursuant to 11 U.S.C. § 363(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

    D.    Alternatively, the Transfer of the Debtor's
           Interest in the Real Property May be Avoided
           as a Fraudulent Conveyance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

VI. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

EXHIBIT    - F

- i -

# TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242, 248 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Celotex Corp. v. Catrett,*
   477 U.S. 317, 323 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Chemical Bank v. Dana,*
   234 B.R. 585 (Bankr. D. Conn. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . 11 , 12

*Decker v. Advantage Fund Ltd.,*
   362 F.3d 593, 596 (9th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*In re Brooks-Hamilton,*
   348 B.R. 512, 522 (Bankr. N.D. Cal 2006) . . . . . . . . . . . . . . . . . . . . . . 4 , 5

*In re Downingtown Indus. & Agr. School,*
   172 B.R. 813 (Bankr. E.D. Pa.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Marino,*
   813 F.2d 1562 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Maruko, Inc.,*
   200 B.R. 876 (Bankr. S.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Olsen,*
   36 F.3d 71, (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re United Energy Corp.,*
   944 F.2d 589, 595 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 , 11

*In re United Insurance Mgmt.,* Inc.,
   14 F.3d 1380, 1384-85 (9th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Kendall v. Turner (In re Turner),*
   335 B.R. 140, 145 (Bankr. N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . 10 , 11

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,*
   501 U.S. 350, 363 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Locke v. Schafer (In re Schafer)*
   294 B.R. 126, 129-130 (Bankr. N.D. Cal. 2003) . . . . . . . . . . . . . . . . . 3 , 7

*Lumbermens Mut. Cas. Co. v. Borden Co.,*
   241 F.Supp. 683, 698 (S.D.N.Y.1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Matter of National Safe Northeast, Inc.,*
   76 B.R. 896, 906 (Bankr. D. Conn. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*McGraw-Edison Co. v. Preformed Line Products Co.,*
   362 F.2d 339 (9th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Semegen v. Weidner,*
   780 F.2d 727 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

20071120 DAIG Memo of P's and A's in support of MSJ.wpd

EXHIBIT     - P

1   *Spear v. Schafler (In re Schafler),*
        263 B.R. 296, 304 (N.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

2
    *Yzweig v. Herst Corporation,*
3       521 F.2d 1129 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

4

5   **<u>Statutes & Codes</u>**

6   11 U.S.C. § 363(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 , 4 , 8 , 12

7   11 U.S.C. § 549 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4 ,7

8   11 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

9   11 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

10  11 U.S.C. § 363(j) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11  11 U.S.C. § 544(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12  11 U.S.C. § 546(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13  11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10 , 11

14  11 U.S.C. § 548(a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15  11 U.S.C. § 548(a)(1)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

16  11 U.S.C. § 548(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

17  11 U.S.C. § 548(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18  11 U.S.C. § 544(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19  11 U.S.C. § 550 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

20  C.G.S.A. § 52-552f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11 , 12

21  Cal. Civ. Code § 1214 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

22  Cal Civ Code § 3439.04(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

23  Conn. Gen. Stat. § 47-10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

24  Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3 , 4

25

26

27

28

EXHIBIT    - P

1    Plaintiff and Chapter 7 Trustee, James L. Kennedy ("Plaintiff") hereby submits this

2    Memorandum of Points and Authorities in Support of Motion for Summary Judgment or

3    Alternatively Summary Adjudication as follows:

### I. INTRODUCTION

5    Debtor recorded a deed transferring his interest in certain real property to his wife

6    post-petition. The recording of the post-petition deed was not authorized by law or the

7    court. The Debtor did not disclose the real property or the transfer of the property to the

8    Trustee at any time during his bankruptcy proceeding either in his Schedules, Statement of

9    Financial Affairs or while testifying at the 341(a) meeting. The law is clear that a post-

10   petition recording of a grant deed by a debtor can be set aside as an unauthorized post-

11   petition transfer. The Trustee seeks to set aside the debtor's unauthorized transfer of the real

12   property and an order from this court declaring that the debtor's interest in the real property

13   is property of the estate. The Trustee additionally seeks authority to sell the debtor's interest

14   in the real property pursuant to 11 U.S.C. § 363(h).

### II. STATEMENT OF FACTS

16   On or about October 18, 2002 ("Petition Date"), Roland Paul Daigle ("Debtor") filed

17   for relief pursuant to the provisions of Chapter 7 of Title 11, of the United States

18   Bankruptcy Code, Southern District of California.[1] On or about that same date, Plaintiff

19   was appointed, and is the duly authorized representative of the Bankruptcy Estate pursuant

20   to § 704 of the Bankruptcy Code.

21   Debtor received a discharge on March 3, 2003.[2] By order dated October 24, 2006

22   the court approved the Trustee's motion to reopen Debtor's bankruptcy case.[3] At the time

23   of the filing of his Chapter 7 petition, Debtor did not list any interest in real property on

---

[1]Separate Statement of Undisputed Material Facts ("UMF")1.

[2]UMF 2.

[3]UMF 3.

EXHIBIT    - #

1    Schedule A.[4]  At the time of the filing of the Chapter 7 petition, Debtor did not list any

2    transfers in response to number 10 on his Statement of Financial Affairs.[5]  However, at the

3    time Debtor filed bankruptcy, Debtor had a fee interest in the real property and

4    improvements thereon, in an 8 unit apartment/condominium complex, located at 531-545

5    Boswell Avenue, Norwich, Connecticut (collectively "Real Property").[6]

6         On or about January 31, 1984, Debtor and Robert M. Caruso ("R. Caruso")

7    purchased the Real Property.[7]  By Quitclaim Deed dated August 26, 1985, R. Caruso

8    transferred his interest in the Real Property to himself and his wife,  Naydia E. Caruso ("N.

9    Caruso") as joint tenants.[8]  By Quitclaim Deed dated August 26, 1985, Debtor transferred

10    his interest in the Real Property to himself and his wife, Audrey A. Daigle, ("A. Daigle"),,

11    as joint tenants.[9]

12         Debtor transferred the Real Property to "Real Estate Trust, Audrey A. Daigle,

13    Trustee" by Quitclaim Deed dated May 18, 2001.[10]  The Deed was not signed until October

14    14, 2002 based upon the date of the notary acknowledgment.[11]  The Quitclaim Deed was not

15    recorded until October 22, 2002, four days after Debtor's bankruptcy filing.[12]  On or about

16    January 9, 2006 A. Daigle, Trustee of the Trust transferred the Real Property to Debtor and

17    A. Daigle as joint tenants by Quitclaim Deed.[13]

18

---

19    [4]UMF 4.

20    [5]UMF 5.

21    [6]UMF 6.

22    [7]UMF 7.

23    [8]UMF 8.

24    [9]UMF 9.

25    [10]UMF 10.

26    [11]UMF 11.

27    [12]UMF 12.

28    [13]UMF 13.

 EXHIBIT    - A

20071120 DAIG Memo of P's and A's in support of MSJ.wpd

1       The Trustee did not become aware of the existence of the Real Property until he was

2  contacted in 2006 by a Connecticut attorney who was negotiating the purchase of Real

3  Property on behalf of his client.[14] Trustee was not previously aware of the existence of

4  Debtor's interest in the Real Property.[15]  Upon discovery of Debtor's interest in the Real

5  Property, the Trustee sought to reopen the Debtor's bankruptcy case and employed counsel

6  to file an adversary proceeding to recover Debtor's interest in the Real Property.[16]

### III.  LAW GOVERNING SUMMARY JUDGMENT MOTIONS

8       Summary judgment is proper "if the pleadings, depositions, answers to

9  interrogatories, and admissions on file, together with the affidavits, if any, show that there

10  is no genuine issue as to any material fact and that the moving party is entitled to a judgment

11  as a matter of law."[17]  The moving party bears the initial burden of demonstrating the

12  absence of a genuine issue of material fact.[18]  The moving party, however, has no burden

13  to negate or disprove matters on which the non-moving party will have the burden of proof

14  at trial.[19]  Once the moving party has met its burden, the party opposing the motion may not

15  rest upon the mere allegations or denials of his pleadings, but must set forth specific facts

16  showing that there is a genuine issue for trial.[20]

17       The purpose of summary judgment is to avoid unnecessary trials when there is no

18  dispute as to the facts before the court.[21]  The moving party is entitled to summary judgment

19  as a matter of law where, viewing the evidence and the inferences arising therefrom in favor

---

[14]UMF 14.

[15]UMF 15.

[16]UMF 16.

[17] Fed. R. Civ. P. 56(c); *Locke v. Schafer (In re Schafer)*, 294 B.R. 126, 129-130 (Bankr. N.D. Cal. 2003).

[18]*Id.* at 130; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[19]*Id.*

[20]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[21]*Yzweig v. Herst Corporation*, 521 F.2d 1129 (9th Cir. 1975).

 EXHIBIT    - 

20071120 DAIG Memo of P's and A's in support of MSJ.wpd

1    of the non-movant, there are no genuine issues of material fact in dispute.[22]

2          As discussed in detail below, Trustee asserts that there is no genuine issue of material

3    fact, as the evidence demonstrates that at the time Debtor filed for bankruptcy, he had an

4    interest in the Real Property.  It is undisputed that deed transferring that interest was

5    recorded post-petition. Therefore, the Court must grant judgment in favor of the Trustee on

6    the avoidance of the post-petition transfer.  Additionally, judgment should be granted

7    authorizing the trustee to sell the Real Property per 11 U.S.C. §363(h).

8                              **IV.  ISSUES PRESENTED**

9          Can the post-petition recording of a deed, transferring a debtor's interest in real

10   property, be set aside by a Chapter 7 Trustee as an unauthorized post-petition transfer

11   under 11 U.S.C. § 549? **Yes.**

12         Can a Chapter 7 Trustee sell the Estate's and co-owners' interests in real property

13   under 11 U.S.C. § 363(h) where all conditions are met?  **Yes.**

14                              **V.  ARGUMENT**

15   **A.      The Recording of the Deed Post-Petition is Avoidable and Therefore
             Debtor's Interest in the Real Property is Property of the Estate.**

16           **1.      Debtor Transferred the Real Property Post Petition Without
                      Authorization.**

17

18         Debtor transferred the Real Property post-petition, and pursuant to 11 U.S.C. § 549

19   it is avoidable by Plaintiff because the transfer: (a) occurred after the commencement of the

20   case; and (b) was not authorized under Title 11 or by this court.[23] Section 549 of the

21   Bankruptcy Code provides that a trustee may avoid a post-petition transfer of property of

22   the estate that is not authorized by either the Bankruptcy Code or the bankruptcy court.[24]

23         *In re Brooks* is directly on point with the law and facts of this case and holds that **a**

24   **post-petition recording of a grant deed by a debtor can clearly be set aside as an**

25

26   [22]Federal Rules of Civil Procedure Rule 56(c); *Semegen v. Weidner*, 780 F.2d 727  (9th Cir. 1985).

27   [23]11 U.S.C. §549.

28   [24]11 U.S.C. § 549; *In re Brooks-Hamilton*, 348 B.R. 512, 522 (Bankr. N.D. Cal 2006); *Matter of National Safe Northeast, Inc.*, 76 B.R. 896, 906 (Bankr. D. Conn. 1987).

EXHIBIT      - ℰ

1    **unauthorized post-petition transfer.**[25]  Upon the filing of the bankruptcy petition, the

2    beneficial interest in the real property is property of the debtor's bankruptcy estate, and the

3    recording of the deed constitutes a transfer of this interest.[26]   As in, *In re Brooks,* here,

4    Debtor was not authorized to record the deed post-petition by either the Bankruptcy Code

5    or the Bankruptcy Court.[27]  Therefore, the transfer is avoidable by the Trustee.

6        Debtor has previously contended that California law states that a transfer of an

7    interest in real property occurs when a deed is executed and delivered to the buyer,

8    regardless of when it is recorded.[28]  However, this transfer is *only* effective between the

9    parties to the transaction and others with notice of it, not as to the Trustee (or any other

10   creditor without knowledge of the transfer).[29]  Connecticut law is in agreement. Conn. Gen.

11   Stat. § 47-10 ("no conveyance shall be effectual to hold any land against any other person

12   but the grantor and his heirs, unless recorded on the records of the town in which the land

13   lies").

14       Additionally, a grantee's unperfected interest in property is subject to avoidance by

15   the trustee in exercise of his strong-arm powers as a hypothetical bona fide purchaser.[30]

16   Under California law, an unrecorded transfer of real property is void as against a bone fide

17   purchaser that has perfected his interest in the real property.[31]  As a result of the avoidance

18   of the recording of the deed (pursuant to 11 U.S.C. §549), the transfer represented by the

19   execution of the post-petition deed is rendered unperfected and thus subject to avoidance

20   under 11 U.S.C. § 544(a)(3).

21

_____

22   [25]*Id.* at 522.

23   [26]*See Id.* at 522.

24   [27]*See Id.* at 522-23.

25   [28]*See Id.* at 523, fn. 16.

26   [29]*Id.*

27   [30] 11 U.S.C. §544(a)(3); *Id.* at 523.

28   [31]*Id.*; Cal. Civ. Code § 1214.

EXHIBIT    —        - 5 -

1    Debtor recorded the deed after the petition date, and therefore the transfer of the Real

2    Property is avoidable by the Trustee. Judgment should be entered against Debtor, A. Daigle

3    and the Trust.

4        **2.    The Statute of Limitations for a Claim Under 11 U.S.C. § 549 is Tolled.**

5

6    The two year limitation period to void postpetition transfer of estate property can be

7    equitably tolled. *In re Olsen*, 36 F.3d 71, (9th Cir. 1994); See also *In re United Insurance*

8    *Mgmt., Inc.*, 14 F.3d 1380, 1384-85 (9th Cir.1994)(holding that the limitation period in §

9    546(a)(1) was subject to equitable tolling). The statute of limitations for Chapter 7 trustee

10   to avoid a postpetition transfer of estate property can be equitably tolled until the trustee

11   discovered the conveyance. *Id.* at 73. In *Olsen*, the court found that because the trustee

12   remained in the dark "without any fault or want of diligence or care on his part," the statute

13   did not begin running until he discovered the conveyance. *Id.*, citing *In re United Insurance*

14   *Mgmt., Inc.*, 14 F.3d at 1384 (quoting *Lampf, Pleva, Lipkind, Prupis & Petigrow v.*

15   *Gilbertson,* 501 U.S. 350, 363 (1991)). The court noted that "every court to consider if

16   equitable tolling applies to § 549(d) has concluded that it does . . . we see no reason to

17   disagree." *Id.* (citations omitted).

18   Here, equitable tolling applies to the facts of this case. At the time Debtor filed his

19   bankruptcy petition, he did not list the Real Property on his Schedule A.[32] He also did not

20   list any transfers of property in his Statement of Financial Affairs.[33] The Trustee did not

21   become aware of the existence of the Real Property until he was contacted in 2006 by a

22   Connecticut attorney who was negotiating the purchase of Real Property on behalf of his

23   client.[34]    The Trustee did not know of the Real Property during questioning at the 341(a)

24   meeting. Trustee was not previously aware of the existence of Debtor's interest in the Real

25

26   [32]UMF 5.

27   [33]UMF 6.

28   [34]UMF 14.


EXHIBIT    -

20071120 DAIG Memo of P's and A's in support of MSJ.wpd

1  Property.[35]  Upon discovery of Debtor's interest in the Real Property, the Trustee sought to

2  reopen the Debtor's bankruptcy case and employed counsel to file an adversary proceeding

3  to recover Debtor's interest in the Real Property.[36]  The Trustee conducted proper due

4  diligence regarding the Debtor's estate.[37]  There is no evidence to suggest otherwise.

5  Accordingly, the statute of limitations for a claim under 11 U.S.C. §549 is tolled.

6  **B.    The Trustee is Entitled to Declaratory Relief Because There are No Triable Issues of Fact.**

7  Federal courts, including bankruptcy courts, may grant declaratory relief under

8  authority of the Declaratory Judgment Act.[38]  A court may grant a summary judgment

9  motion for declaratory relief where there are no triable issues of fact.[39]  In *In re Schafler,* the

10 Bankruptcy Court, after reviewing the evidence submitted, found that no triable issue of fact

11 existed, and therefore concluded that the Trustee was entitled to summary judgment on his

12 claim for declaratory relief.[40]

13 The principal criteria guiding the policy in favor of rendering declaratory judgments

14 are: (1) when judgment will serve useful purpose in clarifying and settling legal relations

15 in issue, and (2) when it will terminate and afford relief from uncertainty, insecurity, and

16 controversy giving rise to proceeding.[41]  The reason for enactment of this section was to

17 declare rights of parties and grant further and proper relief, though in strict sense no cause

18 of action had accrued.[42]

19

20 ———————————————

21 [35]UMF 15.

22 [36]UMF 16.

23 [37]UMF 17.

24 [38]11 U.S.C. § 2201; *See In re Downingtown Indus. & Agr. School,* 172 B.R. 813 (Bankr. E.D. Pa.1994); *Spear v. Schafler (In re Schafler),* 263 B.R. 296, 304 (N.D. Cal. 2001).

25 [39]*Spear v. Schafler (In re Schafler),* 263 B.R. 296, 304 (N.D. Cal. 2001).

26 [40]*Id.* at 305.

27 [41]*McGraw-Edison Co. v. Preformed Line Products Co.,* 362 F.2d 339 (9th Cir. 1966).

28 [42]*Lumbermens Mut. Cas. Co. v. Borden Co.,* 241 F.Supp. 683, 698 (S.D.N.Y.1965).

EXHIBIT    -

- 7 -    20071120 DAIG Memo of P's and A's in support of MSJ.wpd

1       Here, summary judgment in favor of the Trustee on his declaratory judgment claim

2   is proper.  There are no triable issues of fact.  The deed transferring the Debtor's interest in

3   the Real Property was not recorded until after the Debtor filed bankruptcy.[43]  A declaratory

4   judgment will end the dispute concerning whether the estate holds an interest in the Real

5   Property.   Therefore it is proper for the court to render a decision on the Trustee's

6   declaratory judgment claim.

7       **C.**    **Plaintiff is Entitled to Sell the Estate and Co-owners' Interests in the Real Property Pursuant to 11 U.S.C. § 363(h)**

8

9       Section 363(h) allows a Trustee to sell both the estate's interest, and the interest of

10  any co-owner in property in which the debtor had, at the time of the commencement of the

11  case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety if

12  certain conditions are met.[44]  The conditions include:

13      (1)  partition in kind among the estate and such co-owners is impracticable;

14      (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

15

16      (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

17

18      (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.[45]

19

20      Here, all of the conditions are met.  Partition in kind is impracticable.  It would be

    difficult for the Trustee to sell only the Debtor's interest in the Real Property, and therefore,

21  sale of the estate's interest would realize significantly less than selling the whole property.

22  The Real Property is not used for the production, transmission, or distribution, for sale, of

23  electric energy or of natural or synthetic gas for heat, light, or power.  Additionally, the

24

25

26  [43]UMF 12.

27  [44]11 U.S.C. §363(h); *In re Maruko, Inc.*, 200 B.R. 876 (Bankr. S.D. Cal. 1996).

28  [45]*Id.*  Also see *In re Marino*, 813 F.2d 1562 (9th Cir. 1987)(authorizing the sale of Debtor's interest in apartments).

EXHIBIT     - B

1  benefit to the estate from the sale outweighs the interests of the co-owners. There is enough

2  equity in the Real Property after payment of lienholders, to pay administrative expenses and

3  100% of the claims of this estate. There is minimal detriment to the co-owners. They will

4  receive the net sale proceeds upon sale of the Real Property.

5  The Carusos have been sued as defendants in this matter because they are co-owners

6  of the Real Property. At the time of the Petition Date, Debtor held an interest in the Real

7  Property with the other defendants. If Debtor's interest in the Real Property at the time of

8  filing his petition is held to be estate property, Plaintiff seeks approval to sell the interest of

9  the estate in the Real Property as the co-owner. As Debtor transferred his interest post-

10  petition, Plaintiff should be authorized to sell the Real Property and distribute the net sale

11  proceeds consistent with 11 U.S.C. § 363(j).

12  **D.    Alternatively, the Transfer of the Debtor's Interest in the Real Property May be Avoided as a Fraudulent Conveyance**

13

14  In his Complaint, the Trustee alleged an alternative claim for avoidance of fraudulent

15  conveyance. The Trustee believes that the transfer of the Property occurred post-petition,

16  and therefore is avoidable as a post-petition transfer. However, the Daigles have argued that

17  the transfer of Debtor's interest in the Real Property occurred pre-petition. If it is found that

18  the transfer occurred pre-petition then the transfer would be avoidable as a fraudulent

19  transfer.

20  The Trustee has alleged claims fraudulent transfer claims under Federal law,

21  California and Connecticut law. Both California and Connecticut have similar code sections

22  regarding fraudulent transfers. The Daigles have contended that California law applies to

23  the transaction because the deed transferring Debtor's interest in the Real Property was

24  signed in California. The Trustee has alleged that Connecticut law may apply because that

25  is where the Real Property that is the subject of the dispute is located. Regardless of which

26  state's law is applied, if this court determines that the Real Property was transferred, for

27  avoidance purposes, pre-petition, then the same result is reached, ie., that the Real Property

28  was fraudulently transferred by Debtor.

EXHIBIT    -

1    A bankruptcy trustee has the power to avoid fraudulent transfers pursuant to state law

2  and/or the provisions of the Bankruptcy Code.[46]  Section 544(b) allows the trustee to avoid

3  any transfers of a debtor's property . . . which would be avoidable under state law, and

4  section 548 provides a federal statutory basis for avoiding fraudulent transfers.[47]  Pursuant

5  to 11 USC § 550, plaintiff is authorized to avoid the transfer and recover for the benefit of

6  the estate the property transferred or, if the court so orders, the value of such property from

7  (1) the initial transferee of such transfer or the entity for whose benefit such transfer was

8  made; or (2) any immediate or mediate transferee of such initial transferee.[48]

9    For a trustee in bankruptcy to avoid a transfer as fraudulent under section

10  548(a)(1)(B), four elements must be satisfied: (1) the transfer must have involved property

11  of the debtor; (2) the transfer must have been made within one year of the filing of the

12  petition; (3) the debtor must not have received reasonably equivalent value in exchange for

13  the property transferred; and (4) the debtor must have been insolvent, been made insolvent

14  by the transaction, be operating or about to operate without property constituting reasonable

15  sufficient capital, or be unable to pay debts as they become due.[49]

16    Here, there was a transfer of property of the debtor, i.e., his interest in the Real

17  Property.[50]  The transfer, if not considered the date of recording for avoidance purposes,

18  occurred on October 14, 2002, which was within one year of Debtor's bankruptcy filing.[51]

19  The deed states that the consideration for the transfer was $0.00.[52]  Debtor was insolvent or

20  became insolvent as a result of the transfer as he not longer had any significant asset after

21  ─────────────────

22  [46]See 11 U.S.C. §§ 544(b), 548; *In re United Energy Corp.*, 944 F.2d 589, 595 (9th Cir. 1991).

