DANIEL J. WINFREE
Attorney at Law #98890
1010 Second Ave., Ste. 1015
San Diego, CA 92101
Phn: (619) 235-6060
Fax: (619) 234-8620

Attorney for Appellants, Roland Paul Daigle and Audrey Daigle

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 08CV0256-LAB (AJB) |
| ROLAND PAUL DAIGLE, | Bankruptcy No. 02-10222-M7 |
| Debtor. | **REPLY TO OPPOSITION** |
| ROLAND PAUL DAIGLE, AUDREY DAIGLE | |
| Appellants, | Time:  11:30 a.m. |
| vs. | Date:  June 30, 2008 |
| JAMES KENNEDY, | Room:  9 |
| Appellee. | |

## **INTRODUCTION**

This reply acknowledges the well positioned and well organized opposition filed in response to Appellant's position brief. It has been presented in such a way that there is no mystery as to the issue that is before this court "De Novo." As such this reply addresses the primary areas of disagreement between the parties without the corresponding need to further develop the legal issues associated with those positions.

## **THE ISSUE OF THE TRANSFER OF INTEREST**

Very clearly a crucial issue, and one on which the parties disagree is when did the transfer of the debtor's interest in the real property occur. Appellants contend that the transfer of property occurred

approximately seventeen months prior to the filing of the bankruptcy petition. Plaintiffs contend two things:

1.) That there was a signing and notarizing of a deed that occurred four days before the filing of a bankruptcy and 2.) a recording of that deed approximately four days after the filing of the bankruptcy. Plaintiffs have not rested on either of those dates as the date of conveyance as their statement of undisputed facts for the Summary Judgment Motion contends that the transfer occurred on October 14, and that it subsequently occurred on October 22. Clearly in order to sustain the legal ruling of avoidance pursuant to §549 of the code, Plaintiffs are maintaining that the date of recording of the document is the date of the transferring of the interest. California Law does not support them.

Plaintiffs have single mindedly maintained that the case of *In Re Brooks-Hamilton* 348 BR 512 (Northern District of California 2006) supports their position whereas Defendants-Appellants maintain that the *Brooks-Hamilton* case does not support the Plaintiffs position. Both parties briefed the case with some emphasis in the opening brief and the opposition to the opening brief. Further briefing will not occur within this document, however, the proposition that is being maintained by Plaintiff (and is necessary to support a §549 basis for decision) is that the transfer of the property would have occurred on October 22. Not only does *Brooks-Hamilton* not support that proposition, because the case is distinguishable, but the position Plaintiff maintains that *Brooks- Hamilton* stands for (that a transfer occurs by the recording of the deed) is contrary to California Law clarified by *Lawler v. Gleason* 130 Cal. App. 2nd 390, 395 (1955) and acknowledged as the law in California by a Central District of California District Court in *Haye v. United States* 461 F. Supp. 1168, 1172 (1978). Those Courts agree that the recordation of a device is exclusively used to establish priority, <u>but has nothing at all to do with the conveying of title.</u> *Hamilton-Brooks* could not overrule this in spite of Plaintiff's insistence that that's seemingly what has occurred.

The Issue Still Remains In Dispute.

## **THE STATUTE OF LIMITATIONS ISSUE**

Plaintiff asserts that the decision of the bankruptcy court decided that the statute of limitation set within § 549 was equitably tolled. That is an inference at best. It is the position of Appellants that the Court never even addressed the issue and that it was deciding the matter exclusively on the credibility of

the party, and in doing so was finding that the party, Appellant was acting in an inappropriate manner towards the administration of his bankruptcy case and therefore did not deserve to have his position considered. Appellants maintain this issue was not properly dealt with because under the structure of the Bankruptcy Code the transfer of a property which would have occurred seventeen months prior to the time that the bankruptcy is filed is not a transfer that is required to be reported on the bankruptcy schedules of a petitioner and therefore the failure to mention them on the returns does nothing more that complies with the law. 11 USC §549 has a very clear limiting provision, which should be, until disproven, the controlling identification of the timeliness of the action. If there was to be a finding of equitable tolling, certainly a finding of fact would be required upon that basis. However the Courts rationale, as cited in the opening brief, is a rationale of credibility.

## **THE FINDING ON THE RECORD?**

Plaintiff's contention is that it was the record before the bankruptcy court that actually caused it to make its decision. Plaintiff then seemingly parses the record for a series of facts (??) which they assert supports the judgment. However the facts they present are just a reiteration of the facts that they previously asserted on other propositions. The statement of facts presented by Plaintiff are distinguishable from the statement of facts presented by defendant, especially on the critical issue of when the conveyance of the property actually occurred (which has a corresponding effect upon the requirement of the debtor to report the transfer on their bankruptcy schedules, which has a corresponding effect upon the statute on limitations contained in Section 549.) Appellant maintains that there isn't any other way for the Court to have come to the conclusion that it did other than by disbelieving the statement of facts presented by defendant[1]. The essential facts because of Plaintiffs insistence, appear to still remain in dispute.

## **CONCLUSION**

This case has been decided by a Bankruptcy Court in a Summary Judgment Motion. The logical and real affect of the decision of the bankruptcy court is to tell defendant what he did at what point and with what frame of mind. Defendant contends that those events did not happen in the way that Plaintiff

---

[1] The documentary evidence presented in the case also supports defendant. In fact the documentary evidence is itself militant against the speculations of Plaintiff as to the time of transfer.

asserts. And, Defendant in spite of living those facts, and in spite of acting with deliberate decision making processes, has been told that that is not the way it happened: "This is what you did and this is what you thought". The court has concluded this without ever having met or talked with defendant. Certainly defendants are entitled to a bit more dignity than that which has been given them to this point.

Dated:    June 9, 2008

                                          __/s/Daniel J. Winfree__
                                             Daniel J. Winfree
                                            Attorney for Appellants

| | |
|---|---|
| DANIEL J. WINFREE, SBN: 98890<br>1010 Second Avenue, Suite 1010<br>San Diego, CA  92101<br>Telephone (619) 235-6060<br>Facsimile (619) 234-8620 | Case No.: 08CV0256-LAB (AJB) |

## **PROOF OF SERVICE**

I AM A CITIZEN OF THE United States. My business address for this proof of service is 1010 Second Avenue, Suite 1015, San Diego, California 92101. I work in the county of San Diego where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with the normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served the forgoing document(s) described as:

**REPLY TO OPPOSITION**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or stated on the attached service list, on this date before 5:00 p.m.

☒ (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at San Diego, California.

☐ (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ (BY FEDEX-NEXT DAY DELIVERY)  requested at San Diego, California addressed to

| | |
|---|---|
| William P. Fennell<br>1111 Sixth Avenue, Suite 404<br>San Diego, CA 92101 | Debra A. Riley<br>501 West Broadway, 15th Floor<br>San Diego, CA 92101 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 9, 2008 in San Diego, California.

                                                  /s/ Daniel J. Winfree<br>
                                                  Daniel J. Winfree

1