23  [47]*Id.*

24  [48]11 U.S.C. §550; *Kendall v. Turner (In re Turner)*, 335 B.R. 140, 145 (Bankr. N.D. Cal. 2005); *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 596 (9th Cir. 2004).

25  [49]11 U.S.C. § 548(a)(2); *In re United Energy Corp.*, 944 F.2d 589, 594 (9th Cir. 1991).

26  [50]UMF 10-12.

27  [51]UMF 11.

28  [52]UMF 18

1    transferring his interest in the Real Property, and he ultimately filed bankruptcy, just days

2    after the transfer[53].

3         Section 548(a)(1)(A) of the Bankruptcy Code permits a trustee to avoid a transfer of

4    an interest of the debtor in property that is actually or constructively fraudulent.[54]

5    Bankruptcy law defines an actually fraudulent transfer as one made with "actual intent to

6    hinder, delay, or defraud a creditor." See 11 U.S.C. § 548(a)(1)(A); *Id.* A transfer that is

7    constructively fraudulent, in essence, is one for which the debtor does not receive reasonably

8    equivalent value and which is made when the debtor is insolvent or which renders the debtor

9    insolvent. See 11 U.S.C. § 548(b); *Id.*

10        Here, Trustee alleges that the transfer by Debtor was made with actual intent to

11    hinder, delay, or defraud creditors.  Actual intent must generally be established by reference

12    to external circumstances.[55]   California fraudulent transfer law has codified some of the

13    types of circumstances commonly found to indicate actual intent to defraud at Cal Civ Code

14    § 3439.04(b); *Id.*  Cal Civ Code § 3439.04(b) lists several factors that may be taken into

15    consideration to determine actual intent.  Cal Civ Code § 3439.04(b).

16        Additionally, Connecticut law states that a conveyance is fraudulent if it is made with

17    actual intent to avoid any debt or duty, or if it is made without any substantial consideration

18    by person who is or will thereby be rendered insolvent.[56]  A party seeking to set aside

19    conveyance as fraudulent under Connecticut law bears burden of proving either (1) that

20    conveyance was made without substantial consideration and rendered the transferor unable

21    to meet his/her financial obligations, or (2) that conveyance was made with a fraudulent

22    intent in which grantee participated; party need not satisfy both alternatives, but may

23

24
_____

25    [53]UMF 1.

26    [54]See 11 U.S.C. § 548; *Id.*

27    [55]*In re Turner,* 335 B.R. at 146.

28    [56]C.G.S.A. § 52-552f; *Chemical Bank v. Dana,* 234 B.R. 585 (Bankr. D. Conn. 1999).

**EXHIBIT     Ⓐ**

- 11 -     20071120 DAIG Memo of P's and A's in support of MSJ.wpd

1   succeed by showing either actual or constructive fraud.[57]

2   Several of the factors are present here, which indicate that the Debtor's transfer of

3   his interest in the Real Property was fraudulent.  For example, the transfer was made to an

4   insider, ie, Debtor's wife.[58]  The transfer was of a substantial portion of the Debtor's assets,

5   his interest in an 8 unit condominium property.  Just days after the transfer, Debtor had few

6   assets of value to list on his Schedules.  He listed no real property on his schedule A.[59]  The

7   value of the consideration received by Debtor ($0.00) was not reasonably equivalent to the

8   value of the asset transferred.[60]  Debtor received no consideration for the transfer of his

9   equity in the Real Property.  Additionally, Debtor was rendered insolvent by the transfer.

10  He filed bankruptcy just a few days later.  All of these elements indicate that the transfer

11  was fraudulent.  While Defendants may contend that the transfer was not fraudulent, they

12  have not offered any evidence to the Trustee to establish such a defense.

13  Accordingly, if the court finds that the post-petition recording date is not the relevant

14  date of the transfer for avoidance purposes, then alternatively, the transfer is a fraudulent

15  transfer which is avoidable by the Trustee.

16  ### VI.  CONCLUSION.

17  For the reasons stated above, Plaintiff respectfully requests that the court grant

18  motion summary judgment in his favor and against Defendants.  Additionally, Plaintiff

19  requests that this court authorize the Trustee to sell the Debtor's interest in the Real Property

20  per 11 U.S.C. §363(h).

21  LAW OFFICE OF WILLIAM P. FENNELL, APLC

22
23  Dated: November 20, 2007          By: /s/William P. Fennell_____
                                          William P. Fennell, Esq.
24                                        Attorneys for James L. Kennedy, Chapter 7 Trustee

25  _____

    [57]C.G.S.A. § 52-552f; Id.

26  [58]UMF 10.

27  [59]UMF 4.

28  [60]UMF 18.

  EXHIBIT    - A

20071120 DAIG Memo of P's and A's in support of MSJ.wpd

# EXHIBIT "B"

1 | William P. Fennell, Esq. (#164210)
Tracy L. Schimelfenig, Esq. (#243714)
2 | Law Office of William P. Fennell, APLC
2368 Second Ave.
3 | San Diego, CA  92101
Telephone (619) 325-1560
4 | Facsimile (619) 325-1558

5 | Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7 |                    **UNITED STATES BANKRUPTCY COURT**

8 |                    **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 | In re                                        )Case No. 02-10222-M7
                                                 )
11 | ROLAND PAUL DAIGLE (SSN-3341),              )Adversary No.  06-90433-JM
                                                 )
12 |                    Debtor.                   )
                                                 )**SEPARATE STATEMENT OF**
13 | _____ )**UNDISPUTED MATERIAL FACTS**
                                                 )**IN SUPPORT OF MOTION FOR**
    JAMES L. KENNEDY, Chapter 7 Trustee, )**SUMMARY JUDGMENT, OR**
14 |                                             )**ALTERNATIVELY SUMMARY**
                                                 )**ADJUDICATION**
15 |                    Plaintiff,               )
    v.                                           )
16 |                                             )
    ROLAND PAUL DAIGLE, an individual; )
17 | AUDREY A. DAIGLE, an individual and as )Hearing Date:        December 19, 2007
    Trustee  of  REAL  ESTATE  TRUST; )Hearing Time:        2:00 p.m.
18 | ROBERT M. CARUSO, an individual; and )Dept.:               One (1)
    NAYDIA E. CARUSO, an individual;          )
19 |                                             )
                     Defendants.               )
20 |                                             )
    _____ )
21 |

22 |        Plaintiff and Chapter 7 Trustee, Nancy Wolf, submits the following Separate

23 | Statement of Undisputed Facts In Support of Motion for Summary Judgment, or

    Alternatively Summary Adjudication:
24 |
    ///
25 |
    ///
26 |
    ///
27 |
    ///
28

EXHIBIT    - B

| | **Undisputed Material Facts** | **Supporting Evidence** |
|---|---|---|
| 1 | | |
| 2 | 1. On or about October 18, 2002 ("Petition Date"), Roland Paul Daigle ("Debtor") filed for relief pursuant to the provisions of Chapter 7 of Title 11, of the United States Bankruptcy Code, Southern District of California. | Trustee's Request for Judicial Notice (RJN") ¶1. |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | 2. Debtor received a discharge on March 3, 2003. | RJN ¶2. |
| 7 | 3. By order dated October 24, 2006 the court approved the Trustee's motion to reopen Debtor's bankruptcy case. | RJN ¶3. |
| 8 | | |
| 9 | 4. At the time of the filing of his Chapter 7 petition, Debtor did not list any interest in real property on Schedule A. | Exh. 1. |
| 10 | | |
| 11 | 5. At the time of the filing of the Chapter 7 petition, Debtor did not list any transfers in response to number 10 on his Statement of Financial Affairs. | Exh. 2. |
| 12 | | |
| 13 | | |
| 14 | 6. At the time Debtor filed bankruptcy, Debtor had a fee interest in the real property and improvements thereon, in an 8 unit apartment condominium complex, located at 531-545 Boswell Avenue, Norwich, Connecticut (collectively "Real Property") | Exh. 6, 8-9. |
| 15 | | |
| 16 | | |
| 17 | 7. On or about January 31, 1984, Debtor and Robert M. Caruso ("R. Caruso") purchased the Real Property. | Exh. 3. |
| 18 | | |
| 19 | 8. By Quitclaim Deed dated August 26, 1985, R. Caruso transferred his interest in the Real Property to himself and his wife, Naydia E. Caruso ("N. Caruso") as joint tenants. | Exh. 4. |
| 20 | | |
| 21 | | |
| 22 | 9. By Quitclaim Deed dated August 26, 1985, Debtor transferred his interest in the Real Property to himself and his wife, Audrey A. Daigle, ("A. Daigle"), as joint tenants | Exh. 5. |
| 23 | | |
| 24 | | |
| 25 | 10. Debtor transferred the Real Property to "Real Estate Trust, Audrey A. Daigle, Trustee" by Quitclaim Deed dated May 18, 2001. | Exh. 6, 8-9. |
| 26 | | |
| 27 | | |
| 28 | | |

20071119 DAIG Stmt of Undisputed Facts v. 2.wpd    - 2 -

EXHIBIT    - 8

| | |
|---|---|
| 1   11. The Deed was not signed until October 14, 2002 based upon the date of the notary acknowledgment. | Exh. 6, 8-9. |
| 3   12. The Quitclaim Deed was not recorded until October 22, 2002, four days after Debtor's bankruptcy filing. | Exh. 6, 8-9. |
| 5   13. On or about January 9, 2006 Audrey A. Daigle, Trustee of the Real Estate Trust transferred the Real Property to Debtor and Audrey A. Daigle as joint tenants by Quitclaim Deed. | Exh. 7. |

11. The Deed was not signed until October 14, 2002 based upon the date of the notary acknowledgment. — Exh. 6, 8-9.

12. The Quitclaim Deed was not recorded until October 22, 2002, four days after Debtor's bankruptcy filing. — Exh. 6, 8-9.

13. On or about January 9, 2006 Audrey A. Daigle, Trustee of the Real Estate Trust transferred the Real Property to Debtor and Audrey A. Daigle as joint tenants by Quitclaim Deed. — Exh. 7.

14. The Trustee did not become aware of the existence of the Real Property until he was contacted in 2006 by a Connecticut attorney who was negotiating the purchase of Real Property on behalf of his client. — Declaration of James L. Kennedy in Support of Motion for Summary Judgment or Alternatively Summary Adjudication ("Kennedy Dec.") filed concurrently herewith at ¶2.

15. Trustee was not previously aware of the existence of Debtor's interest in the Real Property. — Kennedy Dec. ¶3.

16. Upon discovery of Debtor's interest in the Real Property, the Trustee sought to reopen the Debtor's bankruptcy case and employed counsel to file an adversary proceeding to recover Debtor's interest in the Real Property. — Kennedy Dec. ¶4.

17. The Trustee conducted proper due diligence regarding the Debtor's estate. — Kennedy Dec. ¶2-4.

18. The deed states that the consideration for the transfer of the Real Property was $0.00. — Exh. 6.

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: November 19, 2007     By:/s/ William P. Fennell
                      WILLIAM P. FENNELL, ESQ.
                      Attorneys for James L. Kennedy, Trustee

EXHIBIT     - B

# EXHIBIT "C"

1  William P. Fennell, Esq. (#164210)
   Tracy L. Schimelfenig, Esq. (#243714)
2  Law Office of William P.Fennell, APLC
   2368 Second Ave.
3  San Diego, CA  92101
   Telephone (619) 325-1560
4  Facsimile (619) 325-1558

5  Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7              UNITED STATES BANKRUPTCY COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9
   In re                                )Case No. 02-10222-M7
10                                       )
   ROLAND PAUL DAIGLE (SSN-3341),        )Adversary No.  06-90433-JM
11                                       )
            Debtor.                      )
12  _____ )**DECLARATION OF WILLIAM P.**
                                         )**FENNELL IN SUPPORT OF MOTION**
13  JAMES L. KENNEDY, Chapter 7 Trustee, )**FOR SUMMARY JUDGMENT OR**
                                         )**ALTERNATIVELY SUMMARY**
14                                       )**ADJUDICATION**
            Plaintiff,                   )
15  v.                                   )Hearing Date:      December 19, 2007
                                         )Hearing Time:      2:00 p.m.
16  ROLAND PAUL DAIGLE, an individual;   )Dept.:             One (1)
   AUDREY A. DAIGLE, an individual and   )
17  as Trustee of REAL ESTATE TRUST;     )
   ROBERT M. CARUSO, an individual; and  )
18  NAYDIA E. CARUSO, an individual;     )
                                         )
19          Defendants.                  )
                                         )
20  _____ )

21      I, WILLIAM P. FENNELL, hereby declare as follows:

22      I am an attorney duly licensed and admitted to practice law before this court.  I am

23  the attorney of record for the James L. Kennedy, Chapter 7 Trustee and plaintiff ("Plaintiff")

24  in this matter.  I have personal knowledge of the facts contained in this declaration and

25  could and would competently testify thereto if called upon to do so.

26      The exhibits attached hereto and incorporated herein by reference are exhibits in

27  support of Plaintiff's Motion for Summary Judgment or Alternatively Summary

28  Adjudication and are true and correct copies.

**EXHIBIT**  ‑2 ‑ C                    20071109 DAIG Dec of WPF in support of MSJ.wpd

1.    Exhibit "1" is a true and correct copy of Debtor's voluntary petition and Schedule A filed October 18, 2002.

2.    Exhibit "2" is a true and correct copy of a page from Debtor's "Form 7 Statement of Financial Affairs" and signature page under penalty of perjury filed October 18, 2002.

3.    Exhibit "3" is a true and correct copy of a grant deed dated January 31, 1984, Vol. 628, Pages 210-211, recorded with the New London County Recorder on February 7, 1984.

4.    Exhibit "4" is a true and correct copy of Quitclaim Deed dated August 26, 1985, Vol. 695, Pages 288-289, recorded with the New London County Recorder on November 5, 1985.

5.    Exhibit "5" is a true and correct copy of Quitclaim Deed dated August 26, 1985, Vol. 695, Pages 290-291, recorded with the New London County Recorder on November 5, 1985.

6.    Exhibit "6" is a true and correct copy of Quitclaim Deed, Instrument No. 2002007100, recorded with the New London County Recorder on October 22, 2002.

7.    Exhibit "7" is a true and correct copy of a Quitclaim Deed, Instrument No. 2006000236, recorded with the New London County Recorder on January 9, 2006.

8.    Exhibit "8" is a true and correct copy of Request for Admissions served on Roland P. Daigle on May 24, 2007.

9.    Exhibit "9" is a true and correct copy of Request for Admissions served on Audrey A. Daigle as Trustee of Real Estate Trust on May 24, 2007.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 19th day of November 2007, at San Diego, California.

/s/William P. Fennell
WILLIAM P. FENNELL

# United States Bankruptcy Court
## Southern District of California

VOLUNTARY PETITION

| | |
|---|---|
| Name of Debtor - (If Individual, enter Last, First, Middle):<br><br>**Daigle, Roland Paul** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br><br>**None** |
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br><br>**None** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (If more than one, state all):<br><br>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<br>~~238000325~~ | Soc. Sec./Tax I.D. No. (If more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br><br>450 Benevente Drive<br>Oceanside, CA  92057 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:    San Diego | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (If different from street address): | Mailing Address of Joint Debtor (If different from street address): |
| Location of Principal Assets of Business Debtor:<br>(if different from address listed above) | Attorney for Debtor:<br>J. Reed Smith                          135163<br>Reed Smith Law Offices<br>9666 Business Park Avenue<br>Suite 206<br>San Diego, CA  92131 |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

- [X] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| [X] Individual(s) | [ ] Railroad | [X] Chapter 7      [ ] Chapter 11 | [ ] Chapter 13 |
| [ ] Corporation | [ ] Stockbroker | [ ] Chapter 9      [ ] Chapter 12 | |
| [ ] Partnership | [ ] Commodity Broker | [ ] Sec. 304 - Case Ancillary to Foreign Proceeding | |
| [ ] Other | | | |

| Nature of Debt (Check one box) | | Filing Fee (Check one box) |
|---|---|---|
| [X] Consumer/Non-Business | [ ] Business | [X] Full filing fee attached |

**Chapter 11 Small Business** (Check all boxes that apply)

- [ ] Debtor is a small business as defined in 11 U.S.C. § 101.
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e). (Optional)

- [ ] Filing fee to be paid in installments. (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3

**Statistical/Administrative Information** (Estimates only)

- [X] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Case # : 02-10222-JM7
Name  : ROLAND PAUL DAIGLE
Judge : JAMES MEYERS
Trustee: JAMES KENNEDY
341: 11/22/02  @ 09:00am
Chapter: 7

Filed : October 18, 2002  11:44:31
Deputy : D JENSON
Receipt: 165933
Amount : $200.00

104

RELIEF ORDERED
Clerk, U.S. Bankruptcy Court
Southern District of California

Prepared using Bankruptcy Plus® by Cornerstone Computer Group Inc., Bellingham, Washington (800) 397-8238

# EXHIBIT  1

**Voluntary Petition**

(This page must be completed and filed in every case).

Name of Debtor(s):

Roland Paul Daigle

**Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)**

| Location Where Filed: | None | Case Number | Date Filed |
|---|---|---|---|

**Pending Bankruptcy Case Filed By Any Spouse, Partner, or Affiliate of This Debtor (If more than one, attach additional sheet)**

| Name of Debtor | None | Case Number | Date Filed |
|---|---|---|---|
| District | | Relationship | Judge |

**SIGNATURES**

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

(If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7) I am aware that I may proceed under chapter 7, 11, 12 and 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Rolen P. Daigle_
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_10-12-02_
Date

**Signature of Attorney**

X _____

Signature of Attorney for Debtor(s)

J. Reed Smith                                135163
Printed Name of Attorney for Debtor(s)

Reed Smith Law Offices
Firm Name

9666 Business Park Avenue
Suite 206
San Diego, CA  92131
Address

(858) 530-2944                    (858) 530-2863
Telephone Number                        Fax Number

_10-14-02_
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐  Exhibit A is attached and made a part of this petition

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)                    Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made part of this petition.

☒  No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed or Typed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address                                        Telephone Number

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

Prepared using Bankruptcy Plus® by Cornerstone Computer Group Inc., Bellingham, Washington (800) 397-8238

EXHIBIT   1

In re:  **Roland Paul Daigle**

    **Social Security No.:**   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

    Debtor

Case No.

Chapter    7

# SCHEDULE  A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or  "C" in the column labeled "Hus., Wife, Joint, or Comm."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUS., WIFE, JOINT, OR COMM. | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **None** | | | | |
| | | Total: | | |

 0    continuation sheet(s) attached
—

EXHIBIT    1

None
[X]

**10. Other transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Transferee, Relationship to Debtor | Date | Describe Property Transferred and Value Received |
|---|---|---|

None
[X]

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Institution | Type and Number of Account and Amount of Final Balance | Amount and Date of Sale or Closing |
|---|---|---|

None
[X]

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Bank or Other Depository | Name and Addresses of Those With Access to Box or Depository | Description of Contents | Date of Transfer or Surrender, if any |
|---|---|---|---|

None
[X]

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| Name and Address of Creditor | Date of Setoff | Amount of Setoff |
|---|---|---|

Form 7. Statement of Financial Affairs          EXHIBIT   2

*[If completed by an individual or individual and spouse]*

      I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct.

Date    __10/12/02__               _____
                                          Signature of Debtor
                                          Roland Paul Daigle

Date    _____        _____
                                          Signature of Joint Debtor, (if any)

*[If completed on behalf of a partnership or corporation]*

      I declare under penalty of perjury that I have read the answers contained in the foregoing Statement of Financial Affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date    _____      Signature _____

                             Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

         CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER
                            (See 11 U.S.C. § 110)

      I certify that I am a bankruptcy petition preparer as defined in U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____        _____
Printed or Typed Name of Bankruptcy Petition Preparer      Social Security Number

_____
_____
_____
Address

Names and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____        _____
Signature of Bankruptcy Petition Preparer         Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.

Form7. Statement of Financial Affairs

                            EXHIBIT    2



FORM 173 CONNECTICUT - WARRANTY DEED
REV. 8/78    VOL 628 PAGE 210    TUTTLANE REGISTERED U.S. PAT. OFFICE

# To all People to Whom these Presents shall Come, Greeting:

Know Ye, That   J & S REALTY, of the Town of Norwich, County of New London, and State of Connecticut,

*for the consideration of*   ONE ($1.00) DOLLAR and other good and valuable consideration

*received to    its    full satisfaction of*   ROLAND P. DAIGLE, of the Town of East Granby, County of Hartford, and State of Connecticut, and ROBERT M. CARUSO, of the Town of Simsbury, County of Hartford, and State of Connecticut,

*do    give, grant, bargain, sell and confirm unto the said*   Roland P. Daigle and Robert M. Caruso

Units 1 through 8, inclusive together with their appurtenant interest in the common elements of The Reynolds, A Condominium, situated in the Town of Norwich, County of New London, and State of Connecticut, which Units and their appurtenant interest in the common elements are more particularly described in a certain Declaration of Condominium by J & S Realty, dated February 11, 1981, and recorded in the Norwich Land Records, at Volume 550, Page 158.

The property on which said Units are located is more particularly bounded and described in a map or plan entitled, "The REYNOLDS, A Condominium Boswell Avenue Norwich, Conn ARCHITECT A. MASTRONUNZIO GLASCOW CONN DATE 2-28-75" filed with said Declaration of Condominium, which map or plan is on file with the Town Clerk of the Town of Norwich, to which reference may be had.

Being the same premises as described at Volume 429, Page 243 of the Norwich Land Records, as follows:

A certain tract or parcel of land, situated in the said Town of Norwich, known and numbered as 535 Boswell Avenue, bounded and described as follows:

NORTHERLY:  By 14th Street;
SOUTHERLY:  By 13th Street;
EASTERLY :  By land now or formerly of Patrick J.
            Sullivan and Pauline Robillard; and
WESTERLY :  By Boswell Avenue.

Subject to taxes to the Town of Norwich now due or to become due which the Grantees herein assume and agree to pay.

EXHIBIT  3

VOL 628 PAGE 211

To Have and to Hold the above granted and bargained premises, with the appurtenances thereof, unto the said grantee s, their heirs, successors and assigns forever, to them and their own proper use and behoof.

And also, the said grantor does for itself, its heirs, executors and administrators, covenant with the said grantee s, its successors, heirs and assigns, that at and until the ensealing of these presents, it is well seised of the premises, as a good indefeasible estate in FEE SIMPLE; and has good right to bargain and sell the same in manner and form as is above written; and that the same is free from all incumbrances whatsoever, except as hereinbefore mentioned.

And Furthermore, the said grantor do es by these presents bind itself and its heirs, executors and administrators forever to WARRANT AND DEFEND the above granted and bargained premises to the said grantee s, its successors, heirs and assigns, against all claims and demands whatsoever, except as hereinbefore mentioned.

In Witness Whereof, we have hereunto set our hands and seal this 31st day of January in the year of our Lord nineteen hundred and eighty-four.

Signed, Sealed and Delivered in presence of

J & S REALTY

Frederick J. Mais
Frederick J. Mais

BY John C. Joubert, Jr.
John C. Joubert, Jr.

Morris H. Globerman
Morris H. Globerman

Bernard L. Savage
Bernard L. Savage

$1,335.00 Conn. Tax.
$293.70 Conveyance Tax received

Beverly C. Muldoon
Norwich
Town Clerk of Norwich

State of Connecticut,
County of NEW LONDON }} SS.

On this the 31st day of January 19 84, before me, Morris H. Globerman the undersigned officer, personally appeared John C. Joubert, Jr. and Bernard L. Savage

known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument and acknowledged that the y executed the same for the purposes therein contained, as th eir free act and deed.

In Witness Whereof, I hereunto set my hand and official seal.

Morris H. Globerman
Commissioner of the Superior Court
Title of Officer

State of Connecticut,
County of }} SS.

On this the day of 19 before me, the undersigned officer, personally appeared who acknowledged himself to be the of , a corporation, and that he as such , being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself as

In Witness Whereof, I hereunto set my hand and official seal.

Title of Officer

Latest address of Grantee:

No. and Street 8 Firebrick Lane
City Simsbury
State CT Zip 06070

RECEIVED FOR RECORD AT NORWICH, CONN.
ON 2-7-84 AT 2:55 P M.
Attest Beverly C. Muldoon, Town Clerk

EXHIBIT 3

VOL. 695 PAGE 288

FORM 167—CONNECTICUT QUIT CLAIM DEED—SURVIVORSHIP.



## To all People to Whom these Presents shall Come, Greeting:

Know Ye, That I, ROBERT M. CARUSO, of the Town of Simsbury, County of Hartford, and State of Connecticut,

for the consideration of ONE ($1.00) DOLLAR and other good and valuable consideration

received to my full satisfaction of ROBERT M. CARUSO and NYDIA E. CARUSO, both of the Town of Simsbury, County of Hartford, and State of Connecticut,

do remise, release, and forever QUIT CLAIM unto the said Robert M. CAruso and Nydia E. Caruso

and unto the survivor of them, and unto the heirs and assigns of the survivor of them forever, all such

right, title, interest, claim and demand whatsoever as I the said

Releasor have or ought to have in or to

Units 1 through 8 inclusive together with their appurtenant interest in the common elements of The Reynolds, A Condominium, situated in the Town of Norwich, County of New London, and State of Connecticut, which Units and their appurtenant interest in the common elements are more particularly described in a certain Declaration of Condominium by J & S Realty, dated February 11, 1981, and recorded in the Norwich Land Records, at Volume 550, Page 158.

The property on which said Units are lcoated is more particularly bounded and described in a map or plan entitled, "The REYNOLDS, A Condominium Boswell Avenue Norwich, Conn ARCHITECT A. MASTRONUNZIO GLASCOW CONN DATE 2-28-75" filed with said Declaration of Condominium, which map or plan is on file with the Town Clerk of the Town of Norwich, to which reference may be had.

Being the same premises as described at Volume 429, Page 243 of the Norwich Land Records, as follows:

A certain tract or parcel of land, situated in the said Town of Norwich, known and numbered as 535 Boswell Avenue, bounded and described as follows:

          NORTHERLY:  By 14th Street;
          SOUTHERLY:  By 13th Street;
          EASTERLY :  By land now or formerly of Patrick J.
                      Sullivan and Pauline Robillard; and
          WESTERLY :  By Boswell Avenue.

Subject to a first mortgage to NEW ENGLAND SAVINGS BANK dated February 3, 1984, and recorded in the Norwich Land Records in Volume 628, Page 212.

Subject to taxes to the Town of Norwich now due or to become due.

The intention of this deed is to transfer whatever right, title and interest Robert M. Caruso has to Robert M. Caruso and Nydia E. Caruso creating joint tenancy with rights of survivorship.

EXHIBIT  4

VOL 695 PAGE 289

**To Have and to Hold** the premises, with the appurtenances thereof, unto them the

said Releasees, and unto the survivor of them, and unto such survivor's heirs and assigns forever, to

them and their own proper use and behoof, so that neither    I     the said Releasor

nor any other person or persons in     my     name and behalf, shall or will hereafter claim or

demand any right or title to the premises or any part thereof, but they and every one of them shall by

these presents be excluded and forever barred.

**In Witness Whereof,**     I     have hereunto set   my   hand   and seal

this    26th     day of     August     A. D. 19 85.

**Signed, Sealed and Delivered in Presence of:**

_Renee M. DeChaine_         _Robert H Caruso_
Renec. M. DeChaine          Robert H. Caruso

_Diana M. Grise_             _No Conv. Tax_
Diana M. Grise           No Conveyance Tax received

                                _Beverly C Muldoon_

**State of Connecticut,**       } SS.    Town Clerk of Norwich
**County of** NEW LONDON

      On this the    26th     *day of*    August       , *19* 85 , *before me,*

        Diana M. Grise          . *the undersigned officer, personally appeared*

        Robert M. Caruso

                   *known to me (or satisfactorily proven) to be the person*

*whose name* is *subscribed to the within instrument and acknowledged that* he

*executed the same for the purposes therein contained, , as* h *is free act and deed.*

**In Witness Whereof.**    *I hereunto set my hand and official seal.*

                        _Diana M. Grise_
                        Diana M. Grise

*Latest address of Grantee:*             Notary public

No. and Street    8 Firebrick Lane

City   Simsbury             *Title of Officer*

State      CT      Zip   06070      My Commission Expires Mar. 31, 1987.

RECEIVED FOR RECORD AT NORWICH, CONN.
ON 11-5-85 AT 10:45 A .M.
Attest: Beverly C. Muldoon, Town Clerk

EXHIBIT    4

VOL **695** PAGE 290

FORM 167—CONNECTICUT QUIT CLAIM DEED—SURVIVORSHIP. 

## To all People to Whom these Presents shall Come, Greeting:

**Know Ye, That** I, ROLAND P. DAIGLE, of East Granby in the Town of Suffield, County of Hartford, and State of Connecticut,

for the consideration of  ONE ($1.00) DOLLAR and other good and valuable consideration

received to  my  full satisfaction of  ROLAND P. DAIGLE and AUDREY A. DAIGLE, both of East Granby in the Town of Suffield, County of Hartford, and State of Connecticut,

do  remise, release, and forever QUIT CLAIM unto the said  Roland P. Daigle and Audrey A. Daigle

and unto the survivor of them, and unto the heirs and assigns of the survivor of them forever, all such right, title, interest, claim and demand whatsoever as                I                the said

Releasor  ha ve or ought to have in or to

Units 1 through 8 inclusive together with their appurtenant interest in the common elements of The Reynolds, A Condominium, situated in the Town of Norwich, County of New London, and State of Connecticut, which Units and their appurtenant interest in the common elements are more particularly described in a certain Declaration of Condominium by J & S Realty, dated February 11, 1981, and recorded in the Norwich Land Records, at Volume 550, Page 158.

The property on which said Units are located is more particularly bounded and described in a map or plan entitled, "The REYNOLDS, A Condominium Boswell Avenue Norwich, Conn ARCHITECT A. MASTRONUNZIO GLASCOW CONN DATE 2-28-75" filed with said Declaration of Condominium, which map or plan is on file with the Town Clerk of the Town of Norwich, to which reference may be had.

Being the same premises as described at Volume 429, Page 243 of the Norwich Land Records, as follows:

A certain tract or parcel of land, situated in the said Town of Norwich, known and numbered as 535 Boswell Avenue, bounded and described as follows:

         NORTHERLY:  By 14th Street;
         SOUTHERLY:  By 13th Street;
         EASTERLY :  By land now or formerly of Patrick J.
                     Sullivan and Pauline Robillard; and
         WESTERLY :  By Boswell Avenue.

Subject to a first mortgage to NEW ENGLAND SAVINGS BANK dated February 3, 1984, and recorded in the Norwich Land Records in Volume 628, Page 212.

Subject to taxes to the Town of Norwich now due or to become due.

The intention of this deed is to transfer whatever right, title and interest Roland P. Daigle has to Roland P. Daigle and Audrey A. Daigle creating joint tenancy with rights of survivorship.

EXHIBIT  5

VOL 695 PAGE 291

**To Have and to Hold** the premises, with the appurtenances thereof, unto them the said Releasees, and unto the survivor of them, and unto such survivor's heirs and assigns forever, to them and their own proper use and behoof, so that neither    I    the said Releasor

nor any other person or persons in    my    name and behalf, shall or will hereafter claim or demand any right or title to the premises or any part thereof, but they and every one of them shall by these presents be excluded and forever barred.

**In Witness Whereof,**    I    have hereunto set    my    hand    and seal
this    26th    day of    August    A. D. 19 85.

Signed, Sealed and Delivered in Presence of:

ROLAND P. DAIGLE

No Conveyance Tax received

Town Clerk of Norwich

**State of Connecticut,** } SS. Norwich
**County of**  NEW LONDON

On this the    26th    day of    August    , 1985  , before me,
Diana M. Grise    , the undersigned officer, personally appeared
Roland P. Daigle

known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that    he executed the same for the purposes therein contained, as    his    free act and deed.

**In Witness Whereof,**    I hereunto set my hand and official seal.

Diana M. Grise
Notary Public
Title of Officer

Latest address of Grantee:

No. and Street    1330 Grand St.
City    East Granby
State    CT    Zip    06026

My Commission Expires Mar. 31, 1987.

RECEIVED FOR RECORD AT NORWICH, CONN.
ON 11-5-85 AT 10:45 A. M.
Attest: Beverly C. Goldman, Town Clerk

EXHIBIT 5

```
INSTR # 2002007100
OR BK 01704 PG 0033
RECORDED 10/22/2002 01:45:16 PM
DEE ANNE BRENNAN TOWN CLERK
NORWICH, CT.
```

WHEN RECORDED MAIL TO

Real Estate Trust
Audrey Daigle, Trustee
450 Benevente Drive
Oceanside, CA 92057


## QUITCLAIM DEED


THIS QUITCLAIM DEED, Executed this 18th day of May 2001 by first party, Roland P. Daigle, whose address is 450 Benevente Drive, Oceanside, California 92057 to second party, Real Estate Trust, Audrey A. Daigle, Trustee whose address is 450 Benevente Drive, Oceanside, California.

WITNESSETH, That the said first party, for good consideration and for the sum of $0.00 said first party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the City of Norwich, Connecticut, State of Connecticut to wit:

531-545 Boswell Avenue, Norwich, Connecticut
(Vol) 695, Page 290


IN WITNESS WHEREOF, The said first party has signed and sealed these presents the day and year first above written.

_____                          Roland P. Daigle
Signature of First Party                              Name of First Party


$ —0—   CONNECTICUT TAX RECEIVED

$ —0—   CONVEYANCE TAX RECEIVED

DEE ANNE BRENNAN, NORWICH TOWN CLERK


EXHIBIT   6

OR B. 01704 PG 0034

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of _CALIFORNIA_

County of _SAN DIEGO_

On _Oct 14, 2002_ before me, _Lorelei A Mitchell Notary Public_
Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Roland P Saible_
Name(s) of Signer(s)

☐ ~~personally known to me~~ – OR – ☑ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

LORELEI A. MITCHELL
COMM. #1256792
Notary Public-California
SAN DIEGO COUNTY
My Comm. Exp. March 15, 2004

_Lorelei A Mitchell_
Signature of Notary Public

——————————— OPTIONAL ———————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _Quit Claim Deed_

Document Date: _5/18/01_                    Number of Pages: _2_

Signer(s) Other Than Named Above: _N/A_

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _____

☐ Individual
☐ Corporate Officer
   Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

_____

Signer Is Representing:

_____
_____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

Signer's Name: _____

☐ Individual
☐ Corporate Officer
   Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing:

_____
_____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 1995 National Notary Association • 8236 Remmet Ave., P.O. Box 7184 • Canoga Park, CA 91309-7184        Prod. No. 5907        Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT   6



```
INSTR # 2006000236
OR BK 02199 PG 0063
RECORDED 01/10/2006  11:32:01 AM
DEE ANNE BRENNAN TOWN CLERK
NORWICH, CT.
```

**WHEN RECORDED MAIL TO:**

**Roland and Audrey Daigle**
**450 Benevente Drive**
**Oceanside, CA  92057**

## QUITCLAIM DEED

**THIS QUITCLAIM DEED**, Executed this 9th day of January 2006 by first party, Real Estate Trust, Audrey A. Daigle, Trustee to second party Roland P. Daigle and Audrey A. Daigle as Joint Tenants, whose address is 450 Benevente Drive, Oceanside, California.

**WITNESSETH**, That the said first party, for good consideration and for the sum of $0.00 said first party the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the City of Norwich, Connecticut, State of Connecticut to wit:

<div align="center">

531-545 Boswell Avenue, Norwich, Connecticut
(Vol) 695, Page 290

</div>

**IN WITNESS WHEREOF**, The said first party has signed and sealed these presents the day and year first above written.

_Audrey A. Daigle_

Audrey A. Daigle, Trustee – Real Estate Trust

State of California

County of San Diego

On January 9, 2006 before me, Brigitta C. Nicoson, Notary Public

Personally appeared Audrey A. Daigle

~~personally known to me~~

✓ proved to me on the basis of satisfactory evidence to be the person(s) whose names(s) (is) are subscribed to the above instrument and acknowledged to me that ~~he~~ (she) have executed the same in ~~his~~ /her authorized capacity(ies) and that by ~~his~~ /her signature(s) on the instrument the person(s) or entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal

```
BRIGITTA C. NICOSON
Commission # 1530652
Notary Public - California
San Diego County
My Comm. Expires Nov 27, 2008
```

_Brigitta C. Nicoson_

$ 0  CONNECTICUT TAX RECEIVE

$ 0  CONVEYANCE TAX RECEIVED

DEE ANNE BRENNAN, NORWICH TOWN CLER

EXHIBIT  7

1

2

3

4   William P. Fennell, Esq. (#164210)
    Tracy L. Schimelfenig, Esq. (#243714)
5   Law Office of William P.Fennell, APLC
    600 W Broadway, Suite 930
6   San Diego, CA 92101
    Telephone (619) 325-1560
7   Facsimile (619) 325-1559

8   Attorneys for James L. Kennedy, Chapter 7 Trustee

9

10              UNITED STATES BANKRUPTCY COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12
    In re                              )Case No. 02-10222-M7
13                                      )
    ROLAND PAUL DAIGLE (SSN-3341),      )Adversary No.  06-90433-JM
14                                      )
                 Debtor.                )
15  _____       )REQUEST FOR ADMISSIONS TO
                                        )ROLAND P. DAIGLE
16  JAMES L. KENNEDY, Chapter 7 Trustee, )
                                        )
17                                      )
                  Plaintiff,            )
18  v.                                  )
                                        )
19  ROLAND PAUL DAIGLE, an individual;  )
    AUDREY A. DAIGLE, an individual and )
20  as Trustee of REAL ESTATE TRUST;    )
    ROBERT M. CARUSO, an individual; and )
21  NAYDIA E. CARUSO, an individual;    )
                                        )
22               Defendants.            )
                                        )
23  _____       )

24  PROPOUNDING PARTY:      James L. Kennedy, Chapter 7 Trustee

25  RESPONDING PARTY:       Roland P. Daigle

26  SET NUMBER:             One (1)

27      Plaintiff, James L. Kennedy, Trustee, requests, pursuant to  Rule 36 of the Federal

28  Rules Of Civil Procedure and Rule 7036 of the Rules Of Bankruptcy Procedure, that

EXHIBIT   8

20070427 DAIG Req for Admissions to R. Daigle.wpd

1  defendant, Roland P. Daigle, answer the following Requests for Admissions, separately and

2  fully, in writing and under oath, within thirty (30) days after the date of service hereof.

3  If you fail to comply with the provisions of bankruptcy rule 7036 and rule 36 of the federal

4  rules of civil procedure with respect to any admission, the matter of which an admission is

5  requested will be deemed admitted.

6  <center>**DEFINITIONS AND INSTRUCTIONS**</center>

7  1.    In answering these admissions, please furnish all information which is

8  available to you, your representatives, agents and attorneys, and agents of your attorneys,

9  and not merely such information known of your own personal knowledge. If an answer to

10  an admission of any person answering these admissions is different from the answer to the

11  same admission of any other person answering these admissions, please so state and answer

12  separately.

13  2.    If you cannot answer an admission in full after exercising due diligence in

14  securing the information to do so, so state and answer the remainder of the admission,

15  stating whatever information or knowledge you have concerning the unanswered portion.

16  3.    If you claim a privilege or right not to answer any of the admissions, please

17  state separately as to each such admission what claim of privilege or right is being asserted

18  and the facts on which you base your assertion.

19  4.    The following terms used in this document are defined as follows:

20  (a)    "You," and/or "your" refers to Roland P. Daigle;

21  (b)    "Person" means and includes natural person, any Business entity,

22  whether a corporation, partnership, limited partnership, association, firm, joint venture or

23  any other, any governmental or public entity, any Trust entity, and any other legal entity.

24  When the word "person" is used in the singular, the same shall be construed to also be used

25  in the plural;

26  (c)    "Identify" when used in reference to:

27  (i)    a natural person means to provide the name(s), address(es),

28  telephone number(s) and any other information necessary to locate such person for the

<center>EXHIBIT  8      - 2 -      20070427 DAIG Req for Admissions to R. Daigle.wpd</center>

1   purposes of service of subpoena to require attendance at any proceeding;

2                     (ii)     a person other than a natural person means to provide the

3   name(s), address(es), telephone number(s), and type of entity of such person;

4                     (iii)    a document means to state its date, author, addressee, recipient,

5   type of document and to identify its present custodian.

6                (d)      "Complaint" means Adversary Proceeding 05-90477-M7, *James L.*

7   *Kennedy, Chapter 7 Trustee v. Roland Paule Daigle, et al.*;

8                (e)      As used herein, "Petition Date" means October 18, 2002, the date a

9   petition was filed commencing this bankruptcy case.

10               (f)      As used herein, "Property" means the Real Property and any

11  improvements thereon including but not limited to, an the 8 unit apartment/condominium

12  complex, located at 531-545 Boswell Avenue, Norwich, Connecticut.

13                        **REQUESTS FOR ADMISSIONS**

14  **REQUEST FOR ADMISSION NO. 1:**

15       Admit that at the time You filed bankruptcy, You had a fee interest in the Property.

16  **REQUEST FOR ADMISSION NO. 2:**

17       Admit that the Quitclaim Deed dated May 18, 2001, from You to "Real Estate Trust,

18  Audrey A. Daigle, Trustee" was not signed until October 14, 2002.

19  **REQUEST FOR ADMISSION NO. 3:**

20       Admit that the Quitclaim Deed dated May 18, 2001, from You to "Real Estate Trust,

21  Audrey A. Daigle, Trustee" was notarized on October 14, 2002.

22  **REQUEST FOR ADMISSION NO. 4:**

23       Admit that the Quitclaim Deed dated May 18, 2001, from You to "Real Estate Trust,

24  Audrey A. Daigle, Trustee" was recorded on October 22, 2002.

25  **REQUEST FOR ADMISSION NO. 5:**

26       Admit that you have no documentary evidence to support the allegations and

27  contentions set forth in Affirmative Defense Number One.

28       / / /

EXHIBIT   8         - 3 -         20070427 DAIG Req for Admissions to R. Daigle.wpd

1  **REQUEST FOR ADMISSION NO. 6:**

2      Admit that you have no documentary evidence to support the allegations and

3  contentions set forth in Affirmative Defense Number Two.

4  **REQUEST FOR ADMISSION NO. 7:**

5      Admit that you have no documentary evidence to support the allegations and

6  contentions set forth in Affirmative Defense Number Three.

7  **REQUEST FOR ADMISSION NO. 8:**

8      Admit that you have no documentary evidence to support the allegations and

9  contentions set forth in Affirmative Defense Number Four.

10  **REQUEST FOR ADMISSION NO. 9:**

11      Admit that you have no documentary evidence to support the denials contained in

12  your answer.

13

14                            LAW OFFICE OF WILLIAM P. FENNELL, APLC

15

16  Dated: May 24, 2007              By: _____

17                          William P. Fennell, Esq.
                        Attorneys for James L. Kennedy, Chapter 7 Trustee

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4   William P. Fennell, Esq. (#164210)
    Tracy L. Schimelfenig, Esq. (#243714)
5   Law Office of William P. Fennell, APLC
    600 W Broadway, Suite 930
6   San Diego, CA  92101
    Telephone (619) 325-1560
7   Facsimile (619) 325-1559

8   Attorneys for James L. Kennedy, Chapter 7 Trustee

9

10              UNITED STATES BANKRUPTCY COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12
    In re                                    )Case No. 02-10222-M7
13                                           )
    ROLAND PAUL DAIGLE (SSN-3341),           )Adversary No.  06-90433-JM
14                                           )
                Debtor.                      )
15                                           )REQUEST FOR ADMISSIONS TO
    _____ )AUDREY A. DAIGLE AS TRUSTEE OF
16  JAMES L. KENNEDY, Chapter 7 Trustee,     )REAL ESTATE TRUST
                                             )
17                                           )
                Plaintiff,                   )
18  v.                                       )
                                             )
19  ROLAND PAUL DAIGLE, an individual;       )
    AUDREY A. DAIGLE, an individual and      )
20  as Trustee of REAL ESTATE TRUST;         )
    ROBERT M. CARUSO, an individual; and     )
21  NAYDIA E. CARUSO, an individual;         )
                                             )
22              Defendants.                  )
                                             )
23  _____ )

24  PROPOUNDING PARTY:      James L. Kennedy, Chapter 7 Trustee

25  RESPONDING PARTY:       Audrey A. Daigle, as Trustee of Real Estate Trust

26  SET NUMBER:             One (1)

27         Plaintiff, James L. Kennedy, Trustee, requests, pursuant to  Rule 36 of the Federal

28  Rules Of Civil Procedure and Rule 7036 of the Rules Of Bankruptcy Procedure, that

                      **EXHIBIT    9**        20070427 DAIG Req for Admissions to A. Daigle.wpd

1  defendant, Audrey A. Daigle, as Trustee of Real Estate Trust, answer the following

2  Requests for Admissions, separately and fully, in writing and under oath, within thirty (30)

3  days after the date of service hereof.

4  If you fail to comply with the provisions of bankruptcy rule 7036 and rule 36 of the federal

5  rules of civil procedure with respect to any admission, the matter of which an admission is

6  requested will be deemed admitted.

7  **DEFINITIONS AND INSTRUCTIONS**

8      1.      In answering these admissions, please furnish all information which is

9  available to you, your representatives, agents and attorneys, and agents of your attorneys,

10  and not merely such information known of your own personal knowledge.  If an answer to

11  an admission of any person answering these admissions is different from the answer to the

12  same admission of any other person answering these admissions, please so state and answer

13  separately.

14      2.      If you cannot answer an admission in full after exercising due diligence in

15  securing the information to do so, so state and answer the remainder of the admission,

16  stating whatever information or knowledge you have concerning the unanswered portion.

17      3.      If you claim a privilege or right not to answer any of the admissions, please

18  state separately as to each such admission what claim of privilege or right is being asserted

19  and the facts on which you base your assertion.

20      4.      The following terms used in this document are defined as follows:

21          (a)      "You," and/or "your" refers to Audrey A. Daigle, as Trustee of Real

22  Estate Trust;

23          (b)      "Person" means and includes natural person, any Business entity,

24  whether a corporation, partnership, limited partnership, association, firm, joint venture or

25  any other, any governmental or public entity, any Trust entity, and any other legal entity.

26  When the word "person" is used in the singular, the same shall be construed to also be used

27  in the plural;

28          (c)      "Identify" when used in reference to:

EXHIBIT  **9**  ·· -  - 2 -      20070427 DAIG Req for Admissions to A. Daigle.wpd

1         (i)    a natural person means to provide the name(s), address(es),

2 telephone number(s) and any other information necessary to locate such person for the

3 purposes of service of subpoena to require attendance at any proceeding;

4         (ii)    a person other than a natural person means to provide the

5 name(s), address(es), telephone number(s), and type of entity of such person;

6         (iii)    a document means to state its date, author, addressee, recipient,

7 type of document and to identify its present custodian.

8         (d)    "Complaint" means Adversary Proceeding 05-90477-M7, *James L.*

9 *Kennedy, Chapter 7 Trustee v. Roland Paule Daigle, et al.*;

10         (e)    As used herein, "Petition Date" means October 18, 2002, the date a

11 petition was filed commencing this bankruptcy case;

12         (f)    As used herein, "Property" means the real property and any

13 improvements thereon including, but not limited to, the 8 unit apartment/condominium

14 complex, located at 531-545 Boswell Avenue, Norwich, Connecticut;

15         (g)    As used herein "Debtor" means  Roland P. Daigle.

16         **REQUESTS FOR ADMISSIONS**

17 **REQUEST FOR ADMISSION NO. 1:**

18     To the extent that Your responses differ from any of the responses of Debtor to the

19 Requests for Admissions as propounded on Debtor on May 24, 2007, state the number of

20 the request and state your response.

21

22         LAW OFFICE OF WILLIAM P. FENNELL, APLC

23

24 Dated: May 24, 2007        By: _William P. Fennell_

25         William P. Fennell, Esq.

        Attorneys for James L. Kennedy, Chapter 7 Trustee

26

27

28

# EXHIBIT "D"

1  William P. Fennell, Esq. (#164210)
   Tracy L. Schimelfenig, Esq. (#243714)
2  Law Office of William P. Fennell, APLC
   2368 Second Ave.
3  San Diego, CA  92101
   Telephone (619) 325-1560
4  Facsimile (619) 325-1558

5  Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7              **UNITED STATES BANKRUPTCY COURT**

8              **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 In re                                    )Case No. 02-10222-M7
                                            )
   ROLAND PAUL DAIGLE (SSN-3341),           )Adversary No.  06-90433-JM
11                                          )
                  Debtor.                   )**DECLARATION OF JAMES L.**
12                                          )**KENNEDY IN SUPPORT OF MOTION**
                                            )**FOR SUMMARY JUDGMENT, OR**
13 _____      )**ALTERNATIVELY SUMMARY**
   JAMES L. KENNEDY, Chapter 7 Trustee,     )**ADJUDICATION**
14                                          )
                  Plaintiff,                )
15 v.                                       )Hearing Date:    December 19, 2007
                                            )Hearing Time:    2:00 p.m.
16 ROLAND PAUL DAIGLE, an individual;       )Dept.:           One (1)
   AUDREY A. DAIGLE, an individual and      )
17 as Trustee of REAL ESTATE TRUST;         )
   ROBERT M. CARUSO, an individual; and     )
18 NAYDIA E. CARUSO, an individual;         )
                                            )
19                Defendants.               )
                                            )
20 _____      )

21        I, JAMES L. KENNEDY, say and declare:

22        1.      I am the Chapter 7 Trustee and plaintiff in the above-referenced matter.  I

23 make this declaration based upon personal knowledge, except where stated upon

24 information and belief, which matters I believe to be true, and if called upon to testify could

25 competently testify hereto.

26        2.      By letter dated May 19, 2006, Raymond L. Baribeault, Jr., Esq. of New

27 London, Connecticut, informed me that his client was negotiating the purchase of real

28 property located at 531-545 Boswell Avenue, Norwich, Connecticut ("Real Property").  Mr.

**EXHIBIT    - D**

1    Baribeault found that record title to the Real Property is currently in the name of Robert M.

2    and Naydia E. Caruso and Roland P. and Audrey A. Daigle.

3         3.       I was not previously aware of the existence of this asset and/or that Debtor had

4    an interest in the Real Property.

5         4.       Upon discovery of Debtor's interest in the Real Property, I sought to reopen

6    the Debtor's bankruptcy case and employed counsel to file an adversary proceeding to

7    recover Debtor's interest in the Real Property.

8         I declare under penalty of perjury under the laws of the State of California and the

9    United States of America that the foregoing is true and correct.  Executed this _19th_ day

10   of November 2007 at San Diego, California.

11

12                                                                JAMES L. KENNEDY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

**EXHIBIT   - D**

# EXHIBIT "E"

1   William P. Fennell, Esq. (#164210)
    Tracy L. Schimelfenig, Esq. (#243714)
2   Law Office of William P. Fennell, APLC
    2368 Second Ave.
3   San Diego, CA  92101
    Telephone (619) 325-1560
4   Facsimile (619) 325-1558

5   Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7                    UNITED STATES BANKRUPTCY COURT

8                    SOUTHERN DISTRICT OF CALIFORNIA

9

10  In re                                    )Case No. 02-10222-M7
                                             )
11  ROLAND PAUL DAIGLE (SSN-3341),           )Adversary No.  06-90433-JM
                                             )
12                    Debtor.                )
                                             )**REQUEST FOR JUDICIAL NOTICE IN**
13  _____     )**SUPPORT OF MOTION FOR SUMMARY**
                                             )**JUDGMENT,   OR   ALTERNATIVELY**
    JAMES L. KENNEDY, Chapter 7 Trustee,     )**SUMMARY ADJUDICATION**
14                                           )
15                    Plaintiff,             )
                                             )
    v.                                       )Hearing Date:        December 19, 2007
16                                           )Hearing Time:        2:00 p.m.
    ROLAND PAUL DAIGLE, an individual;       )Dept.:               One (1)
17  AUDREY A. DAIGLE, an individual and as   )
    Trustee  of  REAL  ESTATE  TRUST;        )
18  ROBERT M. CARUSO, an individual; and     )
    NAYDIA E. CARUSO, an individual;         )
19                                           )
                      Defendants.            )
20                                           )
                                             )
21  _____     )

22        Plaintiff, James L. Kennedy, Chapter 7 Trustee ("Plaintiff"), respectfully requests,

23  pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the

24  following:

25        1.     Chapter 7 Voluntary Petition, Schedules & Statements filed October 18, 2002 in

26  the main bankruptcy case, case no. 02-10222-M7, docket no. 1.

27        2.     Discharge of Debtor filed on March 3, 2003 in the main bankruptcy case, case no.

28  02-10222-M7, docket no. 18.

20071109 DAIG Request for Jud Not.wpd

**EXHIBIT          E**

1        3.     Order Reopening Estate filed on October 24, 2006 in the main bankruptcy case,

2    case no. 02-10222-M7, docket no. 25.

3                                 LAW OFFICE OF WILLIAM P. FENNELL, APLC

4

5    Dated: November 19, 2007          By:/s/ William P. Fennell
                                  WILLIAM P. FENNELL, ESQ.

6                                 Attorneys for James L. Kennedy, Chapter 7 Trustee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20071109 DAIG Requst for Jud Not.wpd

EXHIBIT       E

# EXHIBIT "F"

1 | Daniel J. Winfree. (#98890)
1010 Second Ave. # 1015
2 | San Diego, CA 92101
Telephone (619) 235-6060
3 | Facsimile (619) 234-8620

4

5 | Attorney for ROLAND and AUDREY DAIGLE

6

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 | In re )Case No. 02-10222-M7
)
11 | ROLAND PAUL DAIGLE (SSN-3341), )Adversary No. 06-90433-JM
)
12 | Debtor. )
)**SEPARATE STATEMENT OF**
13 | _____ )**UNDISPUTED MATERIAL FACTS**
)**IN OPPOSITION TO MOTION FOR**
14 | JAMES L. KENNEDY, Chapter 7 Trustee, )**SUMMARY JUDGMENT, OR**
)**ALTERNATIVELY SUMMARY**
15 | Plaintiff, )**ADJUDICATION**
)
16 | v. )
)
17 | ROLAND PAUL DAIGLE, an individual; )
AUDREY A. DAIGLE, an individual and as )Hearing Date:      December 19, 2007
18 | Trustee of REAL ESTATE TRUST; )Hearing Time:     2:00 p.m.
ROBERT M. CARUSO, an individual; and )Dept.:                  One (1)
19 | NAYDIA E. CARUSO, an individual; )
)
20 | Defendants. )
)
21 | _____ )

22 |     Defendants ROLAND and AUDREY, Defendants, submit the following Separate

23 | Statement of Undisputed Facts In Opposition to Motion for Summary Judgment, or

24 | Alternatively Summary Adjudication:

25 | ///

26 | ///

27 | ///

28 | ///

**EXHIBIT    F**

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 1. On or about October 18, 2002 ("Petition Date"), Roland Paul Daigle ("Debtor") filed for relief pursuant to the provisions of Chapter 7 of Title 11, of the United States Bankruptcy Code, Southern District of California. | Undisputed. |
| 2. Debtor received a discharge on March 3, 2003. | Undisputed |
| 3. By order dated October 24, 2006 the court approved the Trustee's motion to reopen Debtor's bankruptcy case. | Undisputed |
| 4. At the time of the filing of his Chapter 7 petition, Debtor did not list any interest in real property on Schedule A. | Undisputed |
| 5. At the time of the filing of the Chapter 7 petition, Debtor did not list any transfers in response to number 10 on his Statement of Financial Affairs. | Undisputed |
| 6. at the time Debtor filed bankruptcy, Debtor had a fee interest in the real property and improvements thereon, in an 8 unit apartment condominium complex, located at 531-545 Boswell Avenue, Norwich, Connecticut (collectively "Real Property") | **DISPUTED** Daigle Declaration ¶¶ 3,4,5,6 and Exhibits "A" and "B" attached thereto |
| 7. On or about January 31, 1984, Debtor and Robert M. Caruso ("R. Caruso") purchased the Real Property. | Undisputed |
| 8. By Quitclaim Deed dated August 26, 1985, R. Caruso transferred his interest in the Real Property to himself and his wife, Naydia E. Caruso ("N. Caruso") as joint tenants | Undisputed |
| 9. By Quitclaim Deed dated August 26, 1985, Debtor transferred his interest in the Real Property to himself and his wife, Audrey A. Daigle, ("A. Daigle"), as joint tenants | Undisputed |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 EXHIBIT    F

| | | |
|---|---|---|
| 1 | 10. Debtor transferred the Real Property to "Real Estate Trust, Audrey A. Daigle, Trustee" by Quitclaim Deed dated May 18, 2001. | **UNDISPUTED** |
| 2 | | |
| 3 | | |
| 4 | 11. The Deed was not signed until October 14, 2002 based upon the date of the notary acknowledgment. | **DISPUTED** Daigle Declaration ¶¶ 3,5 and Exhibits "A" and"B" attached thereto |
| 5 | | |
| 6 | 12. The Quitclaim Deed was not recorded until October 22, 2002, four days after Debtor's bankruptcy filing. | Undisputed |
| 7 | | |
| 8 | 13. On or about January 9, 2006 Audrey A. Daigle, Trustee of the Real Estate Trust transferred the Real Property to Debtor and Audrey A. Daigle as joint tenants by Quitclaim Deed. | Undisputed |
| 9 | | |
| 10 | | |
| 11 | 14. The Trustee did not become aware of the existence of the Real Property until he was contacted in 2006 by a Connecticut attorney who was negotiating the purchase of Real Property on behalf of his client. | **DISPUTED** Daigle Declaration ¶ 10 |
| 12 | | |
| 13 | | |
| 14 | 15. Trustee was not previously aware of the existence of Debtor's interest in the Real Property. | **DISPUTED** Daigle Declaration ¶ 10 |
| 15 | | |
| 16 | 16. Upon discovery of Debtor's interest in the Real Property, the Trustee sought to reopen the Debtor's bankruptcy case and employed counsel to file an adversary proceeding to recover Debtor's interest in the Real Property. | **DISPUTED** Daigle Declaration ¶ 10 |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | 17.The Trustee conducted proper due diligence regarding the Debtor's estate. | Undisputed |
| 21 | | |
| 22 | | |
| 23 | 18. The deed states that the consideration for the transfer was $0.00 | **DISPUTED** Daigle Declaration Exhibit "A" |
| 24 | | |
| 25 | Dated: December 10, 2007 | /s/ Daniel J. Winfree |
| 26 | | DANIEL J. WINFREE Attorney Defendants DAIGLE |
| 27 | | |
| 28 | | |

DaigleStmntUndisputedFcts.wpd                    - 3 -

**EXHIBIT    F**

# EXHIBIT "G"

1 | Daniel J. Winfree, Esq. (SBN 98890)
2 | 1010 Second Avenue, Suite 1015
  | San Diego, CA  92101
3 | Telephone:  (619) 235-6060
  | Facsimile: (619) 234-7780
4 |
5 | Attorneys for Defendants ROLAND and AUDREY DAIGLE
6 |
7 |
8 |                    UNITED STATES BANKRUPTCY COURT
9 |                    SOUTHERN DISTRICT OF CALIFORNIA
10 |
11 | In Re:                              )    CASE NO. 02-10222-M7
   |                                     )
12 | ROLAND PAUL DAIGLE (SSN-3341)       )    Adversary No. 06-90433-JM
   |                                     )
13 |                                     )
14 |        Debtor,                      )    MEMORANDUM OF POINTS AND
   |                                     )    AUTHORITIES IN OPPOSITION TO
15 |                                     )    MOTION FOR SUMMARY
   | ─────────────────────────────────── )    JUDGMENT OR ALTERNATIVELY
   | JAMES L. KENNEDAY, Chapter 7 Trustee,)   SUMMARY ADJUDICATION
16 |                                     )
17 |        Plaintiff,                   )
   |                                     )    DATE:    December 19, 2007
18 |    vs.                              )    TIME:    2:00 p.m.
   |                                     )    DEPT:    1
19 | ROLAND PAUL DAIGLE, an individual;  )
20 | AUDREY A. DAIGLE, an individual and as)
   | Trustee of REAL ESTATE TRUST;       )
21 | ROBERT M. CARUSO, an individual; and )
22 | NAYDIA E. CARUSO, an individual;    )
   |                                     )
23 |        Defendants.                  )
   |                                     )
24 | ─────────────────────────────────── )
25 |
26 |
27 |
28 |

EXHIBIT        G

# I.

# INTRODUCTION

Federal Rule of Civil Procedure 56 (incorporated into bankruptcy proceedings by Bankruptcy Rule of Procedure 7056) sets as a standard that the Court must find in order to grant a motion for summary judgment that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

This opposition takes the position that there is a disputed fact, that the facts are not only material but essential to all of plaintiff's claims and that the dispute as to the fact is a genuine dispute, although it should not be.  This can be seen from a basic analysis as to the fact and the support for it.

# II.

# ARGUMENT

Moving party's Sixth  Undisputed Material Fact states that defendant Roland Daigle had a fee interest in property at the time that he filed his bankruptcy proceeding on October 18, 2002.  He (moving party) asserts as collaboration   a deed attached as Exhibit "6" to the Declaration of William P. Fennell in Support of the Motion for Summary Judgment, as well as Exhibits "8" and "9".  ( Exhibits "8" and "9" are valueless as  evidence in that they are Discovery Requests  without corresponding answers.)  Moving party provides some explanation for his position in relation to Exhibit "6" in his memorandum at p. 2, ll. 13-14 in which he states, "the deed was not signed until October 14, 2002 based upon the date of the notary acknowledgement."

That is the full breadth of plaintiff's support for his position that defendant Roland Daigle had a fee interest in a piece of property in Norwich, Connecticut at the time that he filed his bankruptcy.  Does their collaboration actually support their proposition?  The answer is no both factually and legally.

Exhibit "6", the deed in question, states on its face that it was executed on May 18, 2001 and asserts further in the attestation clause that the party signing it agrees that he was signing it on May 18, 2001.  Additionally, the Declaration of Roland Daigle accompanying this

-1-

Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment

**EXHIBIT**      Fig.  **G**

1  opposition is a sworn statement of Roland Daigle that the assertions within the deed itself are

2  correct – that he did sign the deed on May 18, 2001. That deed further states that it is a

3  transfer thereby of all right, title, interest and claim of Roland Daigle to the property that is

4  being conveyed. Thus, any interest Roland Daigle had in that property had been conveyed

5  away by that deed approximately seventeen (17) months prior to the filing of the bankruptcy.

6       If moving party has additional evidence to support the proposition of Fact Number 6,

7  they have not yet provided it, even though they assert that they have a basis *in fact* for their

8  position.[1]   However, their appreciation of what is fact, versus what is hypothesis, is actually

9  open to question. In response to defendant's Requests for Admission (Exhibit "1" attached to

10 the Declaration of Daniel J. Winfree) that they have no bases in fact that Roland Daigle:

11       a) is a settlor of the REAL ESTATE TRUST for which AUDREY A. DAIGLE is

12 trustee. (RFA #1), or

13       b) has a beneficial interest in the REAL ESTATE TRUST (RFA#2), or

14       c) has an interest of any type in the REAL ESTATE TRUST for which AUDREY A.

15 DAIGLE is Trustee (RFA#3), or

16       d) That anyone other than the Notary executed any document on October 14, 2002

17 which either effected or affected the Quitclaim Deed (RFA#7), AND

18       e) That the Quitclaim Deed states on it's face that it was executed on May 18,

19 2001(RFA#4), and

20       f) that ROLAND P. DAIGLE, in signing the Quitclaim Deed attests that he was signing

21 it on May 18, 2001 (RFA#5),

22 they provide a sequence of denials. And, when asked to explain the <u>FACTUAL BASIS</u> for

23 each individual denial (RESPONSE TO DEFENDANTS INTERROGATORY NO. 5, attached

24 as Exhibit "2" to the Declaration of Daniel J. Winfree) they state:

25

26 _____

27 [1] Their position about the date on the notary's jurat is pure speculation. Nothing within that
document or any other collaboration supports their position that October 14, 2002 was the date

28 that Roland Daigle signed the deed.

**EXHIBIT** ~ Pg. **G**

1   "Plaintiff alleges that Defendant transferred his interest in the Real Property post
2   petition on October 22, 2002, and that the transfer was not authorized under Title 11 or by this
3   Court. Plaintiff alleges that he is authorized to avoid the transfer and may recover for the
4   benefit of the estate, Defendants interest or value thereof, in the Real Property."
5
6       If this author is not mis-interpreting, plaintiff is taking the position that their suspicions
7   are the support for their allegations, and their suppositions are the support for their suspicions.
8   That conclusion, however, does not adequately explain why they deny that
9       a) "May 18, 2001 is in excess of a year prior to October 18, 2002" (RFA#9), or
10      b) "That any date after March 3, 2007 is more than four years subsequent to March 3,
11  2003" (RFA#12), or
12      c) "That October 31, 2006 is more that four years subsequent to the latter of May 18,
13  2001, October 14, 2002 or October 22, 2002" (RFA#13),
14  and that they provide as a **factual** explanation for this series of denials that
15
16      "Plaintiff alleges that Defendant transferred his interest in the Real Property post
17  petition on October 22, 2002, and that the transfer was not authorized under Title 11 or by this
18  Court. Plaintiff alleges that he is authorized to avoid the transfer and may recover for the
19  benefit of the estate, Defendants interest or value thereof, in the Real Property." (Response to
20  Interrogatory No. 5).
21
22      Go figure. Apparently revisionism is expanding beyond the field of history.
23      ///
24
25
26
27
28

Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment

EXHIBIT    G

**FACT NO. 6, AS PROPOUNDED BY MOVING PARTY IS FURTHER STRADDLED BY LEGAL PRINCIPLES**

California Evidence Code § 622 states as follows:

> "The facts recited in a written instrument are conclusively presumed to be true as between the parties thereto or their successors in interest, but this rule does not apply to the recital of consideration."

This rule Is incorporated into this proceeding by Federal Rules of Evidence 301 and 302. Thus, in spite of the conclusive presumption that the facts stated are true, despite the fact that Roland Daigle recites the facts as true, and despite the fact that the document itself states the facts are true, moving party states an alternative proposition. Although this makes the fact disputed, it really should not. The true fact, which is the opposite of what moving party asserts should be considered to be the undisputed fact.

Additionally, Defendant disputes Fact Number 11, that the deed was not signed until October 14, 2002 based upon the date of the notary acknowledgement. Again, moving party cites Exhibit "6" and Exhibits "8" and "9". In relation to Exhibit "6", it is presumed that the moving party is relying upon the all purpose acknowledgement attached to the deed. Defendant does not dispute that the acknowledgement was prepared on October 14, 2002, nor does he dispute that the document acknowledges his signature on the deed. What defendant disputes is that the document establishes that the deed was signed on that same date of October 14, 2002. Nothing in the Notary jurat even suggests that. In his Declaration, defendant has testified to the effect that he brought his driver's license and the previously signed copy of the deed to the notary on that date because of the reasons stated in his Declaration. The jurat itself states that based upon satisfactory evidence presented, the notary is prepared to acknowledge that the person presenting the deed to her is the same person who signed it. There is no indication or statement to the effect that the deed was signed in front of the notary and, in fact, the language of the acknowledgement actually suggests that it was corroboration of the signature, and not the signature itself that the notary was acknowledging.

**EXHIBIT "G"**

  
1    Additionally, Fact 14, that the Trustee did not become aware of the existence of the

2  real property until he was contacted in 2006 by a Connecticut attorney seems to be

3  controverted by the Declaration of Roland Daigle to the effect that he remembers a discussion

4  of some sort relative to the property at the 341(a) hearing.

5    Facts 15 and 16 are disputed in that they state that the Trustee was somehow

6  discovering an interest in property of the debtor when that exact fact is, itself, in dispute.

7  Those statement of facts are more an argument than an actual fact.

8    Finally, defendant disputes Fact 18. The argument again stated is the same as was

9  relative to the previous arguments. Moving party states that the deed states that the

10  consideration for the transfer of the real property was zero, when in reality the document itself

11  states that it was for "good consideration and for the sum of zero dollars ($0.00). " Moving

12  party, in his presentation of fact, appears to overlook the conjunction contained within the

13  phrase he is quoting and, by the same gesture, eliminates one-half of the statement within the

14  deed. In this case, because California Evidence Code § 622 specifically excludes statements of

15  consideration contained within the document, defendant disputes the statement of fact based

16  upon the recitation of facts contained in the Declaration of Roland Daigle which accompanies

17  this opposition. Although zero cash passed between Roland Daigle and Audrey Daigle, the

18  dynamics of the transaction they were formalizing indicate that the assumption of a significant

19  amount of liability of Roland Daigle by Audrey Daigle was the consideration that was

20  exchanged between the parties.

21  **A.    The Effect of the Disputed Facts on the Motion for Summary Judgment.**

22

23    Moving party has brought an action under **Section 549** asking this Court to affirm the

avoidance of a post-petition transfer. Being post-petition is a specific element of a 549 action,
24
and even moving party's Statement of Facts do not support a finding in regard to this cause of
25
action. Plaintiff is asserting in his Statement of Facts that the deed was actually signed on
26
October 14, 2002 which is four days before the filing of the bankruptcy. Plaintiff then asserts
27
that the recording of the Deed of Trust on a date subsequent to the filing of the bankruptcy
28

-5-                                 Case No. 02-10222-M7

EXHIBIT    G

1  constituted the transfer they were attempting to avoid.  In taking this position, plaintiff is
2  relying upon the case of *In Re Brooks-Hamilton*, 348 BR 512 (Bankr. N.D. Cal. 2006).  The
3  *Brooks-Hamilton* case is significantly distinguishable from the matter before this Court.
4  Plaintiff even cites the finding of that Court at page 5, lines 1-3 of his Memorandum "that the
5  beneficial interest (deriving from a trust) in the real property is the property of the debtor's
6  bankruptcy estate and the recording of the deed constitutes a transfer of this interest."

7
8      The finding of a beneficial interest in the *Brooks-Hamilton* case was not the
9  identification of some sort of aura that attaches to a previously-owned property, but that the
10  construction and arrangement of the trust that was associated with the *Brooks-Hamilton* case
11  and to which the property had presumably been transferred, provided by its very term for a
12  beneficial interest to remain in the debtor, and that the subsequent recording of those deeds
13  did, in fact, cause a transfer of that beneficial interest.  There is no beneficial interest in this
14  case.  The transfer that occurred in May 2001 was an outright transfer without reservation of
15  any sort by the debtor.

16      If moving party is intending to establish that there is a beneficial interest in this case, he
17  certainly has not produced any evidence before this Court nor in any of the proceedings to date
18  which establish that there is a beneficial interest being retained by debtor.  Thus, the use of
19  *Brooks-Hamilton* as their authority for the proposition that the recording of a Grant Deed
20  transfers an interest that is recaptured by the estate is based upon facts that are clearly
21  distinguishable from the facts before this particular Court.
22      Moving party attempts to augment the 549 argument by citing provisions from Section
23  544(A)(3).  However they have not brought a cause of action under 544(A)(3).  Additionally,
24  problematic with that particular proposition is that they are stating as a fact that the Trustee can
25  establish a position of a bona fide purchaser in relation to this transaction.  That is a highly
26  questionable proposition in relation to this case.  A bona fide purchaser under California law is
27  not a person who is both deaf and blind and unable to make intelligent inquiry regarding the
28  issues associated with the transfer of property.

-6-                                    Case No. 02-10222-M7

EXHIBIT    G

> "To be a bona fide purchaser, one must have purchased in good faith
> and for a valuable consideration, and must have had no knowledge
> or notice of prior rights at the time of his purchase or at any time
> prior to payment of the purchase price."

*Hanson v. G&G Trucking Co.*, 236 Cal. App. 2d 481, 498 (1965).

Additionally cited in that case is the case of *Manic v. Bachman*, 127 Cal. App. 2d 216, where at 222 they affirm that in California that it is well settled that where a person who is a stranger to the record,  the purchaser is under duty to make inquiry of such stranger's rights and failure to do so deprives him of the status of the bona fide purchaser.  That proposition was cited as the law in California by Judge Hargrove of this Court in the 1986 decision of *In Re Heinig*, 64 B.R. 456 (1986).  Judge Hargrove, at 458, states the proposition that "constructive, as well as actual notice of a prior unrecorded transfer removes the subsequent purchaser from the protection of the recording acts."

The transaction in question here is arguably one that provides such constructive notice. The transfer in which the Trustee is attempting to maintain the status of a bona fide purchaser was truly an internal transfer, and  a transfer to the wife, albeit as Trustee, of the debtor.  Thus, all party's that a purchaser would need to contend with in relation to a transaction with debtor were the same parties he would have been required to contend with subsequent to the transfer in question.  In order for he, as a bona fide purchaser, to be satisfied, he would have needed to at least inquire as to the potential of a community property interest in the asset being sold, as well as the other owners interests.  Such an inquiry would have placed him face-to-face with the transferee in the transaction, who presumably then would have prevented any subsequent bona fide purchaser providing value.  Although the Trustee has the potential to assume the position of a bona fide purchaser under the law, it is clear from the decisions in the matter that he has to establish that it was a bona fide purchaser situation.  It is a competent question in this case as to whether that status could be attained in these circumstances.

Additionally, plaintiff asks this Court to avoid a transfer under **Section 548(a)** of the Code.  The disputed material facts would interfere with this cause of action, as well.  548 has, as a limiting factor, that the transfer would involve property that was transferred within one

-7-

EXHIBIT    G

1 | year of the filing of the Petition and not for reasonable value. Both of those facts are genuinely

2 | disputed in relation to this matter. The debtor's position in relation to both of those facts is that

3 | the transfer occurred seventeen months prior to the filing of the Petition for Bankruptcy and

4 | that there was adequate value provided between the parties.

5 |

6 |      Within the First Amended Complaint, plaintiff has specifically stated that he is bringing

7 | a cause of action under California Civil Code § 3439.04(b). Section 3439.09 of that same

8 | Code limits actions to be brought within four years after the conveyance, or one year after the

9 | transfer could reasonably have been discovered. The issue relating to the discussion of this

10 | matter before the Trustee at the 341(a) hearing becomes material. The Trustee has maintained

11 | that he had no knowledge of this transfer, yet the debtor has recollection of having a discussion

12 | about that transfer within the 341(a) hearing. Thus, that fact itself is adequately disputable to

13 | determine that summary judgment could not be provided in relation to that cause of action.

14 | Additionally, it is prospective that 3439.09(b) could bar the action without consideration for

15 | knowledge.

16 |      No facts in plaintiffs movement have been provided to support that purging of the

17 | statute defense raised by defendant's pleadings. Plaintiff merely realleges that the debtor

18 | effected the transfer with actual intent to hinder, delay or defraud creditors. No presentation of

19 | evidence has been submitted in relation to those allegations. .

20 |      Finally, in response to the statue of limitation of two years imposed by the Code in

21 | Section 549, plaintiff has argued that that statute is tolled. As a basis for the tolling, they argue

22 | at page 6, lines 18 through 24 that:

23 |         "At the time debtor filed his bankruptcy petition, he did not list the real property on his Schedule A. He also did not list any transfers of

24 |         property in his Statement of Financial Affairs. The Trustee did not become aware of the existence of real property until he was

25 |         contacted in 2006 by a Connecticut attorney. The Trustee did not know of that real property during questioning at the 341(a)

26 |         hearing."

27 |

28 |

<center>-8-</center>

Case No. 02-10222-M7

EXHIBIT    G

1       Because there is a dispute as to whether the issue of the transfer came up at the 341(a)

2   hearing, at least one of the foundational facts supporting their particular argument is in dispute

3   and there is no evidence other than that which has been presented by debtor that addresses it.

4   Additionally, it appears because of the reference to Schedule A, as well as Item 10 in the

5   Statement of Financial Affairs, that the credibility of the debtor is being questioned.  In fact,

6   that must be if this issue is to be provided a proper inquiry since the facts stated by him would

7   require neither a listing on Schedule A nor a statement in the financial affairs at paragraph 10.

8   Issues of credibility, including issues of intent should be left to a trier of fact and are not

9   subject to summary judgment determination.  *Harris v. Itzhaki*, 1983 Fed. 3d 1043, 1051 (9th

10  Cir. 1999); *SEC v. Kora Corp. Industries*, 575 Fed. 2d 692, 699 (9th Cir. 1978).  In order to

11  establish that these items were wrongfully omitted from those particular schedules depends

12  upon a finding on the credibility of the witness, since his statement of fact would suggest that it

13  was not necessary.  Thus, if the credibility of the witness is an issue, summary judgment is not

14  appropriate.

15  **B.**     **The Issue of 363(H)**

16      This responding party does not feel it is incumbent upon him to address the issues raised

17  by the application made on behalf of the Trustee for a sale of property under 363(H) inasmuch

18  as the interest that is sought to be sold is the interest of parties other than responding party.

19  Thus, the issue is not addressed by this memorandum.

20  <div align="center">III.</div>

21  <div align="center">**CONCLUSION**</div>

22      Plaintiff's Motion for Summary Judgment should be denied.  This responding party is

23  amazed that the Motion for Summary Judgment has actually added <u>not one piece of support</u>

24  not already stated in the First Amended Complaint, and has relied exclusively on hypothesis,

25  versus concrete facts in addressing the single material fact on which the entire case rises or

26  falls.  Plaintiff, in his propositions before this Court  are almost seemingly extolling a position

27  that "the facts are what we say the facts are".  This attitude is identifiable in plaintiffs denial of

28  undeniable facts in the discovery Reponses attached as exhibit 1,  and his use as a basis for his

<div align="center">-9-</div>

Case No. 02-10222-M7

1  denial no more that what he alleges in his complaint. With such a view of the facts and the

2  rationale for it, it is not remarkable that all of the facts in this case are still in dispute.  Thus, the

3  Motion should be denied.

4

5  DATE: December 9, 2007                              ___/s/Daniel J. Winfree

6

7                                                      DANIEL J. WINFREE
                                                       Attorney for Defendants Daigle

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment

EXHIBIT      Pg. G

1  Daniel J. Winfree. (#98890)
   1010 Second Ave. # 1015
2  San Diego, CA  92101
   Telephone (619) 235-6060
3  Facsimile (619) 234-8620

4

5  Attorney for ROLAND and AUDREY DAIGLE

6

7              UNITED STATES BANKRUPTCY COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9

10 In re                                    )Case No. 02-10222-M7
                                            )
11 ROLAND PAUL DAIGLE (SSN-3341),           )Adversary No.  06-90433-JM
                                            )
12            Debtor.                        )
                                            )SEPARATE STATEMENT OF
13 _____ )UNDISPUTED MATERIAL FACTS
   JAMES L. KENNEDY, Chapter 7 Trustee,     )IN OPPOSITION TO MOTION FOR
14                                           )SUMMARY JUDGMENT, OR
                                            )ALTERNATIVELY SUMMARY
15           Plaintiff,                       )ADJUDICATION
   v.                                        )
16                                           )
   ROLAND PAUL DAIGLE, an individual; )
17 AUDREY A. DAIGLE, an individual and as )Hearing Date:    December 19, 2007
   Trustee of REAL ESTATE TRUST; )Hearing Time:    2:00 p.m.
18 ROBERT M. CARUSO, an individual; and )Dept.:           One (1)
   NAYDIA E. CARUSO, an individual;          )
19                                           )
             Defendants.                     )
20                                           )
   _____ )
21

22     Defendants ROLAND and AUDREY. Defendants. submit the following Separate

23 Statement of Undisputed Facts In Opposition to Motion for Summary Judgment, or

   Alternatively Summary Adjudication:
24
   ///
25
   ///
26
   ///
27
   ///
28

EXHIBIT      G

| Undisputed Material Facts | Supporting Evidence |
|---|---|
| 1. On or about October 18, 2002 ("Petition Date"), Roland Paul Daigle ("Debtor") filed for relief pursuant to the provisions of Chapter 7 of Title 11, of the United States Bankruptcy Code, Southern District of California. | Undisputed. |
| 2. Debtor received a discharge on March 3, 2003. | Undisputed |
| 3. By order dated October 24, 2006 the court approved the Trustee's motion to reopen Debtor's bankruptcy case. | Undisputed |
| 4. At the time of the filing of his Chapter 7 petition, Debtor did not list any interest in real property on Schedule A. | Undisputed |
| 5. At the time of the filing of the Chapter 7 petition, Debtor did not list any transfers in response to number 10 on his Statement of Financial Affairs. | Undisputed |
| 6. at the time Debtor filed bankruptcy, Debtor had a fee interest in the real property and improvements thereon, in an 8 unit apartment condominium complex, located at 531-545 Boswell Avenue, Norwich, Connecticut (collectively "Real Property") | **DISPUTED** Daigle Declaration ¶¶ 3,4,5,6 and Exhibits "A" and "B" attached thereto |
| 7. On or about January 31, 1984, Debtor and Robert M. Caruso ("R. Caruso") purchased the Real Property. | Undisputed |
| 8. By Quitclaim Deed dated August 26, 1985, R. Caruso transferred his interest in the Real Property to himself and his wife, Naydia E. Caruso ("N. Caruso") as joint tenants | Undisputed |
| 9. By Quitclaim Deed dated August 26, 1985, Debtor transferred his interest in the Real Property to himself and his wife, Audrey A. Daigle, ("A. Daigle"), as joint tenants | Undisputed |

DaigleStmntUndisputedFcts.wpd

- 2 -

 **EXHIBIT    G**

| | |
|---|---|
| 10. Debtor transferred the Real Property to "Real Estate Trust, Audrey A. Daigle, Trustee" by Quitclaim Deed dated May 18, 2001. | **UNDISPUTED** |
| 11. The Deed was not signed until October 14, 2002 based upon the date of the notary acknowledgment. | **DISPUTED** Daigle Declaration ¶¶ 3,5 and Exhibits "A" and"B" attached thereto |
| 12. The Quitclaim Deed was not recorded until October 22, 2002, four days after Debtor's bankruptcy filing. | Undisputed |
| 13. On or about January 9, 2006 Audrey A. Daigle, Trustee of the Real Estate Trust transferred the Real Property to Debtor and Audrey A. Daigle as joint tenants by Quitclaim Deed. | Undisputed |
| 14. The Trustee did not become aware of the existence of the Real Property until he was contacted in 2006 by a Connecticut attorney who was negotiating the purchase of Real Property on behalf of his client. | **DISPUTED** Daigle Declaration ¶ 10 |
| 15. Trustee was not previously aware of the existence of Debtor's interest in the Real Property. | **DISPUTED** Daigle Declaration ¶ 10 |
| 16. Upon discovery of Debtor's interest in the Real Property, the Trustee sought to reopen the Debtor's bankruptcy case and employed counsel to file an adversary proceeding to recover Debtor's interest in the Real Property. | **DISPUTED** Daigle Declaration ¶ 10 |
| 17.The Trustee conducted proper due diligence regarding the Debtor's estate. | Undisputed |
| 18. The deed states that the consideration for the transfer was $0.00 | **DISPUTED** Daigle Declaration Exhibit "A" |

Dated: December 10, 2007      /s/ Daniel J. Winfree
                                  DANIEL J. WINFREE
                                  Attorney Defendants DAIGLE

EXHIBIT      G

1 | DANIEL J. WINFREE, SBN: 98890
1010 Second Avenue, Suite 1010
2 | San Diego, CA  92101
Telephone (619) 235-6060
3 | Facsimile (619) 234-8620

4

5 | Attorney for ROLAND and AUDREY DAIGLE

6

7

8 | UNITED STATES BANKRUPTCY COURT

9

10 | SOUTHERN DISTRICT OF CALIFORNIA

11

12 | In re:

13 | ROLAND PAUL DAIGLE,

14 |                Debtor.

15 | JAMES L. KENNEDY, Chapter 7 Trustee

16 |                Plaintiff

17 | Vs

18 | ROLAND PAUL DAIGLE, an individual;
19 | AUDREY A. DAIGLE, an individual and
As Trustee of REAL ESTATE TRUST;
20 | ROBERT M. CARUSO, an individual; and
NAYDIA E CARUSO, an individual;
21

22 |                Defendants
23

Case No.: No. 02-10222-M7

ADV No. 06-90433-JM

DEFENDANT ROLAND DAIGLES
DECLARATION IN SUPPORT OF
OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

DATE:  DECEMBER 19, 2007
TIME:  2:00 pm
DEPT:  ONE (1)

24

25 | I, Roland Daigle, declare as follows:

26 | 1) I am a defendant in the action to which this motion applies.

27 | 2) I have  attached to this declaration a copy of a deed, which is likewise attached as

28

DECLARATION OF ROLAND DAIGLE

1

EXHIBIT     G

exhibit 6 to the Declaration of William P. Fennell offered in support of this motion for summary judgment.

3) As to that attached deed I testify as follows: The document states on it's face that it was executed on the "18th day of May 2001". I assert that to be true based on my own knowledge. The document states that it was executed by Roland P. Daigle. I assert that to be true based on my own personal knowledge, and further assert that I am the same Roland P. Daigle that is referenced in that document. The document is signed. I assert that that signature is mine. The attestation above my signature asserts that it was signed "the day and year first above written". I assert that to be true based on my own knowledge with understanding that "the day and year first above written" refers to "this 18th day of May 2001".

4) On that same date, I delivered the above document to Audrey A. Daigle, who is my wife. The document states "for good consideration and for the sum of $0.00" I "remise, release and quitclaim" "all the right, title, interest and claim" in the property which was conveyed. Based on my personal knowledge I assert that those terms are all true, and that based on the consideration, identified below, it was my intention by the execution of that document to transfer all interest I then had, in the property thereby conveyed, on the date therein identified.

5) I have further attached a "California All-Purpose Acknowledgment" form by which I acknowledged the transfer effected by the above deed. I know, based upon my own knowledge, that I presented to that Notary on October 14th, 2002, the deed that I had executed on May 18th 2001, along with a copy of my drivers license, and based on that evidence presented, she acknowledged my signature on the deed. The timing of that transaction is discussed below.

///

DECLARATION OF ROLAND DAIGLE

2

EXHIBIT G

6) The above conveyance was supported by consideration in the form of assumption of debt. In 1997, I along with three other partners formed a corporation which purchased Valentino's Restaurant in Rancho Bernardo, California. The brunt of the purchase price was provided by an SBA loan, which was cross-collateralized on a residence owned by myself and my wife. In 2000, the Corporation filed Bankruptcy.

7) Although Audrey Daigle had no interest in the Corporation, at the time of the Bankruptcy of the Corporation she personally arranged for a loan of $45,000 to apply towards the payoff. Additionally, in May 2001 our personal residence was sold, and she (Audrey Daigle) agreed to have the remaining balance of the SBA loan transferred as a lien on property that she was purchasing as her sole and separate property. (The deed for that property is likewise attached, if to show no more than that that transaction was likewise effected on May 18, 2001.) It was because of her personal assumption of all of that "Corporate" debt, that she and I agreed that I would transfer my interest in the Connecticut property to her. The deed before this Court was effected to carry out that agreement, at that time.

8) During the time that the deed was effected our household was moving to the property that my wife had purchased, and as a result the deed was packed away in a box. On October 4, 2002, the Carouso's (the co-owners) notified Audrey that there was an impending offer on the property. Audrey contacted the clerk at the city of Norwich to determine what needed to be done from her end and was advised that a Notarized Deed was needed for recording purposes. Audrey found the previously effected deed and gave it to me to have notarized. To carry that out I visited the Notary who acknowledged my previous signature. I then returned the deed to Audrey who forwarded it to the Clerk at Norwich. The deed was apparently recorded on October 22, 2002.

DECLARATION OF ROLAND DAIGLE

3

EXHIBIT        G

EXHIBIT "A"

EXHIBIT        G

INS. # 2002007100
OR BK 01704 PG 0033
RECORDED 10/22/2002 01:45:16 PM
DEE ANNE BRENNAN TOWN CLERK
NORWICH, CT.

WHEN RECORDED MAIL TO

Real Estate Trust
Audrey Daigle, Trustee
450 Benevente Drive
Oceanside, CA 92057

## QUITCLAIM DEED

**THIS QUITCLAIM DEED,** Executed this 18th day of May 2001 by first party, Roland P. Daigle, whose address is 450 Benevente Drive, Oceanside, California 92057 to second party, Real Estate Trust, Audrey A. Daigle, Trustee whose address is 450 Benevente Drive, Oceanside, California.

**WITNESSETH,** That the said first party, for good consideration and for the sum of $0.00 said first party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the City of Norwich, Connecticut, State of Connecticut to wit:

531-545 Boswell Avenue, Norwich, Connecticut
(Vol) 695, Page 290

**IN WITNESS WHEREOF,** The said first party has signed and sealed these presents the day and year first above written.

_____          Roland P. Daigle
Signature of First Party                          Name of First Party

$ ___0___ CONNECTICUT TAX RECEIVED

$ ___0___ CONVEYANCE TAX RECEIVED

DEE ANNE BRENNAN, NORWICH TOWN CLERK

EXHIBIT    G

EXHIBIT "B"

EXHIBIT        G

@ 001/001

OR BK 01704 PG 0034

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of _California_

County of _San Diego_

On _Oct 14, 2003_ before me, _Lorelei A Mitchell Notary Public_
                    Date                          Name and Title of Officer (e.g., "Jane Doe, Notary Public")
personally appeared _Roland P Raigle_
                                        Name(s) of Signer(s)

☐ personally known to me – OR – ☐ proved to me on the basis of satisfactory evidence to be the person(s)
whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted,
executed the instrument.

[Notary Seal:
LORELEI A. MITCHELL
COMM. #1286792
Notary Public-California
SAN DIEGO COUNTY
My Comm. Exp. March 15, 2004]

WITNESS my hand and official seal.

_Lorelei A Mitchell_
                    Signature of Notary Public

──────────── OPTIONAL ────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

### Description of Attached Document

Title or Type of Document: _Quit Claim Deed_

Document Date: _5/18/01_                          Number of Pages: _2_

Signer(s) Other Than Named Above: _N/A_

### Capacity(ies) Claimed by Signer(s)

Signer's Name: _____

☐ Individual
☐ Corporate Officer
   Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

[RIGHT THUMBPRINT OF SIGNER
Top of thumb here]

Signer is Representing:
_____
_____

Signer's Name: _____

☐ Individual
☐ Corporate Officer
   Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

[RIGHT THUMBPRINT OF SIGNER
Top of thumb here]

Signer is Representing:
_____
_____

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402    Prod. No. 5907    Reorder: Call Toll-Free 1-800-876-6827

EXHIBIT    G

EXHIBIT "C"

EXHIBIT    G

Recording requested by
First American Title

AND WHEN RECORDED MAIL TO:
ROLAND P. DAIGLE
AUDREY DAIGLE
430 BENEVENTE DRIVE
OCEANSIDE, CA 92057

**7813**

## DOC # 2001-0318284
May 18, 2001 12:44 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:           $50.00
DC:              DC

A.P.N.: 160-603-21-00          Order No.: 136-48719-4          Space Above This Line for Recorder's Use Only
                                                                Escrow No.: 32347-AP

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS COUNTY $431.00
    computed on full value of property conveyed, or
    computed on full value less value of liens or encumbrances remaining at time of sale,
    unincorporated area: [ ] City of OCEANSIDE, and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged,
HERBERT A. NUSSKERN and ELLEN Y. NUSSKERN, AS CO-TRUSTEES FOR THE HERBERT & ELLEN
NUSSKERN TRUST DATED FEBRUARY 20, 1996

hereby GRANT(S) to
    AUDREY A. DAIGLE, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY
the following described property in the City of OCEANSIDE, County of San Diego State of California:

Lot 114 of IVEY RANCH LOTS 14, 15A AND 15B, in the City of OCEANSIDE, County of San Diego, State of
California, according to Map thereof No. 12559, filed in the Office of the County Recorder of San Diego County,
February 9, 1990.

*Herbert A. Nusskern*
HERBERT A. NUSSKERN, CO-TRUSTEE

*Ellen Y. Nusskern*
ELLEN Y. NUSSKERN, CO-TRUSTEE

Document Date: _April 18, 2001_

STATE OF _CALIFORNIA_
COUNTY OF _SAN DIEGO_

On _APRIL 26, 2001_ before me, _SANDRA LEE NEAL "Notary Public"_
personally appeared _HERBERT A. NUSSKERN & ELLEN Y. NUSSKERN_
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _Sandra Lee Neal_

This area for official notarial seal



Mail Tax Statements to:  SAME AS ABOVE (or Address Noted Below)

**EXHIBIT        G**

# EXHIBIT "H"

1  William P. Fennell, Esq. (#164210)
   Tracy L. Schimelfenig, Esq. (#243714)
2  Law Office of William P. Fennell, APLC
   1111 Sixth Ave., Suite 404
3  San Diego, CA  92101
   Telephone (619) 325-1560
4  Facsimile (619) 325-1558

5  Attorneys for James L. Kennedy, Chapter 7 Trustee

6

7

8                    UNITED STATES BANKRUPTCY COURT

                     SOUTHERN DISTRICT OF CALIFORNIA
9

10
    In re                              )Case No. 02-10222-M7
11                                     )
    ROLAND PAUL DAIGLE (SSN-3341),     )Adversary No.  06-90433-JM
12                                     )
                    Debtor.            )
13  _____   )**CONSOLIDATED REPLY IN SUPPORT**
                                       )**OF  MOTION FOR SUMMARY**
14  JAMES L. KENNEDY, Chapter 7 Trustee,)**JUDGMENT OR ALTERNATIVELY**
                                       )**SUMMARY ADJUDICATION**
15                                     )
                    Plaintiff,         )
16  v.                                 )Hearing Date:        December 19, 2007
                                       )Hearing Time:        2:00 p.m.
17  ROLAND PAUL DAIGLE, an individual; )Dept.:               One (1)
    AUDREY A. DAIGLE, an individual and)
18  as Trustee of REAL ESTATE TRUST;   )
    ROBERT M. CARUSO, an individual; and)
19  NAYDIA E. CARUSO, an individual;   )
                                       )
20                  Defendants.        )
                                       )
21  _____   )

22        Plaintiff and Chapter 7 Trustee, James L. Kennedy ("Plaintiff") hereby submits this

23  Consolidated Reply in Support of Motion for Summary Judgment or Alternatively Summary

24  Adjudication ("Reply") as follows:

25        Summary judgment is proper if there is no genuine issue as to any material fact.[1]

26  While, the moving party bears the initial burden of demonstrating the absence of a genuine

27

28  _____

    [1] Fed. R. Civ. P. 56(c); *Locke v. Schafer (In re Schafer)*, 294 B.R. 126, 129-130 (Bankr. N.D. Cal. 2003).

                                                          20071211 DAIG Reply re MSJ.wpd

    EXHIBIT        H

1    issue of material fact,[2] the opposing party must present admissible evidence, designating

2    *specific* facts showing that there is a genuine issue for trial.[3] Here, Defendants have not

3    provided specific facts to show that there is a genuine issue of material fact for the court.

4    Defendants have not provided any competent evidence to contradict the fact that the

5    Quitclaim Deed transferring the Real Property to "Real Estate Trust, Audrey A. Daigle,

6    Trustee" was recorded post-petition on October 22, 2002 ("Quitclaim Deed"), and that the

7    Debtor's interest in the Real Property should be sold pursuant to 11 U.S.C. §363(h).

8    Therefore, the Court must grant judgment in favor of the Trustee.

9        The Daigles focus the majority of their opposition arguing as to the date the

10   Quitclaim Deed is signed. However, this fact is irrelevant as to the Trustee's claim under

11   11 U.S.C. §549. The date the Quitclaim Deed was signed and delivered, is only relevant if

12   the court denies summary judgment to the Trustee on his §549 claim. The date of the

13   signature is only relevant for the alternative fraudulent transfer claim under 11 U.S.C. §548.

14   The Trustee contends that summary judgment should be granted in his favor because the

15   unauthorized post-petition recording of the Quitclaim Deed is avoidable as an unauthorized

16   post-petition transfer. The Daigles cite no law that contradicts or refutes the Trustee's

17   contention that a post-petition recording of a deed is avoidable. Perhaps that is because the

18   law is clear on this point and supports the Trustee's position.[4]

19       Motions for summary judgment may be based on discovery documents, such as

20   answers to deposition questions, interrogatories or request for admissions.[5] Failure to timely

21   respond to request for admissions results in automatic admission of the matters requested.[6]

22   A motion to compel or establish the admissions is not necessary because the rule is self-

23

24        [2]*Id.* at 130; *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

25        [3]FRCP 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)(emphasis added).

26        [4]*In re Brooks-Hamilton*, 348 B.R. 512, 522 (Bankr. N.D. Cal 2006); *Matter of National Safe Northeast,
Inc.,* 76 B.R. 896, 906 (Bankr. D. Conn. 1987).

27        [5]FRCP 56(c).

28        [6]FRCP 36(a); *Federal Trade Comm. v. Medicor LLC,* 217 F.Supp.2d 1048, 1053.

EXHIBIT        H        - 2 -                    20071211 DAIG Reply re MSJ.wpd

1  executing.[7]   Request for admissions can be used as evidence at trial, or on motions,

2  including motions for summary judgment.[8]  Admissions in request for admissions, as well

3  as admissions resulting from *failure* to respond, are *binding* and *cannot be explained away*

4  or contradicted by other evidence.[9]  The Daigles have an incorrect understanding of the law

5  regarding the admissibility and effect of unanswered request for admissions.  The Daigles

6  cannot contradict any admissions by simply filing a declaration stating different facts.

7      Defendants have admitted the following: 1) that at the time Debtor filed bankruptcy,

8  Debtor had a fee interest in the Real Property;[10] 2) that the Quitclaim Deed dated May 18,

9  2001 transferring the Real Property to "Real Estate Trust, Audrey A. Daigle, Trustee" was

10  not signed until October 14, 2002 based upon the date of the notary acknowledgment;[11] and

11  3) that the Quitclaim Deed was not recorded until October 22, 2002, four days after Debtor's

12  bankruptcy filing.[12]  These facts cannot be explained away by the Daigles.  Daigles have not

13  disputed the fact that the Quitclaim Deed was recorded post-petition.[13] Defendants have not

14  provided the court with any specific facts to create a genuine issue of material fact to place

15  at issue that an avoidable post-petition transfer occurred.  Therefore, Plaintiff respectfully

16  requests that the court grant motion summary judgment in his favor and against the Daigles.

17  / / /

18  / / /

19

20  [7]FRCP 36(a).

21  [8]*American Auto Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F2d. 1117, 1120 (5th Cir.
22  1991).

23  [9]*In re Careny*, 359 F3d. 415, 421 (5th Cir. 2001); *United States v. Kasuboski*, 834 F2d. 1345, 1349 (7th
   Cir. 1987).

24  [10]UMF 6; Exhibits 8-9.

25  [11]UMF 10-11; Exhibits 8-9.

26  [12]UMF 12; Exhibits 8-9; Also See Daigle's Separate Statement of Undisputed Facts No. 12, in which the
27  Daigles list this fact as undisputed.

28  [13]Daigle's Separate Statement of Undisputed Facts No. 12, in which the Daigles list this fact as
   undisputed.

 EXHIBIT   H        - 3 -        20071211 DAIG Reply re MSJ.wpd

1    The law is clear that an unauthorized post-petition recording of a grant deed is

2  avoidable by the Trustee in bankruptcy.[14] The court in *In re Brooks* noted that while a

3  transfer of an interest in real property occurs when a deed is executed and delivered to the

4  buyer, the transfer is only effective as to the parties to the transaction and others with

5  notice.[15]  A second transfer occurs when the deed is recorded which gives constructive

6  notice to the world of the transfer.[16]  The Daigles are incorrect in their analysis of *In re*

7  *Brooks*, as the case does not make any distinction between transfers of real property from

8  a trust as opposed to an individual.  Defendants have not provided the court with any

9  specific facts to create a genuine issue of material fact as to the date of recording of the

10  Quitclaim Deed.  *Brooks* instructs that the transfer was not effective as to the Trustee (or

11  other creditors) until October 22, 2002.  Therefore, Plaintiff respectfully requests that the

12  court grant motion summary judgment in his favor and against Defendants on the 11 U.S.C.

13  549 claim and avoid the Debtor's post-petition transfer of the Real Property

14    Finally,  the Plaintiff requests that the court enter summary judgment of issues in his

15  favor on the 11 U.S.C. §363(h) claim and allow the Trustee to sell Debtor's interest in the

16  Real Property.  Alternatively, if the court finds that it can not grant the motion in the entirety

17  of the §363(h) claim, the Trustee requests that the court grant summary adjudication of

18  issues, regarding  the four conditions necessary for the court to authorize a sale of real

19  property under 11 U.S.C. §363(h).

20                          LAW OFFICE OF WILLIAM P. FENNELL, APLC

21

22  Dated: December 14, 2007          By: /s/William P. Fennell_____
                                          William P. Fennell, Esq.
23                                        Attorneys for James L. Kennedy, Chapter 7 Trustee

24

_____

25  [14]*In re Brooks-Hamilton*, 348 B.R. 512, 522 (Bankr. N.D. Cal 2006); *Matter of National Safe Northeast,*
26  *Inc.,* 76 B.R. 896, 906 (Bankr. D. Conn. 1987).

27  [15]*Id..,* 348 B.R. at 523, fn. 16, citing *In re Roosevelt,* 87 F.3d 311, 316-18 (9th Cir. 1996); Cal. Civ. Code
   §1217; *In re Weisman,* 5 F.3d 417, 420 (9th Cir. 1993).

28  [16]*Id..,* 348 B.R. at 523, fn. 16, citing Cal. Civ. Code §1213; *In re Gulino,* 779 F.2d 546, 551, n. 3 (9th Cir.
   1985).

EXHIBIT          H              - 4 -                    20071211 DAIG Reply re MSJ.wpd

# EXHIBIT "I"

1                UNITED STATES BANKRUPTCY COURT

2                SOUTHERN DISTRICT OF CALIFORNIA

3                JUDGE JAMES W. MEYERS, PRESIDING

4

5    IN THE MATTER OF:              NO. 02-10222-JM

6                                   ADV:  06-90433

7

8    ROLAND PAUL DAIGLE

9

10

11   MOTION FOR SUMMARY JUDGMENT OR ALTERNATIVELY SUMMARY

12   ADJUDICATION FILED BY WILLIAM P. FENNELL ON BEHALF OF

13   JAMES L. KENNEDY

14

15

16           REPORTER'S TRANSCRIPT OF PROCEEDING

17

18                 SAN DIEGO, CALIFORNIA

19              WEDNESDAY, DECEMBER 19, 2007

20

21   U.S. BANKRUPTCY COURT        BY COLLETTA BROOKS, CSR,RPR
     DEPARTMENT ONE               CSR NO. 12589
22   325 WEST F STREET            SAN DIEGO BANKRUPTCY REPORTERS
     SAN DIEGO, CA 92101          325 WEST F STREET
23                                SAN DIEGO, CA 92101
                                  (619) 741-0933
24

25

                                                            1

EXHIBIT    1

1    APPEARANCES:

2

3    FOR THE DEFENDANTS, NAYDIA E. CARUSO AND ROBERT M.

4    CARUSO:

5                          ALLEN MATKINS LECK GAMBLE

6                          MALLORY & NATSIS LLP

7                          BY:  DEBRA A. RILEY

8                          501 WEST BROADWAY, 15TH FLOOR

9                          SAN DIEGO, CALIFORNIA 92101

10                         (619) 235-1520

11

12   FOR THE DEFENDANTS, ROLAND PAUL DAIGLE AND AUDREY A.

13   DAIGLE:

14                         LAW OFFICE OF DAVID J. WINFREE

15                         BY: DAVID J. WINFREE

16                         1010 SECOND AVENUE, SUITE 1015

17                         SAN DIEGO, CALIFORNIA 92101

18                         (619) 235-6060

19

20   FOR THE PLAINTIFF, JAMES KENNEDY:

21                         LAW OFFICE OF WILLIAM P. FENNELL, APLC

22                         BY:  WILLIAM P. FENNELL

23                         1111 SIXTH AVENUE, SUITE 404

24                         SAN DIEGO, CALIFORNIA 92101

25                         (619) 325-1560

EXHIBIT 1

1  SAN DIEGO, CALIFORNIA, WEDNESDAY, DECEMBER 19, 2007

2

3     MS. PEARSON:  JAMES L. KENNEDY TRUSTEE V. ROLAND

4  DAIGLE ET AL.  MOTION FOR SUMMARY JUDGMENT AND PRETRIAL

5  STATUS CONFERENCE.

6     THE COURT:  APPEARANCES, COUNSEL.

7     MS. RILEY:  GOOD AFTERNOON, YOUR HONOR.  DEB RILEY

8  OF ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS ON BEHALF

9  OF THE DEFENDANTS, MRS. AND MRS. CARUSO.

10    MR. WINFREE:  GOOD AFTERNOON, YOUR HONOR.  DANIEL

11  WINFREE ON BEHALF OF MR. AND MRS. DAIGLE.

12    MR. FENNELL:  GOOD AFTERNOON, YOUR HONOR.  WILLIAM

13  FENNELL ON BEHALF OF THE TRUSTEE JAMES KENNEDY AND THE

14  PLAINTIFF.

15    THE COURT:  YES, SIR.

16    MR. FENNELL:  YOUR HONOR, WE HAVE FILED A MOTION FOR

17  SUMMARY JUDGMENT BASED ON THE CLAIMS THE TRUSTEE HAS

18  MADE IN HIS COMPLAINT, SPECIFICALLY, POST-PETITION

19  TRANSFER BY THE DAIGLES OF A CONNECTICUT REAL PROPERTY

20  CONSISTING OF EIGHT TO TEN APARTMENTS.  THE TRUSTEE HAS

21  FILED A MOTION.  THAT OPPOSITION WAS FILED BY THE

22  DAIGLES AND THE CARUSOS AND A CONSOLIDATED REPLY TO THE

23  OPPOSITION BY THE TRUSTEE AS WELL AS EVIDENTIARY

24  OBJECTIONS.

25        WE BELIEVE, YOUR HONOR, THAT WITH REGARD TO THE

3

EXHIBIT    "I"

1   DAIGLES, THEIR RESPONSE OR OPPOSITION DOESN'T REALLY

2   PROVIDE ANY SPECIFIC FACTS THAT SHOW THE COURT THAT

3   THERE'S A GENUINE ISSUE OF TRIABLE FACT.  THERE WAS A

4   DEED RECORDED FOUR DAYS AFTER THE PETITION IN OCTOBER OF

5   2002, TRANSFERRING MR. DAIGLE'S INTEREST IN THE

6   APARTMENT COMPLEX TO HIS WIFE AND/OR THEIR FAMILY TRUST.

7   THE OPPOSITION FILED BY THE DAIGLES SPENDS AN EXTENSIVE

8   AMOUNT OF TIME ARGUING THAT THE DATE IT WAS SIGNED,

9   SOMETIME IN MAY 2000, IS THE OPERATIVE DATE.

10        MR. WINFREE:  NO, YOUR HONOR.

11        MR. FENNELL:  IT WAS MORE THAN A YEAR PRIOR TO THE

12   BANKRUPTCY CASE BEING FILED.

13        THE COURT:  OKAY.

14        MR. FENNELL:  AND THERE'S BEEN SOME ARGUMENT IN THE

15   DISCOVERY PROCESS IN MEDIATION SETTLEMENT DISCUSSIONS

16   THAT SOMEHOW THE TRUSTEE'S COMPLAINT SHOULD BE TOLLED,

17   AND THAT HE SHOULDN'T HAVE TO REACH BACK.

18            BUT AS FAR AS WE'RE CONCERNED, YOUR HONOR, I

19   THINK THE COURT CAN DECIDE THIS ON A POST-PETITION

20   TRANSFER, NON-FRAUDULENT TRANSFER, AND THE ISSUE OF

21   TOLLING DOESN'T EVEN COME INTO PLAY.

22        THE COURT:  SO YOUR CLIENT'S POSITION IS THAT IT

23   WOULDN'T MAKE ANY DIFFERENCE IF THAT WAS 1991 OR 1989.

24   IT WOULDN'T MAKE ANY DIFFERENCE.

25        MR. FENNELL:  THAT'S CORRECT, YOUR HONOR.  THE

4

EXHIBIT    1

```
1    SIGNING AND CONVEYANCE OF THE DEED TO THE WIFE BY THE
2    DEBTOR, ACCORDING TO THE BROOKS CASE, IS THE FIRST STEP
3    IN NOTING TO THE REST OF THE WORLD, THE TRUSTEE, AND THE
4    CREDITORS OF THIS BANKRUPTCY ESTATE THAT THERE'S BEEN A
5    TRANSFER OF THE PROPERTY.  IT'S THE RECORDING THAT'S THE
6    EFFECTIVE TIME OF TRANSFER OF THE PROPERTY.  AND THAT
7    OCCURRED POST-PETITION.  AND, THEREFORE, BASED ON THE
8    POST-PETITION TRANSFER, THE TRANSFER SHOULD BE VOIDED.
9    THE TRUSTEE SHOULD RECOVER THE PROPERTY FOR THE BENEFIT
10   OF THE ESTATE.  AND WE SHOULD BE ALLOWED TO PROCEED TO
11   SELL THE PROPERTY PURSUANT TO 363(H) FOR THE BENEFIT OF
12   THE CREDITORS AND PAY THE CARUSOS, THE OTHER DEFENDANTS
13   IN THE CASE, WHAT THEY'RE OWED.
14            ADDITIONALLY, YOUR HONOR, THERE'S ADMISSIONS BY
15   THE DEFENDANTS, DAIGLES, BY WAY OF THEIR FAILURE TO
16   ANSWER A REQUEST FOR ADMISSIONS.  AND, SPECIFICALLY,
17   YOUR HONOR, THE UNANSWERED REQUEST FOR ADMISSIONS
18   DOESN'T REQUIRE A MOTION TO COMPEL.  THEY'RE DEEMED
19   ADMITTED IF THERE'S A FAILURE IN THE ANSWER, AND THERE
20   NEVER HAS BEEN AN ANSWER.  AND THEIR OPPOSITION DOESN'T
21   DEAL WITH THAT ISSUE AT ALL.  AND SPECIFICALLY WHAT
22   THEY'VE ADMITTED ARE THREE POINTS SET FORTH IN (H)3 OF
23   OUR OPPOSITION: THE DATE THE BANKRUPTCY CASE WAS FILED;
24   THE QUITCLAIM DEED PURPORTED TO TRANSFER ON MAY 18 OF
25   2000.  I SEE WHERE YOUR HONOR PICKED UP 2001.  THAT IS
```

EXHIBIT    1

1   THE CORRECT DATE.  BUT ANYWAY, THE BANKRUPTCY CASE WAS

2   FILED OCTOBER OF 2002, SO IT WAS STILL 18 MONTHS PRIOR.

3   BUT THEY'VE ADMITTED IT WASN'T ACTUALLY SIGNED UNTIL

4   OCTOBER 14, 2002, AND THEN FURTHER ACKNOWLEDGED THAT IT

5   WASN'T RECORDED UNTIL OCTOBER 22, 2002, WHICH WAS FOUR

6   DAYS POST-PETITION.  BASED ON THOSE ADMISSIONS, YOUR

7   HONOR, WE DON'T BELIEVE THERE'S ANY DISPUTABLE ISSUE OF

8   FACT.  AND THE MOTION SHOULD BE GRANTED.

9       THE COURT:  NOW, WHAT ABOUT THE SUGGESTION THAT THE

10  DEBTOR DISCLOSES?

11      MR. FENNELL:  YOUR HONOR, THERE ISN'T ANY EVIDENCE

12  TO SUPPORT THAT.  AND, FRANKLY, THEY DIDN'T REALLY SPEND

13  A LOT OF TIME IN THEIR OPPOSITION ON THE TOLLING

14  ARGUMENT THAT WE RAISED IN OUR INITIAL PAPERS.  WE HEARD

15  IT PREVIOUSLY BECAUSE THERE'S NO OPPOSITION FOR THE

16  ESTATE WITH REGARD TO THE TOLLING.  I THINK THEY THREW

17  IN A SENTENCE OR TWO AT THE END OF THEIR OPPOSITION TO

18  SAY IT SHOULD BE TOLLED, BUT THERE AREN'T ANY FACTS ON

19  WHICH TO BASE THAT.

20          WE JUST CONTEND THAT IT WASN'T DISCLOSED AT THE

21  TIME.  THERE WERE A NUMBER OF TRANSFERS.  SO THOSE WE

22  DISCUSSED, BUT THERE WAS NOTHING TO ALERT THE TRUSTEE

23  THIS WAS THERE, THAT THIS PROPERTY EXISTED AND HAD BEEN

24  TRANSFERRED.

25          WITH REGARD TO 363(H), YOUR HONOR, I DON'T KNOW

EXHIBIT    1

```
 1   THAT THE DEFENDANT DAIGLES HAVE REALLY ARGUED ANY ISSUE

 2   WITH REGARDS TO THAT.  CERTAINLY THE CARUSOS HAVE.

 3        I THINK MS. RILEY SUGGESTED JUST PRIOR TO THIS

 4   THAT WE STIPULATE THAT REALLY THE ONLY ISSUE THAT THE

 5   TRUSTEE HAS PROVEN UP IS THE THIRD ELEMENT THAT THIS

 6   DOESN'T REALLY PAY GAS OR OIL DISTRIBUTION, AND,

 7   THEREFORE, WE CAN STIPULATE ON THAT.

 8        WITH REGARDS TO THE OTHER TWO, YOUR HONOR,

 9   THERE PROBABLY ARE PROBLEMS WITH THEM BY WAY OF EVIDENCE

10   THAT EVEN THE TRUSTEE HAS PRESENTED THAT THIS IS AN

11   EIGHT-UNIT APARTMENT BUILDING.  WE DON'T KNOW THE NATURE

12   OF THE CONDO CONVERSION THAT HAD GONE FORWARD, BUT IT

13   CERTAINLY IS DIFFERENT THAN A TYPICAL CASE WHERE THE

14   COURT SEES A SINGLE-FAMILY RESIDENTIAL REAL PROPERTY.

15   THOSE KINDS OF THINGS CLEARLY, GENERALLY, CAN'T BE

16   DIVIDED.  HERE WE HAVE EIGHT UNITS THAT MAY HAVE BEEN

17   CONVERTED TO CONDOS OR HAD SOME WORK DONE TO CONVERT

18   THEM TO CONDOS.

19        SO WE MISS THE OTHER TWO ELEMENTS, AT LEAST, AS

20   FAR AS BEING ABLE TO OBTAIN A SUMMARY JUDGMENT ON THOSE

21   TODAY.  SO WHAT WE'VE COME TO DO TODAY IS TO GET TO THE

22   ISSUE OF WHO SHOULD HOLD TITLE TO THE PROPERTY.  I THINK

23   THAT THERE'S NO GENUINE ISSUE OF TRIABLE FACT THAT THE

24   TRUSTEE SHOULD UNDER 549.  AND WE'LL SAVE FOR ANOTHER

25   DAY 363(H).
```

7

EXHIBIT    1

1       THE COURT:  WELL, HOW DO WE EVALUATE THE BENEFIT

2   VERSUS THE BURDEN-TYPE OF PROBLEM WITH A CO-OWNER?   DO

3   WE HAVE ENOUGH INFORMATION?

4       MR. FENNELL:  NO.  I DON'T THINK WE DO, YOUR HONOR.

5   AND THAT'S, I MEAN, THAT'S ONE OF THE TWO PRONGS THAT WE

6   DON'T HAVE SUFFICIENT INFORMATION.

7       THE COURT:  SO WHAT YOU'RE LOOKING FOR REGARDING

8   THEM, IS 549 OUT OF THIS HEARING.

9       MR. FENNELL:  EXACTLY.  THE DETERMINATION ON ONE

10   JUDICIAL FACT, AND THAT IS THE THIRD ELEMENT.  I THINK I

11   HAVE THEM IN THE RIGHT ORDER IN MY MIND, WHICH IS THE

12   GAS AND OIL, THE ONE THAT REFERS TO THE GAS AND OIL

13   DISTRIBUTION.  THIS HAS NOTHING TO DO WITH THAT.  AND

14   WE'LL SAVE FOR ANOTHER DAY PROVING UP THE OTHER TWO

15   ELEMENTS, WHETHER YOU THINK THE PARTITION IS A BENEFIT

16   OR BURDEN ON THE OTHER CO-OWNER.

17       THE COURT:  WHERE DO YOU STAND ON THIS, MS. RILEY?

18       MS. RILEY:  YOUR HONOR, I WAS JUST GOING TO ADDRESS

19   THE COURT TO MAKE A CORRECTION HERE.  THERE ARE ACTUALLY

20   FOUR ELEMENTS TO 363(H).  AND WHAT I INDICATED TO

21   MR. FENNELL PRIOR TO THE HEARING IS THAT AT THIS TIME

22   THE CARUSOS WOULD STIPULATE AS TO NUMBER FOUR; AND THAT

23   THE PROPERTY IS NOT USED IN THE PRODUCTION,

24   TRANSMISSION, OR DISTRIBUTION FOR THE SALE OF ELECTRIC

25   ENERGY OR OF NATURAL OR SYNTHETIC GAS, HEAT, LIGHT AND

EXHIBIT    1

1  POWER; AND THAT PURSUANT IN THAT WE WOULD STIPULATE TO

2  THAT.

3          BUT AS TO THE OTHER THREE ELEMENTS, PARTITION

4  IN KIND, AND THE ABILITY TO SELL IT AS A WHOLE VERSUS

5  INDIVIDUAL UNITS VERSUS THE BENEFIT IN ISSUE, THERE WERE

6  NO FACTS PRESENTED, NO EVIDENCE.

7      THE COURT:  SO GIVEN WHAT MR. FENNELL HAS SAID, AND

8  GIVEN THAT STIPULATION REGARDING THAT FOURTH ELEMENT OR

9  WHATEVER, YOU REALLY HAVE NOTHING ELSE TO SAY.

10     MS. RILEY:  I HAVE NOTHING ELSE TO SAY, YOUR HONOR.

11  THAT'S IT.

12     THE COURT:  THANK YOU.

13         MR. WINFREE.

14     MR. WINFREE:  YES.  THANK YOU, YOUR HONOR.

15         YOUR HONOR, I DO BELIEVE THAT THE PLEADINGS, AS

16  THEY EXIST BEFORE THIS COURT, HAVE SHOWN THERE REALLY IS

17  A SIGNIFICANT MATERIAL FACT THAT'S IN ISSUE.  WE HAVE

18  PRESENTED FACTS WHICH WE THINK THE LAW STATES CAUSES THE

19  CONVEYANCE OF THE PROPERTY TO HAVE OCCURRED BACK 17

20  MONTHS PRIOR TO THE TIME THE BANKRUPTCY HAD BEEN FILED.

21         AND IN REGARDS TO MR. FENNELL'S RELIANCE UPON

22  OR RESPONSE TO OR REQUEST FOR ADMISSIONS, I THINK WE

23  SORT OF RAISED A NEW MATERIAL FACT BECAUSE THE LAST TIME

24  I HAD DISCUSSIONS SPECIFICALLY WITH MR. FENNELL ABOUT

25  THIS, HE INFORMED ME HE DIDN'T NEED THOSE ANSWERS TO

9

EXHIBIT    1

1    THAT DISCOVERY.  THAT WAS AT THE DATE THIS TRIAL WAS SET

2    IN CONFERENCE.  AND NOW TO SAY THAT BECAUSE WE HAVE NOT

3    PROVIDED THOSE ANSWERS, THAT THEREFORE THEY WORK TO OUR

4    DETRIMENT I THINK IS KIND OF A SANDBAGGING THAT HAS

5    OCCURRED HERE.

6         BUT THE HARD FACTS, THE HARD FACTS ARE THAT THE

7    CONVEYANCE THAT OCCURRED CONTROLS THE OWNERSHIP OF THE

8    PROPERTY UNDER CALIFORNIA LAW.  AND THAT OCCURRED AT A

9    TIME WHERE IT WOULD NOT HAVE BEEN REQUIRED TO BE BROUGHT

10   INTO THE ESTATE.  CERTAINLY THE EXACT FACT OF CONVEYANCE

11   IS A MATTER IN DISPUTE THAT MR. FENNELL HAS ASSERTED

12   AGAIN AND AGAIN AND AGAIN AND AGAIN.  AND EVEN HIS

13   PLEADINGS HERE AGAIN ASSERTED THAT THE SIGNING -- THE

14   DOCUMENTS WERE SIGNED ON THE 14TH OF OCTOBER.  THAT'S

15   NOT TRUE.  WE'VE NEVER DISPUTED THAT.  WE'VE NEVER

16   AGREED TO THAT.  THE DOCUMENTS WERE SIGNED ON THE 21ST

17   OF MAY OF 2001.  AND IN OUR DECLARATION, WE SHOWED THE

18   BASIS UNDER WHY THE RECORDING OCCURRED WHEN IT ACTUALLY

19   DID.

20        BUT I THINK IN THE FINAL ANALYSIS, WE DO REALLY

21   HAVE -- WE DO HAVE SOME FACTS THAT ARE CLEARLY IN

22   DISPUTE IN RELATION TO THIS PARTICULAR CASE.

23        AND ALSO IF IN FACT -- YOU KNOW, ON THE TOLLING

24   ISSUE, I'M NOT SURE WHY MR. FENNELL DISPUTED OUR

25   POSITION ON THAT SO -- SO -- SO SUMMARILY BECAUSE I

10

EXHIBIT    1

1   THINK IT'S THE POSITION WE RAISED IN OUR OPPOSITION.   IN

2   FACT, I'M CONVINCED THAT HAVING GRANTED IT, THAT THAT

3   BECAUSE IN ORDER TO SUPPORT A TOLLING, YOU'RE GOING TO

4   HAVE TO FIND A LACK OF CREDIBILITY, OR YOU'RE GOING TO

5   HAVE TO FIND SOME COMPROMISE IN THE RELIANCE LIABILITY

6   OF MY CLIENT IN ORDER TO HAVE THAT TOLLING TRIGGERED.

7   AND THAT HAS TO OCCUR THROUGH AT LEAST SOME EVIDENTIARY

8   PROCESSES AS I UNDERSTAND.

9        THE COURT:   WELL, ISN'T THAT FAIRLY EASILY

10  ASCERTAINED?   I TAKE IT, IT WAS AT A HEARING THAT A

11  TRANSCRIPTION CAN BE PREPARED FROM; IS THAT RIGHT?

12       MR. WINFREE:   INDEED.   AND I'M UNCERTAIN AS TO WHY

13  THAT HASN'T BEEN PRODUCED.   YES, IT'S TYPICAL THAT THE

14  TRANSCRIPTIONS ARE PREPARED FOR THE 341 HEARINGS.

15       THE COURT:   SO I TAKE IT.

16         BUT MY QUESTION ACTUALLY IS A PRACTICAL

17  QUESTION.   YOUR CLIENT DIDN'T DISCLOSE ANY OF THIS.

18  OTHERWISE, EXCEPT IN HIS ORAL PRESENTATION AT THE 341(A)

19  ACCORDING TO HIS RECOLLECTION, SHOULDN'T HE BE THE ONE

20  EAGER TO BRING IN A COPY OF THE TRANSCRIPT?

21       MR. WINFREE:   I DON'T HAVE THE TRANSCRIPT.   THE

22  TRANSCRIPT IS IN THE POSSESSION OF MR. KENNEDY.

23       THE COURT:   WELL, YOU CAN ORDER ONE.   PAY FOR IT, I

24  GUESS.   I'VE NEVER HAD TO WHEN I PRACTICED BANKRUPTCY

25  LAW.   I HAVEN'T FOR 32 YEARS.

11

EXHIBIT    1

1    MR. WINFREE:  I -- I BELIEVE THAT MY CLIENT HAS

2    TESTIFIED THAT HE HAS -- THAT HE RECALLS HAVING A

3    DISCUSSION ABOUT THAT PROPERTY IN RELATION TO THAT.

4        THE COURT:  YOU MEAN ON THE RECORD?

5        MR. WINFREE:  YES.  AT THE 341 HEARING.

6        THE COURT:  IT WAS AN ANSWER TO A QUESTION.  IT

7    WASN'T A CASUAL COMMENT AT THE BEGINNING OF THE 341 OR

8    ANYTHING LIKE THAT.  THIS WAS, AS I UNDERSTAND IT, YOUR

9    CLIENT SUGGESTING HE MADE THE STATEMENT IN ANSWER TO A

10   QUESTION, WHICH WOULD HAVE BEEN ON THE RECORD, I TAKE

11   IT.

12       MR. WINFREE:  THAT'S CORRECT, YOUR HONOR.  THAT IS

13   HIS POSITION.

14       THE COURT:  YOU MAY CONTINUE.

15       MR. WINFREE:  THAT'S IT.  IN SUMMARY, OUR POSITION

16   IS THAT WE HAVE A MATERIAL -- VERY MATERIAL FACT, WHICH

17   IS IN DISPUTE.  AND IT HASN'T BEEN -- IT HASN'T BEEN

18   RESOLVED, EVEN THOUGH AS I POINTED OUT IN MY POSITION,

19   THAT I'M NOT SURE WHY WE HAVE A DISPUTE.  UNDER

20   CALIFORNIA LAW AND RECOGNIZED BY THE NINTH CIRCUIT, A

21   CONVEYANCE OF PROPERTY OCCURS AT THE TIME THAT A DEED IS

22   EXECUTED AND DELIVERED TO THE TRANSFEREE.

23       THE COURT:  OKAY.  THANK YOU.

24       MR. FENNELL, WHAT ABOUT THE SUGGESTION THE

25   DEBTOR, MR. WINFREE'S CLIENT, HAS BEEN SANDBAGGED?

EXHIBIT

1      MR. FENNELL:  YOUR HONOR, I OFFERED THAT ARGUMENT

2   TODAY IN THE REPLY AS BELTS AND SUSPENDERS.  AND I THINK

3   IF YOU WANT TO THROW AWAY THE BELT, WE DON'T NEED THE

4   ADMISSIONS OR A DEEMING OF THE ADMISSIONS TO SHOW THAT

5   THE TRANSFER OCCURRED POST-PETITION.  THE FACTS ARE.

6   AND THE FACTS ARE UNDISPUTED THAT THERE WAS A RECORDING

7   AFTER THE DATE OF THE PETITION.

8          THE QUESTION IS A LEGAL QUESTION.  WHAT'S THE

9   EFFECT OF SIGNING THE DOCUMENT?  THAT'S ONE LEGAL

10  QUESTION.

11         THE OTHER LEGAL QUESTION IS WHAT'S THE EFFECT

12  OF THE RECORDING?  AND IT'S THE RECORDING THAT'S

13  RELEVANT TO THE QUESTION TODAY.

14     THE COURT:  SO IT'S YOUR CLIENT'S POSITION THAT

15  YOU'RE NOT CHALLENGING AT THIS POINT IN TIME, FOR THE

16  SAKE OF ARGUMENT, AT THIS POINT IN TIME, YOU'RE NOT

17  CHALLENGING THE THOUGHT THAT THIS WAS SIGNED IN 2001,

18  NOTARIZED OCTOBER 14TH, 2002, AND RECORDED OCTOBER 22,

19  2002.  YOUR ARGUMENT -- YOUR CLIENT'S ARGUMENT -- IS

20  GIVEN THOSE THREE ESTABLISHED FACTS, JUST FOR THE SAKE

21  OF ARGUMENT ON THE FIRST ONE, THEN YOU'RE ENTITLED TO A

22  SUMMARY JUDGMENT.

23     MR. FENNELL:  THEY PROVED THE POST-PETITION TRANSFER

24  OF THE PROPERTY FROM THE DEBTOR TO HIS WIFE AND THE

25  TRUST, YES.

13

EXHIBIT    1

1      IF WE NEED TO ARGUE TODAY THE FRAUDULENT

2  TRANSFER CLAIM, WE THINK THERE'S FACTS SUFFICIENT TO

3  ARGUE THAT.

4      BUT I THINK JUST ON THE MOTION FOR SUMMARY

5  JUDGMENT AS PRESENTED WITH REGARD TO POST-PETITION

6  TRANSFER, THERE'S NO ISSUE OF TRIABLE FACTS ON THOSE

7  THREE DATES.  AND THE RELEVANT DATE IS OCTOBER 22ND.

8  AND THE COURT CAN FIND BASED ON THE LAW THAT THAT WAS A

9  VOIDABLE POST-PETITION TRANSFER.  THAT'S RIGHT.

10     THE COURT:  NOW, AS FAR AS THIS CARUSO --

11     MR. FENNELL:  THE CARUSOS ARE THE NON-DEBTOR

12  DEFENDANTS.

13     THE COURT:  SO I DON'T REALLY HAVE A SENSE OF HOW

14  MUCH MONEY IS INVOLVED HERE, BUT THE VALUE IS?

15     MR. FENNELL:  WE HAVEN'T PRESENTED ANY EVIDENCE,

16  YOUR HONOR, WITH REGARD TO THE VALUE OF IT.  AND IN

17  TODAY'S MARKET, WE'RE NOT IN PARTICULARLY SURE.  I DON'T

18  THINK MS. RILEY IS PARTICULARLY SURE OF THE VALUE OF THE

19  PROPERTY EITHER.

20     MS. RILEY:  (COUNSEL SHOOK HER HEAD.)

21     MR. FENNELL:  AT DIFFERENT POINTS IN TIME WE HAVE

22  KNOWN WHAT WAS OWED ON THE PROPERTY.  THE CARUSOS HAVE

23  FILED A PROOF OF CLAIM ON THE PROPERTY, WHICH IS WHY WE

24  PROBABLY CAN'T MEET ON THE PARTITION QUESTION PERMIT IN

25  KIND.  WE NEED TO SORT THOSE KINDS OF THINGS OUT.

EXHIBIT

1    THE COURT:  WELL, TO GET TO MY POINT, I'LL PUT IT

2  THIS WAY, MY FEAR IS THAT LIKE SO MANY OF THE ISSUES,

3  THE QUESTIONS ARE FASCINATING.  AND LAWYERS CAN SPEND A

4  LOT OF TIME RESEARCHING AND LITIGATING OVER THEM, BUT MY

5  FEAR IS THAT THERE IS NOT ENOUGH MONEY INVOLVED TO

6  JUSTIFY A LOT OF INTENSIVE MOVEMENT.

7    SO I'M REALLY LOOKING FOR HOW CAN WE RESOLVE

8  THIS, ASSUMING THAT THEIR INTEREST IS THE ONE THAT HAS

9  TO BE DEALT WITH REGARDING THE BENEFIT AND THE BURDEN,

10  I'LL CALL IT.  HOW COULD WE REALLY DEAL WITH THAT?  I

11  MEAN, SOME PEOPLE WOULD SAY NO PROPERTY.  THE ONLY WAY

12  TO DO ANYTHING WITH THIS PROPERTY IS TO SELL IT 100

13  PERCENT.  YOU CAN'T REALLY DIVIDE IT.  IT'S A VERY

14  UNIQUE PROPERTY.

15    MR. FENNELL:  WELL, ANOTHER POTENTIAL WAY TO DEAL

16  WITH THAT, YOUR HONOR, IS I THINK THIS PROPERTY, AND I

17  THINK WE HAVE AN AGREEMENT, MS. RILEY CAN CORRECT ME IF

18  I'VE MISUNDERSTOOD, BUT I BELIEVE THAT THE PARTIES FEEL

19  THAT THERE'S SOME EQUITY IN THIS PROPERTY THAT COULD BE

20  BORROWED AGAINST IN ORDER TO PAY THE TRUSTEE.  THERE IS

21  THOSE KIND OF POTENTIAL ISSUES.

22    THE COURT:  WELL, HAVE YOU HAD AN OPPORTUNITY TO

23  EXPLORE WITH HER -- MS. RILEY THAT IS -- WHETHER HER

24  CLIENT CAN END UP WITH THIS PROPERTY?

25    MR. FENNELL:  WE HAVE DISCUSSED THAT, YOUR HONOR,

EXHIBIT 1

1  YES, OFF AND ON.

2          AND ALL ALONG, ONE OF THE PROBLEMS THE TRUSTEE

3  IS CONFRONTED WITH IS THE DIVISION OF THE TWO

4  DEFENDANTS.  ONE IS SAYING, YOU DON'T -- THE TRUSTEE HAS

5  NO INTEREST IN THE TITLE OF THE PROPERTY AND WILL NEVER

6  GET IT.

7          AND THE OTHER IS SAYING, WELL, UNTIL YOU

8  RESOLVE THAT PROBLEM, I DON'T NEED TO TALK TO YOU ABOUT

9  THE MONEY.

10          SO BUT WE HAVE HAD DISCUSSIONS, MS. RILEY AND

11  I, ABOUT DEALING WITH HOW THE ESTATE WOULD GET ITS

12  PORTION OF THE EQUITY OUT OF THE PROPERTY, YES.  AND I

13  THINK --

14      THE COURT:  SO, BASICALLY, YOU'RE HERE TODAY TO GET

15  THIS COURT TO GRANT SUMMARY JUDGMENT, NOT AGAINST THE

16  CARUSOS, BUT THE OTHER DEFENDANT.  AND THEN, THEREFORE,

17  THAT WILL OPEN THE DOOR FOR YOUR DISCUSSION.

18      MR. FENNELL:  THAT'S CORRECT, YOUR HONOR, YES.

19      THE COURT:  OKAY.

20      MR. FENNELL:  YOUR HONOR, THE LAST ARGUMENT THAT I'D

21  LIKE TO ADDRESS THAT MR. WINFREE DEALT WITH WAS SOME

22  EVIDENCE OR SOME EVIDENTIARY RULING TO DEAL WITH WHAT

23  THEY HAVE STATED AS DISPUTED FACTS.  WE HAVE SUBMITTED

24  EVIDENTIARY OBJECTIONS TO MR. DAIGLE'S DECLARATIONS,

25  SPECIFICALLY, ON THE ISSUE OF WHAT WAS DISCLOSED AT THE

EXHIBIT 1

1    341 MEETING.  I THINK THE COURT'S CORRECT THAT IF THERE

2    WERE SOMETHING DISCLOSED AT THAT TIME, WE WOULD SEE THE

3    TRANSCRIPT HERE TODAY PRESENTED AS OPPOSITION AND

4    PRESENTING TRIABLE ISSUES OF FACTS.  IT HASN'T BEEN

5    PRESENTED BASED ON THE RECORD IN FRONT OF THE COURT.

6    BASED ON THE EVIDENTIARY OBJECTION BROUGHT BY THE

7    TRUSTEE, THERE ISN'T ANY ISSUE WITH REGARD TO WHETHER OR

8    NOT THIS WAS DISCLOSED ON UNDISCLOSED.  AT THE TIME OF

9    THE 341 IT WASN'T DISCLOSED.

10       THE COURT:  NOW, I TAKE IT NO ONE HAS HAD A

11   TRANSCRIPT PREPARED.

12       MR. FENNELL:  THAT'S NOT CORRECT, YOUR HONOR.  I

13   HAVE THE TRANSCRIPT.

14       THE COURT:  YOU HAVE A TRANSCRIPT OF THE 341(A)?

15       MR. FENNELL:  YES.

16       THE COURT:  IS IT IN THE RECORD?

17       MR. FENNELL:  NO.  IT IS NOT IN THE RECORD.  I

18   DIDN'T THINK WE NEEDED IT.  IF DEFENDANTS WANT IT

19   PRESENTED, IT COULD BE MADE AVAILABLE TO THE COURT, BUT

20   I DIDN'T PRESENT IT.  IT WASN'T NECESSARY TO OUR

21   QUESTION, YOUR HONOR.

22           THIS REALLY COMES DOWN TO ONE QUESTION:  WHAT

23   HAPPENED ON OCTOBER 22, AND WHAT'S THE EFFECT?  OR

24   OCTOBER 26, 2002.

25       THE COURT:  LET'S JUST ASSUME FOR THE SAKE OF

17

EXHIBIT    1

1  ARGUMENT THAT THIS COURT WAS INCLINED TO ADOPT YOUR

2  CLIENT'S ARGUMENT AND GRANT SUMMARY JUDGMENT.  WOULDN'T

3  YOU LIKE TO HAVE IN THE RECORD BEFORE THE NINTH CIRCUIT

4  OF THE SUPREME COURT WHETHER THERE WAS A MATERIAL ISSUE

5  OF FACT?  WOULDN'T YOU LIKE TO HAVE IT IN THE RECORD?

6      MR. FENNELL:  I THINK IT'S COMPLICATED.  THE LEGAL

7  QUESTION, YOUR HONOR --

8      THE COURT:  I'M ASSUMING THE FACT THAT I WOULD NOT

9  FIND THE NOTICE THAT MR. WINFREE'S CLIENT THINKS HE GAVE

10 ORALLY AT THAT TIME.

11     MR. FENNELL:  THAT'S CORRECT, YOUR HONOR.  YOU

12 WOULDN'T FIND THAT.

13     THE COURT:  SO TO ANSWER YOUR QUESTION, YES, I'D

14 LOVE TO HAVE IT ON THE RECORD.

15     MR. FENNELL:  OKAY.  DOES THE COURT WANT US TO --

16     THE COURT:  IS THERE ANY OBJECTION TO THAT?

17     MR. WINFREE:  I DO NOT HAVE AN OBJECTION TO HAVING

18 THAT ON THE RECORD.  I WOULD CERTAINLY LIKE TO SEE THAT

19 TRANSCRIPT MYSELF.

20     THE COURT:  I THINK THAT WOULD BE A BENEFIT IF MR.

21 WINFREE DID GET THE BENEFIT OF IT.  HOW MANY PAGES?

22     MR. FENNELL:  25 TO 30, MAYBE, YOUR HONOR.  IT WAS

23 FAIRLY LENGTHY.

24         IT'S -- YOUR HONOR, IT NOT CONCLUSIVE WHAT

25 HAPPENED.  AND, AGAIN, AS AN OFFER OF PROOF, I'D MAKE A

18

1   DECLARATION TO THIS EFFECT AND ASK MR. KENNEDY TO DO THE

2   SAME OR HAVE MR. KENNEDY DO THE SAME.  THE TAPE IS CUT

3   OFF.   THERE'S A DISCUSSION OF TRANSFERS OF REAL

4   PROPERTY.  AND THE END OF THE HEARING IS NOT THERE.

5   WHETHER OR NOT IT WAS FLIPPING THE TAPE OVER AND THAT

6   DIDN'T OCCUR, OR SOMEBODY -- THE RECORDER TURNED ITSELF

7   OFF OR SOMETHING LIKE THAT, BUT IT'S NOT -- THERE'S NO

8   RECORD OF THE DISCUSSION ABOUT THIS PROPERTY ON THE 341

9   RECORD.  AND IT'S NOT GOING TO BE CONCLUSIVE ONE WAY OR

10  THE OTHER.

11       THE COURT:  I SEE.  I APPRECIATE THAT.

12          ANYTHING ELSE?

13      MR. FENNELL:  NO, YOUR HONOR.  I THINK -- I GUESS --

14  I THINK THE MOTION FOR SUMMARY JUDGMENT CAN BE GRANTED.

15  THEY'VE ADMITTED THEY TRANSFERRED THE PROPERTY ON THE

16  DATE POST-PETITION.  AND WHETHER OR NOT IT WAS DISCLOSED

17  TO THE TRUSTEE OR NOT DISCLOSED TO THE TRUSTEE ISN'T

18  REALLY THE QUESTION.  THE QUESTION IS WHETHER OR NOT

19  IT'S AN AVOIDABLE POST-PETITION TRANSFER.  LEGAL

20  QUESTION.  THANK YOU.

21       THE COURT:  WELL, I THINK FROM THE COURT'S POINT OF

22  VIEW, THAT WHAT THE DEBTOR AND SPOUSE DID IS A CLEAR

23  EXAMPLE OF SOMEONE DELIBERATELY TRYING TO KEEP INTEREST,

24  POTENTIALLY VALUABLE INTEREST, OUT OF THE HANDS OF THE

25  BANKRUPTCY ESTATE.  AND I THINK THAT ON THIS RECORD, THE

EXHIBIT

19

1  COURT SHOULD GRANT SUMMARY JUDGMENT.  AND THAT GETS BACK

2  TO THE OTHER SIDE OF THE QUESTION, WHICH IS THE

3  CO-OWNERS AND THEIR CONCERNS, WHICH HAVE TO BE

4  ADDRESSED.

5         AND I CANNOT GRANT SUMMARY JUDGMENT OR CONSIDER

6  SUCH A MOTION TODAY, OTHER THAN THAT ONE POINT THAT'S

7  STIPULATED TO.

8         THE PARTIES SHOULD, OBVIOUSLY, SOONER RATHER

9  THAN LATER DISCUSS HOW THE TWO INTERESTS BETWEEN THIS

10 ESTATE AND THEMSELVES CAN BE BEST SERVED TO WHERE SOME

11 CREATIVITY CAN BE USED WHERE POSSIBLY WE CAN AVOID OR AT

12 LEAST MITIGATE SUBSTANTIALLY ANY BURDEN.

13        SO WITH THAT IN MIND, I TAKE IT THIS IS ON FOR

14 A STATUS CONFERENCE HEARING?

15    MR. FENNELL:  YES, YOUR HONOR.

16    THE COURT:  OKAY.

17    MR. FENNELL:  BEFORE WE GET TO THE ISSUE OF THE

18 STATUS CONFERENCE, AND WHERE WE GO FROM HERE, IS THE

19 COURT -- COULD THE COURT RENDER ANY DECISIONS OR ANY

20 RULINGS ON THE EVIDENTIARY OBJECTIONS THE TRUSTEE

21 SUBMITTED BECAUSE WE'RE GOING TO BE MAKING A RECORD.

22 AND WE'LL FIGURE OUT PROCEDURALLY -- I CAN GET THE

23 TRANSCRIPT INTO THE COURT RECORD, THE 341 TRANSCRIPT,

24 BUT IF WE'RE GOING TO BE MAKING A VIVID EVIDENTIARY

25 HEARING RECORD FOR APPEAL, I'D LIKE TO SEE OR AT LEAST

EXHIBIT    1

1 MAKE INQUIRY OF THE COURT TODAY IF IT WOULD RULE ON THE

2 TRUSTEE'S EVIDENTIARY OBJECTIONS TO MR. DAIGLE'S

3 DECLARATION.

4    THE COURT:  I DON'T THINK THAT'S NECESSARY.

5    MR. FENNELL:  OKAY.  WITH REGARD TO THE STATUS

6 CONFERENCE, YOUR HONOR, WHERE WE GO FROM HERE, I HAVEN'T

7 DISCUSSED WITH MS. RILEY WHETHER OR NOT WE SHOULD JUST

8 HAVE SETTLEMENT DISCUSSIONS OR WHETHER OR NOT WE SHOULD

9 GO BACK AND MEDIATE.  I THINK WE CAN PROBABLY DO THE

10 FIRST, IN WHICH CASE PROBABLY PUTTING THIS OUT 60 DAYS

11 FOR A STATUS CONFERENCE IS A GOOD IDEA.  IT WOULD

12 CERTAINLY BE THE TRUSTEE'S GOAL TO SEE IF WE CAN GET IT

13 RESOLVED AND GET A SETTLEMENT AGREEMENT TOGETHER IN THAT

14 PERIOD OF TIME.

15    THE COURT:  HOW LONG HAVE THEY OWNED THIS PROPERTY?

16 DO YOU KNOW?

17    MR. FENNELL:  SINCE 1984, YOUR HONOR.

18    MS. RILEY:  OVER 20 YEARS, YOUR HONOR, THEY'VE OWNED

19 THE PROPERTY.  AND SINCE THEY PURCHASED THE PROPERTY, MY

20 CLIENT HAS BEEN THE ONE THAT'S BEEN MANAGING IT.

21    I DO UNDERSTAND THERE WERE RECENT CONVERSATIONS

22 THAT THE UNITS ARE -- HAVE REALLY NEVER BEEN UPDATED

23 AND/OR REMODELED.  THE KITCHENS ARE AT LEAST 20 TO 25

24 YEARS OLD.  AND IT NEEDS A NEW ROOF.  SO THERE ARE SOME

25 FACTORS NOW THAT WE'RE GETTING INTO.  THE CLIENT HAS

1    BEEN RELUCTANT, REALLY, TO DO A LOT WITH THE PROPERTY.

2    HE'S BEEN INVOLVED WITH THIS LAWSUIT.

3         BUT I WOULD AGREE WITH MR. FENNELL THAT WE

4    WOULD LIKE TO TRY TO RESOLVE THIS.  AS YOU KNOW YOUR

5    HONOR, I HAVE BEEN IN HERE FROM THE OUTSET SAYING THAT

6    THIS SHOULD GET RESOLVED, ESPECIALLY SINCE THERE'S SO

7    LITTLE MONEY INVOLVED ONCE YOU TAKE MY CLIENT'S CLAIM

8    OUT OF IT.  AS FAR AS UNSECUREDS, THIS CASE IS ABOUT

9    ADMINISTRATIVE EXPENSES RIGHT NOW.

10        THE COURT:  THE LIENS ON THE PROPERTY, HAVE THEY

11   BEEN REFINANCED FROM TIME TO TIME?

12        MS. RILEY:  YOUR HONOR, I DON'T KNOW THE STATUS OF

13   THE LIENS ON THE PROPERTY AND WHAT IS AVAILABLE AS WAY

14   OF EQUITY.  I DO BELIEVE, THOUGH, THAT THERE'S ENOUGH

15   EQUITY IN THE PROPERTY POSSIBLY TO SATISFY THE CURRENT

16   CLAIMS OF THIS ESTATE BEING TAKING MY CLIENT'S CLAIM OUT

17   OF IT BUT CASH COMING OUT OF THE PROPERTY.

18        THE COURT:  IN OTHER WORDS, IT MAY BE THAT IN A

19   PERFECT WORLD TO BUY OUT THE ESTATE'S INTEREST IN THE

20   PROPERTY, THE TOTALITY IS ACTUALLY MORE THAN THE ESTATE

21   NEEDS.  IN OTHER WORDS, TO CLOSE WITH ALL THE CLAIMS

22   SATISFIED ADMINISTRATIVELY AND OTHERWISE, ASSUMING, SAY,

23   YOUR CLIENT WAS NO LONGER IN THE MIX -- YOUR CLIENT'S

24   CLAIM WAS NO LONGER IN THE MIX.

25        MS. RILEY:  RIGHT, YOUR HONOR.  AND THAT GETS

EXHIBIT

1   CREDITED AGAINST WHAT THERE SHOULD BE.

2            THE PROBLEM IS THE PROPERTY'S IN NORWICH,

3   CONNECTICUT.  IT'S IN THE AREA OF WHERE THE SENIORS ARE,

4   BUT I'VE ALSO BEEN TOLD THERE'S OVER 200 UNITS ON THE

5   MARKET IN THAT AREA, CONDOS TO THE EXTENT IT'S CONDOS.

6   LIKE EVERYWHERE ELSE, THE REAL ESTATE MARKET IS JUST

7   PLUMMETING.  AND THIS WAS AN ASSET -- ACTUALLY, MY

8   CLIENTS ARE RETIRED.  THIS IS THE ASSET THAT THEY WERE

9   LOOKING TO, TO FUND THEIR RETIREMENT.  MY CLIENT IS NOW

10  TEACHING PART-TIME AT A HIGH SCHOOL POSITION.  AND SO

11  RIGHT NOW, THIS IS DETRIMENTAL TO THEM TO HAVE TO DO

12  ANYTHING WITH THIS PROPERTY.

13      THE COURT:  NOW, ONE OF THE THINGS I HAVE TO NOTE,

14  THOUGH, IS FROM A THEORETICAL POINT OF VIEW.  THE ESTATE

15  HAS TO SEEK THE FULL VALUE OF ITS INTEREST BECAUSE TO

16  THE EXTENT THEY'VE CREATED A SURPLUS ESTATE, THE DEBTOR

17  IS ENTITLED TO CERTAIN RIGHTS HERE.

18      MS. RILEY:  I UNDERSTAND.

19      THE COURT:  SO EVEN THOUGH, AS I INDICATED EARLIER

20  IN MY RULING, THEY CREATED THIS PROBLEM.  THEY SHOULDN'T

21  HAVE.  THAT'S WHERE WE'RE AT.

22           SO I'M GOING TO LOOK FOR A DAY 60 DAYS OUT TO

23  MEET AND --

24      MS. RILEY:  THANK YOU, YOUR HONOR.

25      THE COURT:  -- HOPEFULLY THE PARTIES CAN DO THE BEST

23

EXHIBIT

```
 1    THEY CAN TO RESOLVE THIS.  SO I'LL ASK THE CLERK TO FIND
 2    A DATE 60 DAYS OUT.
 3        MS.PEARSON:  FEBRUARY 22.
 4        MS. RILEY:  YOUR HONOR, I'M ACTUALLY CO-CHAIR OF A
 5    CONFERENCE THAT DAY.  AND IF YOUR HONOR WOULDN'T MIND
 6    SETTING IT ONE WEEK LATER, THAT WOULD BE FINE.
 7        THE COURT:  LET'S SEE WHAT'S AVAILABLE.
 8        MS.PEARSON:  FEBRUARY 28TH AT 10.
 9        THE COURT:  IS THAT CONVENIENT?
10    MR. FENNELL:  THAT WOULD BE FINE.
11        MS. RILEY:  THAT WOULD BE FINE, YOUR HONOR.
12        THE COURT:  VERY WELL.
13          IS THERE ANYTHING ELSE THIS AFTERNOON?
14        MR. FENNELL:  JUST ONE OTHER QUESTION, YOUR HONOR.
15    WOULD THE COURT ENTERTAIN ISSUING SEPARATE FINDINGS OF
16    FACT AND CONCLUSIONS OF LAW ON THE MOTION?  AS I'VE
17    ARGUED, THERE'S ONLY GOING TO BE ONE OR TWO ISSUES OF
18    LAW AS OPPOSED TO JUST A JUDGMENT.
19        THE COURT:  WELL, I TAKE IT, YOU WOULD LIKE TO GET A
20    FINAL ORDER ENTERED ON THE PARTIAL SUMMARY JUDGMENT AS
21    TO ONE SIDE OF THIS.
22        MR. FENNELL:  THAT'S RIGHT, YOUR HONOR.
23        THE COURT:  WELL, YES.  I THINK MR. WINFREE WOULD BE
24    ANXIOUS TO GET A FINAL ORDER HERE.  TO THE EXTENT HIS
25    CLIENT THINKS THE COURT HAS GOT IT WRONG, HE CAN SEEK
```

EXHIBIT 1

1    APPELLATE APPEAL, SO, YES.  WORK IT OUT WITH MR. WINFREE

2    IF YOU CAN.

3        MR. FENNELL:  YOUR HONOR, I DON'T KNOW HOW TO POSE

4    THIS WITHOUT ASKING THE COURT FOR AN ADVISORY OPINION,

5    WHICH IS NOT THE INTENT, BUT I'M NOT INTERESTED IN

6    SETTING UP A SET OF PROCEDURAL CIRCUMSTANCES WHERE WE

7    HAVE GOTTEN THE INTERLOCUTORY ORDER, AND WE'RE NOT GOING

8    TO GET THE FINAL JUDGMENT.  IS THE POST-PETITION

9    TRANSFER JUDGMENT GOING TO BE A FINAL JUDGMENT?

10       THE COURT:  THAT'S MY INTENTION.

11       MR. FENNELL:  THANK YOU.

12       THE COURT:  YES.  SO WORK IT OUT WITH MR. WINFREE.

13   AND THEN WE'LL CONTINUE WITH THE OTHER MATTER UNTIL WE

14   GET THAT RESOLVED.

15           ANYTHING ELSE?

16      MR. WINFREE:  NO.

17      MR. FENNELL:  THAT'S ALL FOR ME.  THANK YOU.

18      MS. RILEY:  HAPPY HOLIDAYS, YOUR HONOR.

19      THE COURT:  THANK YOU.

20          THIS COURT WILL STAND ADJOURNED UNTIL 10

21   O'CLOCK TOMORROW MORNING.

22      MR. FENNELL:  THANK YOU, YOUR HONOR.

23      MS. RILEY:  THANK YOU, YOUR HONOR.

24      MR. WINFREE:  THANK YOU, YOUR HONOR.

25          (PROCEEDINGS CONCLUDED AT 2:36 P.M.)

EXHIBIT    1

1

2    STATE OF CALIFORNIA

3    COUNTY OF SAN DIEGO

4

5    I, COLLETTA BROOKS, HEREBY CERTIFY:

6

7    THAT I REPORTED IN SHORTHAND THE PROCEEDINGS HELD IN THE

8    FOREGOING CAUSE ON THE 19TH DAY OF DECEMBER 2007;

9    THAT MY NOTES WERE LATER TRANSCRIBED INTO TYPEWRITING

10   UNDER MY DIRECTION AND THAT THE FOREGOING 25 PAGES

11   CONTAIN A CORRECT STATEMENT OF THE PROCEEDINGS.

12

13   DATED THIS 9TH DAY OF MARCH, 2008.

14

15

16   _Colletta Brooks_
     _____
17   COLLETTA BROOKS
     CSR NO. 12589

18

19

20

21

22

23

24

25

26

EXHIBIT

# EXHIBIT "J"

CSD 3000A [11/15/04]
Name, Address, Telephone No. & I.D. No.
William P. Fennell, Esq. (#164210)
Tracy L. Schimelfenig, Esq. (#243714)
Law Office of William P. Fennell, APLC
1111 Sixth Avenue, Suite 404
San Diego, CA 92101
Telephone: (619) 325-1560
Facsimile: (619) 325-1558
Attorneys for James L. Kennedy, Chapter 7 Trustee

Order Entered on
January 16, 2008
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

3ED

In Re

ROLAND PAUL DAIGLE (SSN-3341)

Debtor.

BANKRUPTCY NO. 02-10222-M7

JAMES L. KENNEDY, CHAPTER 7 TRUSTEE

Plaintiff(s)

ADVERSARY NO. 06-90433-JM

v. ROLAND PAUL DAIGLE, an individual; AUDREY A. DAIGLE, an individual and as Trustee of REAL ESTATE TRUST; ROBERT M. CARUSO, an individual; and NAYDIA E. CARUSO, an individual;

Defendants(s)

Date of Hearing: December 19, 2007
Time of Hearing: 2:00 p.m.
Name of Judge: James W. Meyers

## ORDER AND JUDGMENT ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __two (2)__ with exhibits, if any, for a total of __2__ pages, is granted. Notice of Lodgment Docket Entry No. __46__

//

//

//

//

DATED: January 16, 2008

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

LAW OFFICE OF WILLIAM P. FENNELL, APLC

By: /s/William P. Fennell
     Attorneys for James L. Kennedy, Chapter 7 Trustee

CSD 3000A

EXHIBIT    J

CSD 3000A [11/15/04](Page 2)
ORDER AND JUDGMENT ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT
DEBTOR:  ROLAND PAUL DAIGLE

CASE NO.: 02-10222-M7
ADV. NO.: 06-90433-JM

The Motion for Summary Judgment filed by James L. Kennedy Chapter 7 Trustee and Plaintiff ("Trustee") in the above-encaptioned hearing came on for regular hearing on December 19, 2007 at 2:00 p.m. before the Honorable James W. Meyers, Bankruptcy Judge presiding, appearance were made by Daniel Winfree, Esq. on behalf of Defendants, Roland Paul Daigle, an individual; Audrey A. Daigle, an individual and as Trustee of Real Estate Trust (collectively the "Daigles"), Debra Riley, Esq. of Allen Matkins, et al. on behalf of Robert M. Caruso, and Naydia E. Caruso (collectively the "Carusos"), and William P. Fennell, Esq. of the Law Office of William P. Fennell, APLC on behalf of the Trustee, there were no other appearances.  The court having considered the Trustee's motion and the written and oral opposition thereto and good cause appearing thereon,

IT IS HEREBY ORDERED THAT:

1) The Trustee's Motion for Summary Judgment is granted against the Daigles and in favor of Trustee;

2) The Quitclaim Deed, Instrument No. 2002007100, recorded October 22, 2002 with the Norwich Town Clerk is void and of no force or affect, pursuant to 11 U.S.C. § 549;

3) The Daigles' 50% interest in the real property located at 531-545 Boswell Avenue, Norwich, New London County, Connecticut, more fully described in the legal description attached hereto and incorporated herein as Exhibit "A" and all improvements thereon, including but not limited to the 8 unit apartment/condominium complex, (collectively herein the "Real Property") shall hereinafter be vested with the Trustee as is property of the above encaptioned bankruptcy estate; and

4) Trustee's Motion for Summary Judgment is denied as against the Carusos.

CSD 3000A                    J

*Signed by Judge James W. Meyers January 16,2008*

Units 1 through 8 inclusive together with their appurtenant interest
in the common elements of The Reynolds, A Condominium, situated in
the Town of Norwich, County of New London, and State of Connecticut,
which Units and their appurtenant interest in the common elements are
more particularly described in a certain Declaration of Condominium
by J & S Realty, dated February 11, 1981, and recorded in the Norwich
Land Records, at Volume 550, Page 158.

The property on which said Units are located is more particularly bounded
and described in a map or plan entitled, "The REYNOLDS, A Condominium
Boswell Avenue Norwich, Conn ARCHITECT A. MASTRONUNZIO GLASCOW CONN
DATE 2-28-75" filed with said Declaration of Condominium, which map
or plan is on file with the Town Clerk of the Town of Norwich, to which
reference may be had.

Being the same premises as described at Volume 429, Page 243 of the Norwich
Land Records, as follows:

A certain tract or parcel of land, situated in the said Town of Norwich, known
and numbered as 535 Boswell Avenue, bounded and described as follows:

        NORTHERLY:  By 14th Street;
        SOUTHERLY:  By 13th Street;
        EASTERLY :  By land now or formerly of Patrick J.
                    Sullivan and Pauline Robillard; and
        WESTERLY :  By Boswell Avenue.

Subject to taxes to the Town of Norwich now due or to become due which the
Grantees herein assume and agree to pay.



EXHIBIT        J        *Exhibit "A"* Signed by Judge James W. Meyers January 16,2008

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am a citizen of the United States, over the age of 18 years and not a party to the within action.

On the date of execution below, I served the following document:

**APPELLEE'S BRIEF**

on the addressees listed below by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at San Diego, California, addressed as follows:

Daniel J. Winfree, Esq.
1010 Second Avenue, Suite 1015
San Diego, CA 92101

Debra A. Riley, Eq.
Allen Matkins Leck Gamble & Mallory LLP
501 W. Broadway, 15th Floor
San Diego, CA 92101

I hereby certify that I am employed in the office of a member of the Bar of the Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 12, 2008, at San Diego, California.

/s/Luralene L. Schultz
LURALENE L. SCHULTZ

20080512 Daigle Final Appeal Brief.wpd